Christopher R. Dryden, Esq. (SBN 234476)
R. Michael Ghilezan, Esq. (SBN 282340)
Joshua Herndon, Esq. (SBN244106)
**GLOBAL LEGAL LAW FIRM**
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
Tel.:    (888) 846-8901
Fax:    (888) 846-8902
Email: mghilezan@attorneygl.com

Attorneys for Creditors WILLIAM HARTER,
MONICA HARTER, and HELP THE ONE, INC.

GLOBAL LEGAL LAW FIRM
380 STEVENS AVENUE, SUITE 311
SOLANA BEACH, CALIFORNIA 92075
(888) 846-8901

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re | ) Case No. 8:19-bk-12516-TA |
| ULTIMATE BRANDS, INC., | ) Chapter 7 |
| Debtor. | ) **DECLARATION OF JOSHUA J. HERNDON IN SUPPORT OF AMENDED CREDITORS' MOTION REQUESTING IMPOSITION OF MONETARY SANCTIONS PURSUANT TO FRBP 9011** |
| | ) Date: February 11, 2020 |
| | ) Time: 11:00 a.m. |
| | ) Courtroom: 5B |
| | ) Address: 411 w. Fourth Street |
| | )            Santa Ana, CA 92701 |

I, Joshua J. Herndon, declare:

1.    I am an attorney with Global Legal Law Firm, which is counsel of record for William Harter, Monica Harter, and Help the One, Inc., creditors in the above-captioned Chapter 7 case. I have first-hand and personal knowledge of the matters stated in this declaration, and if called as a witness, I could and would testify thereto competently under oath.

2.    On November 13, 2019, Mr. Tinho Mang, counsel for the Mr. Richard A. Marshack, in his capacity as Chapter 7 Trustee (hereinafter, the "Trustee") of the

DECLARATION OF JOSHUA J. HERNDON IN SUPPORT OF CREDITORS' MOTION REQUESTING
IMPOSITION OF MONETARY SANCTIONS PURSUANT TO FRBP 9011

GLOBAL LEGAL LAW FIRM
380 STEVENS AVENUE, SUITE 311
SOLANA BEACH, CALIFORNIA 92075
(888) 846-8901

Bankruptcy Estate (the "Estate") of Ultimate Brands Inc. (hereinafter, the "Debtor"), sent an email to which he attached the version of the order granting the Cash Collateral Agreement (the "Proposed Order") that would eventually become the Lodged Order. In his November 13, 2019 email, Mr. Mang asked the recipients of the email to respond whether the form of order is approved by 3:00 pm on Friday, November 15, 2019, and provided instructions if the form of order was approved. A true and correct copy of Mr. Mang's November 13, 2019 email is included in the email chain that is attached to Creditors' Objection to Proposed Order Granting Motion to Approve Cash Collateral Agreement, Compromise, and Post-Petition Financing Lodged by Trustee (the "Objection") as Exhibit 1. A true and correct copy of the Proposed Order, which was attached to Mr. Mang's November 13, 2019 email above, is attached to the Objection as Exhibit 2.

3.    At 2:45 pm on Friday, November 15, 2019 (prior to Mr. Mang's 3:00 pm deadline), I sent Mr. Mang an email wherein I stated in relevant part:

"Attached hereto are two versions of the proposed form of order granting the trustee's motion for use of cash collateral with 660 BVD you attached to your email below (the "Order"). One version has my proposed redlined revisions to the Order, and the other version incorporates the redlined revisions. You will see that some extensive formatting-related work will be needed in order to finalize the Order."

One of the attachments to the above November 15, 2019 email from me included proposed redlined revisions to the Proposed Order, and the other attachment incorporated those redlined revisions (collectively, the "Proposed Revised Orders"). A true and correct copy of my 2:45 pm November 15, 2019 email above is included in the email chain that is attached to the Objection as Exhibit 1. A true and correct copy of the Proposed Revised Orders, which were attached to my 2:45 pm November 15, 2019 email above, is attached to the Objection as Exhibit 3.

4.    In response to my 2:45 pm November 15, 2019 email above, Mr. Mang sent an email at 2:48 pm on November 15, 2019 wherein he stated: "We'll need approval from the secured lender for the proposed revisions to the cash collateral

GLOBAL LEGAL LAW FIRM
380 STEVENS AVENUE, SUITE 311
SOLANA BEACH, CALIFORNIA 92075
(888) 846-8901

order. Keith, what do you think about the proposed revisions?" A true and correct copy of Mr. Mang's 2:48 pm November 15, 2019 email above is included in the email chain that is attached to the Objection as Exhibit 1.

5.     At 2:53 pm on November 15, 2019, I responded to Mr. Mang's 2:48 pm November 15, 2019 email above by stating: "Thank you for the update. However, with all due respect, my proposed revisions to the cash collateral order correctly reflect the findings the Court made at the November 5, 2019 hearing. That will be true regardless of whomever approves or disapproves of them." A true and correct copy of my 2:53 pm November 15, 2019 email above is included in the email chain that is attached to the Objection as Exhibit 1.

6.     At 3:08 pm on November 15, 2019, Mr. Mang responded to my 2:53 pm November 15, 2019 email above by stating in relevant part:

> "I do understand your position, and I understand the court's tentative ruling. However, the cash collateral agreement was between Mr. Banner's client and the trustee, and the form of cash collateral order should be approved by the secured lender prior to lodgment of the order, because it is ultimately the secured lender here who is modifying their rights. This order approval procedure is intended to make the order lodgment process more efficient, but if there is going to be a blow-by-blow objection to every modification, we do have the option of lodging an order subject to a filed objection, to be adjudicated by the court. *Cf.* LBR 9021-1."

A true and correct copy of Mr. Mang's 3:08 pm November 15, 2019 email above is included in the email chain that is attached to the Objection as Exhibit 1.

7.     At 3:31 pm on November 15, 2019, Mr. Banner responded to Mr. Mang's 3:08 pm November 15, 2019 email above by stating: "We do not agree with the proposed revisions and ask that you lodge the prior version of the order. The respective creditors are free to seek entry of an alternative order as provided under the local rules." A true and correct copy of Mr. Banner's 3:31 pm November 15, 2019 email above is included in the email chain that is attached to the Objection as Exhibit 1.

DECLARATION OF JOSHUA J. HERNDON IN SUPPORT OF CREDITORS' MOTION REQUESTING
IMPOSITION OF MONETARY SANCTIONS PURSUANT TO FRBP 9011

8.      At 3:37 pm on November 15, 2019, I responded to Mr. Banner's 3:31 pm November 15, 2019 email above by stressing to Mr. Mang: "It would be improper for the Trustee to lodge the prior version of the order. The prior version of the order simply does not include all the findings that the Court made when it granted the motion. I can vouch for that personally since I was present at the hearing." Due to the fact that it was getting late on a Friday afternoon, I proposed in that November 15, 2019 email that Mr. Mang not lodge any version of the order at that time, and instead that the meet and confer process continue to at least the following Monday, November 18, 2019. A true and correct copy of my 3:37 pm November 15, 2019 email above is included in the email chain that is attached to the Objection as Exhibit 1.

9.      At 3:46 pm, Mr. Mang responded to my 3:37 pm November 15, 2019 email above by asking me if he would be willing to revise the Proposed Revised Orders to see if there is a version that BVD would agree to. In that November 15, 2019 email, Mr. Mang also stated in relevant part: "I understand that Judge Albert may have said a number of things at the hearing, but whether or not those findings are necessary to include in the cash collateral order, that may be a decision that the court has to make if we cannot come to a consensus as to what should go in the order." A true and correct copy of Mr. Mang's 3:46 pm November 15, 2019 email above is included in the email chain that is attached to the Objection as Exhibit 1.

10.     At 3:51 pm on November 15, 2019, I responded to Mr. Mang's 3:46 pm November 15, 2019 email above and informed him that he would begin thinking of how he might be able to make further revisions to the Proposed Revised Orders, and that he would follow up with him the following Monday on November 18, 2019. A true and correct copy of my 3:51 pm November 15, 2019 email above is included in the email chain that is attached to the Objection as Exhibit 1.

11.     At 4:00 pm on Monday, November 18, 2019, Mr. Mang sent me an email asking whether he had any proposed revisions to the Proposed Revised Orders. In that November 18, 2019 email, Mr. Mang also stated: "If we can't come to an agreement,

GLOBAL LEGAL LAW FIRM
380 STEVENS AVENUE, SUITE 311
SOLANA BEACH, CALIFORNIA 92075
(888) 846-8901

4

1 we need to lodge an order ASAP with the notice of lodgment so the disagreements

2 can be resolved." A true and correct copy of Mr. Mang's 4:00 pm November 18, 2019

3 email above is included in the email chain that is attached to the Objection as Exhibit

4 1.

5        12.    Mr. Mang's November 18, 2019 email above failed to mention that the

6 Trustee had ordered a copy of the transcript of the November 5, 2019 hearing.

7 Therefore, at 4:05 pm, Mr. Eric A. Mitnick, counsel for Creditors Michael John

8 Patterson and Wheatstrong Enterprises, responded to Mr. Mang's 4:00 pm November

9 18, 2019 email above by asking: "I believe you ordered a transcript from the

10 hearing.  Shouldn't you wait to submit your proposed order until you have received,

11 and distributed, the transcript?" A true and correct copy of Mr. Mitnick's 4:05 pm

12 November 18, 2019 email above is included in the email chain that is attached to the

13 Objection as Exhibit 1.

14        13.    At 4:19 pm on November 18, 2019, I responded to Mr. Mang's 4:00 pm

15 November 18, 2019 email above, and Mr., Mitnick's November 15, 2019 4:05 pm

16 email above, by stating in relevant part:

17     "After further consideration, I believe my revised order correctly refers
to all the findings the court made at the November 5, 2019 hearing. As
18 such, I do not believe it is necessary or appropriate to make any further
revisions. As for Mr. Mitnick's email immediately below, I agree that it
19 is appropriate that you wait to submit your proposed order until you have
received, and distributed, the transcript. I think that is the best choice
20 under the circumstances because the subject matter of the transcript will
inform the Trustee as to what should be included in the order he lodges
21 with the Court."

22 A true and correct copy of my 4:19 pm November 18, 2019 email above is included

23 in the email chain that is attached to the Objection as Exhibit 1.

24        14.    At 4:22 pm on November 18, 2019, Mr. Mang sent me an email

25 informing him that he would get back to me the following day on how he would

26 proceed. A true and correct copy of Mr. Mang's 4:22 pm November 18, 2019 email

27 above is included in the email chain that is attached to the Objection as Exhibit 1.

28

GLOBAL LEGAL LAW FIRM
380 STEVENS AVENUE, SUITE 311
SOLANA BEACH, CALIFORNIA 92075
(888) 846-8901

5

DECLARATION OF JOSHUA J. HERNDON IN SUPPORT OF CREDITORS' MOTION REQUESTING
IMPOSITION OF MONETARY SANCTIONS PURSUANT TO FRBP 9011

GLOBAL LEGAL LAW FIRM
380 STEVENS AVENUE, SUITE 311
SOLANA BEACH, CALIFORNIA 92075
(888) 846-8901

15.    At 10:19 am on November 19, 2019, Mr. Mang sent an stating in relevant part: "We will be lodging the originally-circulated order (reattached here for your reference) with a notice of lodgment today." Mr. Mang's 10:19 am November 19, 2019 email also indicated that "Mr. Banner's client has approved" the Proposed Order. A true and correct copy of Mr. Mang's 10:19 am November 19, 2019 email above is included in the email chain that is attached to the Objection as Exhibit 1.

16.    At 10:26 am on November 19, 2019, Mr, Mitnick responded to Mr. Mang's 10:26 am November 19, 2019 email above by asking: "Will you be circulating the transcript of the hearing that you ordered?" In response thereto, Mr. Mang sent an email at 10:38 am on November 19, 2019 wherein he stated: "Haven't received a transcript yet." True and correct copies of Mr. Mitnick's 10:26 am November 19, 2019 email above, and Mr. Mang's 10:38 am November 19, 2019 email, are included in the email chain that is attached to the Objection as Exhibit 1.

17.    Attached to the Objection as Exhibit 4 is a true and correct copy of the Order Granting Motion to Approve Cash Collateral Agreement, Compromise, and Post-Petition Financing, which Mr. Richard A. Marshack, in his capacity as Chapter 7 Trustee (hereinafter, the "Trustee") of the Bankruptcy Estate (the "Estate") of Ultimate Brands Inc. (hereinafter, the "Debtor"), lodged with the Court on November 19, 2019 (the "Lodged Order") (Doc 236).

18.    Attached to the Objection as Exhibit 5 is a true and correct copy of the Order Granting Motion to Approve Cash Collateral Agreement, Compromise, and Post-Petition Financing, which is submitted by Creditors (the "Creditors' Proposed Order").

19.    Attached to the Objection as Exhibit 6 is a true and correct copy of the transcript of the November 5, 2019 hearing with respect to Motion to Approve Cash Collateral Agreement, Compromise, and Post-Petition Financing (the "Cash Collateral Agreement Motion") (Doc 173).

20.    Global Legal Law Firm has an hourly rate of $250.00 for services rendered by associate attorneys in regards to this matter.

21.    I personally spent approximately 25.2 hours completing work related to this motion, including:

a.    Review Proposed Order;

b.    Review, and draft response to, numerous items of email correspondence from Mr. Mang, Mr. Banner, and Mr. Mitnick related to the Proposed Order and the Proposed Revised Orders as set forth above in Exhibit 1;

c.    Review applicable local rules to ascertain information related to filing and serving Creditors' Objection to Proposed Order Granting Motion to Approve Cash Collateral Agreement, Compromise, and Post-Petition Financing Lodged by Trustee, as well as the papers and exhibits in support thereof (the "Creditors' Opposition") (Docs 243, 244, and 245), and the instant motion;

d.    Draft all aspects of the moving papers in support of the Creditors' Opposition;

e.    Draft all aspects of the moving papers in support of the instant motion;

f.    Participation in multiple meetings with colleagues to discuss issues and arguments to raise in the Creditors' Opposition, and in the instant motion;

g.    Review file to ascertain exhibits in support of the Creditors' Opposition and the instant motion;

h.    Draft multiple items of email correspondence to Mr. Mang requesting information related to the Transcript;

i.    Draft written correspondence to Mr. Mang and Mr. Banner informing them of actions required to be undertaken during the safe harbor period related to the instant motion.

j.    Review Reply to Opposition to Notice of Lodgment of Order field by Trustee (Doc 250) to ascertain information for the instant motion; and

GLOBAL LEGAL LAW FIRM
380 STEVENS AVENUE, SUITE 311
SOLANA BEACH, CALIFORNIA 92075
(888) 846-8901

7

k.      Review Secured Creditor 660 BVD, LLC's: (1) Response to Creditor's Objection to Proposed Order Granting Motion to Approve Cash Collateral Agreement, Compromise, and Post-Petition Financing Lodged by Trustee; and (2) Objection to Improper Request for Sanctions Under Bankruptcy Rule 9011 (Doc 252) to ascertain information for the instant motion.

22.    Based on the above, the aggregate cost to prepare the instant motion totals $6,300.00.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 21ST day of January 2020, at Solana Beach, California.

Dated:  January 21, 2020          **GLOBAL LEGAL LAW FIRM**

By: _____

Joshua J. Herndon, Esq.

GLOBAL LEGAL LAW FIRM
380 STEVENS AVENUE, SUITE 311
SOLANA BEACH, CALIFORNIA 92075
(888) 846-8901

DECLARATION OF JOSHUA J. HERNDON IN SUPPORT OF CREDITORS' MOTION REQUESTING IMPOSITION OF MONETARY SANCTIONS PURSUANT TO FRBP 9011

# EXHIBIT 1

# EXHIBIT 1

**From:** Tinho Mang <tmang@marshackhays.com>
**Sent:** Tuesday, November 19, 2019 10:38 AM
**To:** Eric Mitnick <mitnicklaw@gmail.com>
**Cc:** Josh Herndon <jherndon@attorneygl.com>; Banner, Keith <kbanner@greenbergglusker.com>; Jeremy H. Rothstein <jrothstein@gblawllp.com>; roksana@rhmfirm.com; Ed Hays <EHays@MarshackHays.com>; David Wood <DWood@marshackhays.com>; Laila Masud <LMasud@marshackhays.com>; Cynthia Bastida <CBastida@MarshackHays.com>; Layla Buchanan <LBuchanan@marshackhays.com>; Douglas M. Neistat <dneistat@gblawllp.com>; M. Jonathan Hayes <jhayes@rhmfirm.com>
**Subject:** RE: Ultimate Brands - Proposed Order re: Cash Collateral

Haven't received a transcript yet.

TInho

**From:** Eric Mitnick <mitnicklaw@gmail.com>
**Sent:** Tuesday, November 19, 2019 10:26 AM
**To:** Tinho Mang <tmang@marshackhays.com>
**Cc:** Josh Herndon <jherndon@attorneygl.com>; Banner, Keith <kbanner@greenbergglusker.com>; Jeremy H. Rothstein <jrothstein@gblawllp.com>; roksana@rhmfirm.com; Ed Hays <EHays@MarshackHays.com>; David Wood <DWood@marshackhays.com>; Laila Masud <LMasud@marshackhays.com>; Cynthia Bastida <CBastida@MarshackHays.com>; Layla Buchanan <LBuchanan@marshackhays.com>; Douglas M. Neistat <dneistat@gblawllp.com>; M. Jonathan Hayes <jhayes@rhmfirm.com>
**Subject:** Re: Ultimate Brands - Proposed Order re: Cash Collateral

Will you be circulating the transcript of the hearing that you ordered?

On Tue, Nov 19, 2019 at 10:19 AM Tinho Mang <tmang@marshackhays.com> wrote:

All:

We will be lodging the originally-circulated order (reattached here for your reference) with a notice of lodgment today. Mr. Banner's client has approved, but for each other signature line, I will leave blank unless told otherwise.

Tinho

**From:** Josh Herndon <jherndon@attorneygl.com>
**Sent:** Monday, November 18, 2019 4:24 PM
**To:** Tinho Mang <tmang@marshackhays.com>; Eric Mitnick <mitnicklaw@gmail.com>
**Cc:** Banner, Keith <kbanner@greenbergglusker.com>; Jeremy H. Rothstein <jrothstein@gblawllp.com>; roksana@rhmfirm.com; Ed Hays <EHays@MarshackHays.com>; David Wood <DWood@marshackhays.com>; Laila Masud <LMasud@marshackhays.com>; Cynthia Bastida <CBastida@MarshackHays.com>; Layla Buchanan <LBuchanan@marshackhays.com>; Douglas M. Neistat <dneistat@gblawllp.com>; M. Jonathan Hayes <jhayes@rhmfirm.com>
**Subject:** RE: Ultimate Brands - Proposed Order re: Cash Collateral

Thank you Tinho. I appreciate that.

---

**From:** Tinho Mang <tmang@marshackhays.com>
**Sent:** Monday, November 18, 2019 4:22 PM
**To:** Josh Herndon <jherndon@attorneygl.com>; Eric Mitnick <mitnicklaw@gmail.com>
**Cc:** Banner, Keith <kbanner@greenbergglusker.com>; Jeremy H. Rothstein <jrothstein@gblawllp.com>;
roksana@rhmfirm.com; Ed Hays <EHays@MarshackHays.com>; David Wood <DWood@marshackhays.com>; Laila
Masud <LMasud@marshackhays.com>; Cynthia Bastida <CBastida@MarshackHays.com>; Layla Buchanan
<LBuchanan@marshackhays.com>; Douglas M. Neistat <dneistat@gblawllp.com>; M. Jonathan Hayes
<jhayes@rhmfirm.com>
**Subject:** RE: Ultimate Brands - Proposed Order re: Cash Collateral

Thanks Josh.

I'll get back to you tomorrow on how we're going to proceed.

Tinho

---

**From:** Josh Herndon <jherndon@attorneygl.com>
**Sent:** Monday, November 18, 2019 4:19 PM
**To:** Eric Mitnick <mitnicklaw@gmail.com>; Tinho Mang <tmang@marshackhays.com>
**Cc:** Banner, Keith <kbanner@greenbergglusker.com>; Jeremy H. Rothstein <jrothstein@gblawllp.com>;
roksana@rhmfirm.com; Ed Hays <EHays@MarshackHays.com>; David Wood <DWood@marshackhays.com>; Laila
Masud <LMasud@marshackhays.com>; Cynthia Bastida <CBastida@MarshackHays.com>; Layla Buchanan
<LBuchanan@marshackhays.com>; Douglas M. Neistat <dneistat@gblawllp.com>; M. Jonathan Hayes
<jhayes@rhmfirm.com>
**Subject:** RE: Ultimate Brands - Proposed Order re: Cash Collateral

Hello Tinho –

Thank you for your email, and for giving me the weekend to consider any potential further revisions to my revised
order. I really appreciate that.

After further consideration, I believe my revised order correctly refers to all the findings the court made at the
November 5, 2019 hearing. As such, I do not believe it is necessary or appropriate to make any further revisions.

As for Mr. Mitnick's email immediately below, I agree that it is appropriate that you wait to submit your proposed
order until you have received, and distributed, the transcript. I think that is the best choice under the circumstances
because the subject matter of the transcript will inform the Trustee as to what should be included in the order he
lodges with the Court.

Notwithstanding the above, please provide notice ASAP if you decide to lodge the version of the proposed order you
circulated back on November 13, 2019. If you decide to do so, my clients will exercise their rights under LBR 9021-1. As
such, it is essential that the Trustee provide notice so that my clients can exercise their rights under LBR 9021-1 in a
timely manner.

Please let me know if you need anything else from me.

Josh

**Joshua J. Herndon**

**Global Legal Law Firm**

380 Stevens Avenue, Suite 311

Solana Beach, CA 92075

Main Line: 888-846-8901

Direct Line: 858-256-7435

Jherndon@attorneygl.com

THIS MESSAGE IS CONFIDENTIAL.  This e-mail message, and any attachments, contains information and potential legal advice that is privileged, proprietary, and confidential information intended only for the use of the recipient(s).  If you are not the intended recipient, you may not print, distribute, or copy this message or any attachments.  State regulations prohibit such unauthorized use.  If you have received this communication in error, please notify the sender via reply e-mail and delete.

**From:** Eric Mitnick <mitnicklaw@gmail.com>
**Sent:** Monday, November 18, 2019 4:05 PM
**To:** Tinho Mang <tmang@marshackhays.com>
**Cc:** Josh Herndon <jherndon@attorneygl.com>; Banner, Keith <kbanner@greenbergglusker.com>; Jeremy H. Rothstein <jrothstein@gblawllp.com>; roksana <roksana@rhmfirm.com>; Ed Hays <EHays@marshackhays.com>; David Wood <DWood@marshackhays.com>; Laila Masud <LMasud@marshackhays.com>; Cynthia Bastida <CBastida@marshackhays.com>; Layla Buchanan <LBuchanan@marshackhays.com>; Douglas M. Neistat <dneistat@gblawllp.com>; M. Jonathan Hayes <jhayes@rhmfirm.com>
**Subject:** Re: Ultimate Brands - Proposed Order re: Cash Collateral

Mr. Mang-

I believe you ordered a transcript from the hearing.   Shouldn't you wait to submit your proposed order until you have received, and distributed, the transcript ?

On Mon, Nov 18, 2019 at 4:00 PM Tinho Mang <tmang@marshackhays.com> wrote:

Hi Josh, any proposed revisions? If we can't come to an agreement, we need to lodge an order ASAP with the notice of lodgment so the disagreements can be resolved.

Tinho

**From:** Josh Herndon <jherndon@attorneygl.com>
**Sent:** Friday, November 15, 2019 3:51 PM
**To:** Tinho Mang <tmang@marshackhays.com>; Banner, Keith <kbanner@greenbergglusker.com>
**Cc:** Jeremy H. Rothstein <jrothstein@gblawllp.com>; roksana <roksana@rhmfirm.com>; Ed Hays <EHays@MarshackHays.com>; David Wood <DWood@marshackhays.com>; Laila Masud <LMasud@marshackhays.com>; Cynthia Bastida <CBastida@MarshackHays.com>; Layla Buchanan <LBuchanan@marshackhays.com>; Douglas M. Neistat <dneistat@gblawllp.com>; Eric Mitnick <mitnicklaw@gmail.com>; M. Jonathan Hayes <jhayes@rhmfirm.com>
**Subject:** RE: Ultimate Brands - Proposed Order re: Cash Collateral

Hello Tinho –

I think your proposal is reasonable, and I will begin thinking of how I may be able to make further revisions to my revised order. I will follow up with you about that next Monday.

In the meantime, let me know if you need anything else.

Josh

**Joshua J. Herndon**

**Global Legal Law Firm**

380 Stevens Avenue, Suite 311

Solana Beach, CA 92075

Main Line: 888-846-8901

Direct Line: 858-256-7435

Jherndon@attorneygl.com

THIS MESSAGE IS CONFIDENTIAL.  This e-mail message, and any attachments, contains information and potential legal advice that is privileged, proprietary, and confidential information intended only for the use of the recipient(s).  If you are not the intended recipient, you may not print, distribute, or copy this message or any attachments.  State regulations prohibit such unauthorized use.  If you have received this communication in error, please notify the sender via reply e-mail and delete.

---

**From:** Tinho Mang <tmang@marshackhays.com>
**Sent:** Friday, November 15, 2019 3:46 PM
**To:** Josh Herndon <jherndon@attorneygl.com>; Banner, Keith <kbanner@greenbergglusker.com>
**Cc:** Jeremy H. Rothstein <jrothstein@gblawllp.com>; roksana@rhmfirm.com; Ed Hays <EHays@MarshackHays.com>; David Wood <DWood@marshackhays.com>; Laila Masud <LMasud@marshackhays.com>; Cynthia Bastida <CBastida@MarshackHays.com>; Layla Buchanan <LBuchanan@marshackhays.com>; Douglas M. Neistat <dneistat@gblawllp.com>; Eric Mitnick <mitnicklaw@gmail.com>; M. Jonathan Hayes <jhayes@rhmfirm.com>
**Subject:** RE: Ultimate Brands - Proposed Order re: Cash Collateral

Josh, if you would be willing to revise your proposed order to see if there's a revised version that 660 BVD LLC will agree to, I think that might be our last gasp option here. Can you get a revised proposed order by Monday?

Again, I understand that Judge Albert may have said a number of things at the hearing, but whether or not those findings are necessary to include in the cash collateral order, that may be a decision that the court has to make if we cannot come to a consensus as to what should go in the order.

Tinho

---

**From:** Josh Herndon <jherndon@attorneygl.com>
**Sent:** Friday, November 15, 2019 3:37 PM
**To:** Banner, Keith <kbanner@greenbergglusker.com>; Tinho Mang <tmang@marshackhays.com>
**Cc:** Jeremy H. Rothstein <jrothstein@gblawllp.com>; roksana@rhmfirm.com; Ed Hays <EHays@MarshackHays.com>; David Wood <DWood@marshackhays.com>; Laila Masud <LMasud@marshackhays.com>; Cynthia Bastida <CBastida@MarshackHays.com>; Layla Buchanan <LBuchanan@marshackhays.com>; Douglas M. Neistat

<dneistat@gblawllp.com>; Eric Mitnick <mitnicklaw@gmail.com>; M. Jonathan Hayes <jhayes@rhmfirm.com>
**Subject:** RE: Ultimate Brands - Proposed Order re: Cash Collateral

Tinho –

It would be improper for the Trustee to lodge the prior version of the order. The prior version of the order simply does not include all the findings that the Court made when it granted the motion. I can vouch for that personally since I was present at the hearing.

It may be that we are unable to resolve this informally, in which case my clients may need to seek entry of an alternative order as Mr. Banner suggested. However, I propose that you not lodge any version of the order at this time, late in the afternoon on a Friday afternoon. Instead, I believe that this process should continue at least until next Monday.

Josh

**Joshua J. Herndon**

**Global Legal Law Firm**

380 Stevens Avenue, Suite 311

Solana Beach, CA 92075

Main Line: 888-846-8901

Direct Line: 858-256-7435

Jherndon@attorneygl.com

THIS MESSAGE IS CONFIDENTIAL.  This e-mail message, and any attachments, contains information and potential legal advice that is privileged, proprietary, and confidential information intended only for the use of the recipient(s).  If you are not the intended recipient, you may not print, distribute, or copy this message or any attachments.  State regulations prohibit such unauthorized use.  If you have received this communication in error, please notify the sender via reply e-mail and delete.

---

**From:** Banner, Keith <kbanner@greenbergglusker.com>
**Sent:** Friday, November 15, 2019 3:31 PM
**To:** Tinho Mang <tmang@marshackhays.com>
**Cc:** Jeremy H. Rothstein <jrothstein@gblawllp.com>; roksana@rhmfirm.com; Ed Hays <EHays@MarshackHays.com>; David Wood <DWood@marshackhays.com>; Laila Masud <LMasud@marshackhays.com>; Cynthia Bastida <CBastida@MarshackHays.com>; Layla Buchanan <LBuchanan@marshackhays.com>; Douglas M. Neistat <dneistat@gblawllp.com>; Eric Mitnick <mitnicklaw@gmail.com>; M. Jonathan Hayes <jhayes@rhmfirm.com>; Josh Herndon <jherndon@attorneygl.com>
**Subject:** RE: Ultimate Brands - Proposed Order re: Cash Collateral

Tinho:

We do not agree with the proposed revisions and ask that you lodge the prior version of the order.  The respective creditors are free to seek entry of an alternative order as provided under the local rules.

Regards,

Keith

---

**From:** Tinho Mang <tmang@marshackhays.com>
**Sent:** Friday, November 15, 2019 3:08 PM
**To:** Josh Herndon <jherndon@attorneygl.com>; Banner, Keith <kbanner@greenbergglusker.com>
**Cc:** Jeremy H. Rothstein <jrothstein@gblawllp.com>; roksana@rhmfirm.com; Ed Hays <EHays@MarshackHays.com>; David Wood <DWood@marshackhays.com>; Laila Masud <LMasud@marshackhays.com>; Cynthia Bastida <CBastida@MarshackHays.com>; Layla Buchanan <LBuchanan@marshackhays.com>; Douglas M. Neistat <dneistat@gblawllp.com>; Eric Mitnick <mitnicklaw@gmail.com>; M. Jonathan Hayes <jhayes@rhmfirm.com>
**Subject:** RE: Ultimate Brands - Proposed Order re: Cash Collateral

I do understand your position, and I understand the court's tentative ruling. However, the cash collateral agreement was between Mr. Banner's client and the trustee, and the form of cash collateral order should be approved by the secured lender prior to lodgment of the order, because it is ultimately the secured lender here who is modifying their rights. This order approval procedure is intended to make the order lodgment process more efficient, but if there is going to be a blow-by-blow objection to every modification, we do have the option of lodging an order subject to a filed objection, to be adjudicated by the court. *Cf.* LBR 9021-1.

Can we not have life imitate the impeachment hearings, and just do this in an orderly manner with one person responding at a time? Ball's in Mr. Banner's court right now. Thanks everyone.

Tinho

---

**From:** Josh Herndon <jherndon@attorneygl.com>
**Sent:** Friday, November 15, 2019 2:53 PM
**To:** Tinho Mang <tmang@marshackhays.com>; Banner, Keith <kbanner@greenbergglusker.com>
**Cc:** Jeremy H. Rothstein <jrothstein@gblawllp.com>; roksana@rhmfirm.com; Ed Hays <EHays@MarshackHays.com>; David Wood <DWood@marshackhays.com>; Laila Masud <LMasud@marshackhays.com>; Cynthia Bastida <CBastida@MarshackHays.com>; Layla Buchanan <LBuchanan@marshackhays.com>; Douglas M. Neistat <dneistat@gblawllp.com>; Eric Mitnick <mitnicklaw@gmail.com>; M. Jonathan Hayes <jhayes@rhmfirm.com>
**Subject:** RE: Ultimate Brands - Proposed Order re: Cash Collateral

Hello Mr. Mang –

Thank you for the update. However, with all due respect, my proposed revisions to the cash collateral order correctly reflect the findings the Court made at the November 5, 2019 hearing. That will be true regardless of whomever approves or disapproves of them.

Josh

**Joshua J. Herndon**

**Global Legal Law Firm**

380 Stevens Avenue, Suite 311

Solana Beach, CA 92075

Main Line: 888-846-8901

Direct Line: 858-256-7435

Jherndon@attorneygl.com

THIS MESSAGE IS CONFIDENTIAL.  This e-mail message, and any attachments, contains information and potential legal advice that is privileged, proprietary, and confidential information intended only for the use of the recipient(s).  If you are not the intended recipient, you may not print, distribute, or copy this message or any attachments.  State regulations prohibit such unauthorized use.  If you have received this communication in error, please notify the sender via reply e-mail and delete.

---

**From:** Tinho Mang <tmang@marshackhays.com>
**Sent:** Friday, November 15, 2019 2:48 PM
**To:** Banner, Keith <kbanner@greenbergglusker.com>
**Cc:** Josh Herndon <jherndon@attorneygl.com>; Jeremy H. Rothstein <jrothstein@gblawllp.com>; roksana@rhmfirm.com; Ed Hays <EHays@MarshackHays.com>; David Wood <DWood@marshackhays.com>; Laila Masud <LMasud@marshackhays.com>; Cynthia Bastida <CBastida@MarshackHays.com>; Layla Buchanan <LBuchanan@marshackhays.com>; Douglas M. Neistat <dneistat@gblawllp.com>; Eric Mitnick <mitnicklaw@gmail.com>; M. Jonathan Hayes <jhayes@rhmfirm.com>
**Subject:** RE: Ultimate Brands - Proposed Order re: Cash Collateral

We'll need approval from the secured lender for the proposed revisions to the cash collateral order. Keith, what do you think about the proposed revisions?

Tinho

---

**From:** Josh Herndon <jherndon@attorneygl.com>
**Sent:** Friday, November 15, 2019 2:45 PM
**To:** Tinho Mang <tmang@marshackhays.com>
**Cc:** Jeremy H. Rothstein <jrothstein@gblawllp.com>; roksana@rhmfirm.com; Ed Hays <EHays@MarshackHays.com>; David Wood <DWood@marshackhays.com>; Laila Masud <LMasud@marshackhays.com>; Cynthia Bastida <CBastida@MarshackHays.com>; Layla Buchanan <LBuchanan@marshackhays.com>; Banner, Keith <kbanner@greenbergglusker.com>; Douglas M. Neistat <dneistat@gblawllp.com>; Eric Mitnick <mitnicklaw@gmail.com>; M. Jonathan Hayes <jhayes@rhmfirm.com>
**Subject:** RE: Ultimate Brands - Proposed Order re: Cash Collateral

Hello Mr. Mang –

 Attached hereto are two versions of the proposed form of order granting the trustee's motion for use of cash collateral with 660 BVD you attached to your email below (the "Order"). One version has my proposed redlined revisions to the Order, and the other version incorporates the redlined revisions. You will see that some extensive formatting-related work will be needed in order to finalize the Order.

Thank you in advance for your consideration, and let me know if you need anything else from me.

 Josh

**Joshua J. Herndon**

**Global Legal Law Firm**

380 Stevens Avenue, Suite 311

Solana Beach, CA 92075

Main Line: 888-846-8901

Direct Line: 858-256-7435

Jherndon@attorneygl.com

THIS MESSAGE IS CONFIDENTIAL. This e-mail message, and any attachments, contains information and potential legal advice that is privileged, proprietary, and confidential information intended only for the use of the recipient(s). If you are not the intended recipient, you may not print, distribute, or copy this message or any attachments. State regulations prohibit such unauthorized use. If you have received this communication in error, please notify the sender via reply e-mail and delete.

---

**From:** Tinho Mang <tmang@marshackhays.com>
**Sent:** Wednesday, November 13, 2019 3:07 PM
**To:** Banner, Keith <kbanner@greenbergglusker.com>; Douglas M. Neistat <dneistat@gblawllp.com>; Eric Mitnick <mitnicklaw@gmail.com>; Josh Herndon <jherndon@attorneygl.com>; M. Jonathan Hayes <jhayes@rhmfirm.com>
**Cc:** Jeremy H. Rothstein <jrothstein@gblawllp.com>; roksana@rhmfirm.com; Ed Hays <EHays@MarshackHays.com>; David Wood <DWood@marshackhays.com>; Laila Masud <LMasud@marshackhays.com>; Cynthia Bastida <CBastida@MarshackHays.com>; Layla Buchanan <LBuchanan@marshackhays.com>
**Subject:** Ultimate Brands - Proposed Order re: Cash Collateral

 All:

Please find attached here a proposed form of order granting the trustee's motion for use of cash collateral with 660 BVD. Please respond whether the form of order is approved by 3PM on Friday, November 15. *Cf.* LBR 9021-1(b)(3)(A). If approved, please return a signature page with the ink-signed signature.

Thank you,

Tinho

**Tinho Mang**
Associate

**MARSHACK HAYS** LLP
—— **ATTORNEYS AT LAW** ——
870 Roosevelt, Irvine, CA 92620
Tel 949.333.7777   Fax 949.333.7778





CONFIDENTIALITY NOTICE: The information contained in this electronic e-mail and any accompanying attachment(s) is intended only for the use of the intended recipient and may be confidential and/or privileged. If any reader of this communication is not the intended recipient, unauthorized use, disclosure or copying is strictly prohibited, and may be unlawful. If you have received this communication in error, please immediately notify the sender by return e-mail, and delete the original message and all copies from your system.

 Please consider the environment before printing this email.

# EXHIBIT 2

# EXHIBIT 2

D. EDWARD HAYS, #162507
ehays@marshackhays.com
DAVID A. WOOD, #272406
dwood@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Chapter 7 Trustee,
RICHARD A. MARSHACK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:19-bk-12516-TA |
| ULTIMATE BRANDS, INC., | Chapter 7 |
| | ORDER GRANTING MOTION TO APPROVE CASH COLLATERAL AGREEMENT, COMPROMISE, AND POST-PETITION FINANCING |
| Debtor. | ☒ EXHIBIT ATTACHED (SIGNATURE PAGE) |
| | Hearing: Date:  November 5, 2019 Time: 11:00 a.m. Courtroom: 5B Address: 411 W. Fourth Street, Santa Ana, CA 92701 |

The motion ("Motion")[1] to approve cash collateral agreement, compromise, and post-petition financing, filed on October 11, 2019, as Docket No. 173, by Richard A. Marshack, in his capacity as Chapter 7 Trustee ("Trustee") of the Bankruptcy Estate ("Estate") of Ultimate Brands, Inc. ("Debtor"), came on for hearing on November 5, 2019, at 11:00 a.m., in the above-entitled Court, before the Honorable Theodor C. Albert, United States Bankruptcy Judge. Appearances were made and noted on the record.

---

[1] All terms not defined herein are used as they are defined in the Motion.

1

4817-2834-7308, v. 2

The Court has read and considered the Motion, the opposition to the Motion filed by Creditors, William Harter, Monica Harter, and Help the One, Inc., as Docket No. 196 ("Opposition"), joinder in opposition to Motion filed by Creditors, Michael John Patterson and Wheatstrong Enterprises, as Docket No. 199 ("Joinder"), and the reply filed by the Trustee, as Docket No. 207. For the reasons set forth in the Motion and on the record during the hearing, the Court rules as follows:

IT IS ORDERED:

1.    The Motion is granted and the Stipulation is approved in its entirety;

2.    The Trustee is authorized to use cash collateral under 11 U.S.C. § 363 according to the terms of the Stipulation solely to pay the expenditures set forth in the Budget;

3.    Limited relief is granted from the automatic stay of 11 U.S.C. § 362 to the extent necessary to allow 660 BVD to perfect its adequate assurance liens;

4.    The Carve Out is in the best interest of creditors and is approved on the terms set forth in the Stipulation;

5.    The Professional Fee Financing is approved pursuant to 11 U.S.C. § 364 on the terms set forth in the Stipulation; and

6.    Nothing herein impairs any independent rights held by third parties against 660 BVD and/or third-party entities.

# # #

4817-2834-7308, v. 2

**EXHIBIT – [SIGNATURE PAGE] TO
ORDER GRANTING MOTION TO APPROVE CASH COLLATERAL AGREEMENT,
COMPROMISE, AND POST-PETITION FINANCING**

APPROVED AS TO FORM:

GREENBERG GLUSKER FIELDS CLAMAN &
MACHTINGER LLP

By:_____
     BRIAN L. DAVIDOFF
     KEITH PATRICK BANNER
     Counsel for Secured Creditor
     660 BVD, LLC

LAW OFFICE OF ERIC ALAN MITNICK

By: _____
     ERIC ALAN MITNICK
     Attorneys for Creditors,
     JOHN PATTERSON and
     WHEATSTRONG ENTERPRISES

G&B LAW, LLP

By: _____
     DOUGLAS M. NEISTAT
     JEREMY H. ROTHSTEIN
     Attorneys for UNOFFICIAL
     COMMITTEE OF FRANCHISEES

GLOBAL LEGAL LAW FIRM

By: _____
     JOSHUA J. HERNDON
     R. MICHAEL GHILEZAN
     Attorneys for Creditors
     WILLIAM HARTER, MONICA HARTER and HELP
     THE ONE, INC.

RESNIK HAYES MORADI LLP

By: _____
     M. JONATHAN HAYES
     MATTHEW D. RESNIK
     ROKSANA D. MORADI-BROVIA
     Attorneys for Franchisees
     CUTTING EDGE VENTURES, INC., DUAFE I, LLC,
     SHEELEY & SONS, INC.

# EXHIBIT 3

# EXHIBIT 3

D. EDWARD HAYS, #162507
ehays@marshackhays.com
DAVID A. WOOD, #272406
dwood@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Chapter 7 Trustee,
RICHARD A. MARSHACK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

Case No. 8:19-bk-12516-TA

Chapter 7

ORDER GRANTING MOTION TO
APPROVE CASH COLLATERAL
AGREEMENT, COMPROMISE, AND
POST-PETITION FINANCING

☐  EXHIBIT ATTACHED
   (SIGNATURE PAGE)

Hearing:
Date: November 5, 2019
Time: 11:00 a.m.
Courtroom: 5B
Address: 411 W. Fourth Street,
Santa Ana, CA 92701

In re

ULTIMATE BRANDS, INC.,

                    Debtor.

The motion ("Motion")[1] to approve cash collateral agreement, compromise, and post-petition financing, filed on October 11, 2019, as Docket No. 173, by Richard A. Marshack, in his capacity as Chapter 7 Trustee ("Trustee") of the Bankruptcy Estate ("Estate") of Ultimate Brands, Inc. ("Debtor"), came on for hearing on November 5, 2019, at 11:00 a.m., in the above-entitled Court, before the Honorable Theodor C. Albert, United States Bankruptcy Judge. Appearances were made and noted on the record.

---

[1] All terms not defined herein are used as they are defined in the Motion.

1

4817-2834-7308, v. 2

1     The Court has read and considered the Motion, the opposition to the Motion filed by

2 Creditors, William Harter, Monica Harter, and Help the One, Inc., as Docket No. 196

3 ("Opposition"), joinder in opposition to Motion filed by Creditors, Michael John Patterson and

4 Wheatstrong Enterprises, as Docket No. 199 ("Joinder"), and the reply filed by the Trustee, as

5 Docket No. 207. For the reasons set forth in the Motion and on the record during the hearing, the

6 Court rules as follows:

7      IT IS ORDERED:

8     1.     The Motion is granted.  The Stipulation is approved.  However, Section H of the

9 Stipulation ("Section H") shall apply only to and be binding on Trustee as the representative of this

10 this bankruptcy estate.  Section H shall not apply to or be binding on any third-party creditor.  Section

11 H shall not preclude, abrogate, limit or impair in any way or manner whatsoever, without limitation,

12 any claims, claims for relief (i.e. avoidance actions under federal or state law), causes of action,

13 subordination proceedings, claim objections, claim reclassification proceedings or any other the rights

14 of any third party creditor with respect to the Debtor's bankruptcy estate.  Among the matters reserved

15 to third party creditors shall be the right to contest the purported pre-petition assignment of non-debtor

16 Ultimate Franchises, Inc.'s ("UFI") rights to and interests in UFI's franchise agreements and rights

17 to collect franchise fees related thereto, to Debtor (collectively, the "UFI Franchise Rights").  Nothing

18 in the Stipulation or this Order shall approve of, confirm or validate any post-bankruptcy transfer of

19 all or any part of the UFI Franchise Rights to the bankruptcy estate, which shall remain subject to

20 challenge by third party creditors;

21     2.     The Trustee is authorized to use cash collateral under 11 U.S.C. § 363 according to

22 the terms of the Stipulation solely to pay the expenditures set forth in the Budget, subject to the

23 rights of any third party creditor with respect to the Debtor's bankruptcy estate, including the UFI

24 Franchise Rights, which shall not be limited in any manner whatsoever by the approval of the

25 Stipulation;

26     3.     Limited relief is granted from the automatic stay of 11 U.S.C. § 362 to the extent

27 necessary to allow 660 BVD to perfect its adequate assurance liens, subject to the rights of any

28 third party creditor with respect to the Debtor's bankruptcy estate, including the UFI Franchise

Rights, which shall not be limited in any manner whatsoever by the approval of the Stipulation;

4.      The Carve Out is in the best interest of creditors and is approved on the terms set forth in the Stipulation, subject to the rights of any third party creditor with respect to the Debtor's bankruptcy estate, including the UFI Franchise Rights, which shall not be limited in any manner whatsoever by the approval of the Stipulation;

5.      The Professional Fee Financing is approved pursuant to 11 U.S.C. § 364 on the terms set forth in the Stipulation, subject to the rights of any third party creditor with respect to the Debtor's bankruptcy estate, including the UFI Franchise Rights, which shall not be limited in any manner whatsoever by the approval of the Stipulation;

6.      Nothing herein impairs any independent rights held by third parties against 660 BVD and/or third-party entities;

7.      This order does not constitute a finding that Debtor, or its bankruptcy estate, is the owner of UFI's rights in various franchise agreements, and rights to collect franchise fees related thereto;

8.      No aspect of this order shall limit the subject to the rights of any third party creditor with respect to the Debtor's bankruptcy estate, including the UFI Franchise Rights, which shall not be limited in any manner whatsoever by the approval of the Stipulation; and

9.      Any sale of the Debtor's, or its bankruptcy estate's, assets that purport to include UFI's rights in various franchise agreements, and rights to collect franchise fees related thereto, shall be made subject to the subject to the rights of any third party creditor with respect to the Debtor's bankruptcy estate, including the UFI Franchise Rights, which shall not be limited in any manner whatsoever by the approval of the Stipulation.

# # #

4817-2834-7308, v. 2

**EXHIBIT ̄[SIGNATURE PAGE] TO**
**ORDER GRANTING MOTION TO APPROVE CASH COLLATERAL AGREEMENT,**
**COMPROMISE, AND POST-PETITION FINANCING**

APPROVED AS TO FORM:

GREENBERG GLUSKER FIELDS CLAMAN &
MACHTINGER LLP

By: _____
     BRIAN L. DAVIDOFF
     KEITH PATRICK BANNER
     Counsel for Secured Creditor
     660 BVD, LLC

LAW OFFICE OF ERIC ALAN MITNICK

By: _____
     ERIC ALAN MITNICK
     Attorneys for Creditors,
     JOHN PATTERSON and
     WHEATSTRONG ENTERPRISES

G&B LAW, LLP

By: _____
     DOUGLAS M. NEISTAT
     JEREMY H. ROTHSTEIN
     Attorneys for UNOFFICIAL
     COMMITTEE OF FRANCHISEES

GLOBAL LEGAL LAW FIRM

By: _____
     JOSHUA J. HERNDON
     R. MICHAEL GHILEZAN
     Attorneys for Creditors
     WILLIAM HARTER, MONICA HARTER and HELP
     THE ONE, INC.

RESNIK HAYES MORADI LLP

By: _____
     M. JONATHAN HAYES
     MATTHEW D. RESNIK
     ROKSANA D. MORADI-BROVIA
     Attorneys for Franchisees
     CUTTING EDGE VENTURES, INC., DUAFE I, LLC,
     SHEELEY & SONS, INC.

3



D. EDWARD HAYS, #162507
ehays@marshackhays.com
DAVID A. WOOD, #272406
dwood@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Chapter 7 Trustee,
RICHARD A. MARSHACK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

Case No. 8:19-bk-12516-TA

Chapter 7

ORDER GRANTING MOTION TO
APPROVE CASH COLLATERAL
AGREEMENT, COMPROMISE, AND
POST-PETITION FINANCING

☐ EXHIBIT ATTACHED
   (SIGNATURE PAGE)

Hearing:
Date: November 5, 2019
Time: 11:00 a.m.
Courtroom: 5B
Address: 411 W. Fourth Street,
Santa Ana, CA 92701

In re

ULTIMATE BRANDS, INC.,

        Debtor.

The motion ("Motion")[1] to approve cash collateral agreement, compromise, and post-petition financing, filed on October 11, 2019, as Docket No. 173, by Richard A. Marshack, in his capacity as Chapter 7 Trustee ("Trustee") of the Bankruptcy Estate ("Estate") of Ultimate Brands, Inc. ("Debtor"), came on for hearing on November 5, 2019, at 11:00 a.m., in the above-entitled Court, before the Honorable Theodor C. Albert, United States Bankruptcy Judge. Appearances were made and noted on the record.

---

[1] All terms not defined herein are used as they are defined in the Motion.

1

4817-2834-7308, v. 2

1       The Court has read and considered the Motion, the opposition to the Motion filed by

2   Creditors, William Harter, Monica Harter, and Help the One, Inc., as Docket No. 196

3   ("Opposition"), joinder in opposition to Motion filed by Creditors, Michael John Patterson and

4   Wheatstrong Enterprises, as Docket No. 199 ("Joinder"), and the reply filed by the Trustee, as

5   Docket No. 207. For the reasons set forth in the Motion and on the record during the hearing,

6   the Court rules as follows:

7       IT IS ORDERED:

8       1.   The Motion is granted.  The Stipulation is approved.  However, Section H of the

9   Stipulation ('Section H") shall apply only to and be binding on Trustee as the representative of this

10  this bankruptcy estate.  Section H shall not apply to or be binding on any third-party creditor.  Section

11  H shall not preclude, abrogate, limit or impair in any way or manner whatsoever, without limitation,

12  any claims, claims for relief (i.e. avoidance actions under federal or state law), causes of action,

13  subordination proceedings, claim objections, claim reclassification proceedings  or any other the

14  rights of any third party creditor with respect to the Debtor's bankruptcy estate.  Among the matters

15  reserved to third party creditors shall be the right to contest the purported pre-petition assignment of

16  non-debtor Ultimate Franchises, Inc.'s ("UFI") rights to and interests in UFI's franchise agreements

17  and rights to collect franchise fees related thereto, to Debtor (collectively, the "UFI Franchise

18  Rights").  Nothing in the Stipulation or this Order shall approve of, confirm or validate any post-

19  bankruptcy transfer of all or any part of the UFI Franchise Rights to the bankruptcy estate, which

20  shall remain subject to challenge by third party creditors.~~The Motion is granted and the Stipulation is~~

21  ~~approved in its entirety;~~:

22      2.   The Trustee is authorized to use cash collateral under 11 U.S.C. § 363 according to

23  the terms of the Stipulation solely to pay the expenditures set forth in the Budget, subject to the

24  rights of any third party creditor with respect to the Debtor's bankruptcy estate, including the UFI

25  Franchise Rights, which shall not be limited in any manner whatsoever by the approval of the

26  Stipulation;:

27      3.   Limited relief is granted from the automatic stay of 11 U.S.C. § 362 to the extent

28  necessary to allow 660 BVD to perfect its adequate assurance liens. subject to the rights of any

    third party creditor with respect to the Debtor's bankruptcy estate, including the UFI Franchise

    Rights, which shall not be limited in any manner whatsoever by the approval of the Stipulation;:

Formatted: Justified, Indent: First line:  0.45", Space Before:  0 pt, Line spacing:  Exactly 24 pt, Tab stops: Not at  0.45"

Formatted: Justified, Indent: First line:  0.45", Tab stops: Not at  0.45"

Formatted: Not Highlight

Formatted: Not Highlight

4. The Carve Out is in the best interest of creditors and is approved on the terms set forth in the Stipulation, subject to the rights of any third party creditor with respect to the Debtor's bankruptcy estate, including the UFI Franchise Rights, which shall not be limited in any manner whatsoever by the approval of the Stipulation;

5. The Professional Fee Financing is approved pursuant to 11 U.S.C. § 364 on the terms set forth in the Stipulation, subject to the rights of any third party creditor with respect to the Debtor's bankruptcy estate, including the UFI Franchise Rights, which shall not be limited in any manner whatsoever by the approval of the Stipulation; and

6. Nothing herein impairs any independent rights held by third parties against 660 BVD and/or third-party entities.

7. This order does not constitute a finding that Debtor, or its bankruptcy estate, is the owner of UFI's rights in various franchise agreements, and rights to collect franchise fees related thereto;

8. No aspect of this order shall limit the subject to the rights of any third party creditor with respect to the Debtor's bankruptcy estate, including the UFI Franchise Rights, which shall not be limited in any manner whatsoever by the approval of the Stipulation; and

9. Any sale of the Debtor's, or its bankruptcy estate's, assets that purport to include UFI's rights in various franchise agreements, and rights to collect franchise fees related thereto, shall be made subject to the subject to the rights of any third party creditor with respect to the Debtor's bankruptcy estate, including the UFI Franchise Rights, which shall not be limited in any manner whatsoever by the approval of the Stipulation.

# # #

2

4817-2834-7308, v. 2

**EXHIBIT - [SIGNATURE PAGE] TO**
**ORDER GRANTING MOTION TO APPROVE CASH COLLATERAL AGREEMENT,**
**COMPROMISE, AND POST-PETITION FINANCING**

APPROVED AS TO FORM:

GREENBERG GLUSKER FIELDS CLAMAN &
MACHTINGER LLP

By: _____
      BRIAN L. DAVIDOFF
      KEITH PATRICK BANNER
      Counsel for Secured Creditor
      660 BVD, LLC

LAW OFFICE OF ERIC ALAN MITNICK

By: _____
      ERIC ALAN MITNICK
      Attorneys for Creditors,
      JOHN PATTERSON and
      WHEATSTRONG ENTERPRISES

G&B LAW, LLP

By: _____
      DOUGLAS M. NEISTAT
      JEREMY H. ROTHSTEIN
      Attorneys for UNOFFICIAL
      COMMITTEE OF FRANCHISEES

GLOBAL LEGAL LAW FIRM

By: _____
      JOSHUA J. HERNDON
      R. MICHAEL GHILEZAN
      Attorneys for Creditors
      WILLIAM HARTER, MONICA HARTER and HELP
      THE ONE, INC.

RESNIK HAYES MORADI LLP

By: _____
      M. JONATHAN HAYES
      MATTHEW D. RESNIK
      ROKSANA D. MORADI-BROVIA
      Attorneys for Franchisees
      CUTTING EDGE VENTURES, INC., DUAFE I, LLC,
      SHEELEY & SONS, INC.

3

4817-2834-7308, v. 2

# EXHIBIT 4

# EXHIBIT 4

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| D. EDWARD HAYS, #162507<br>ehays@marshackhays.com<br>DAVID A. WOOD, #272406<br>dwood@marshackhays.com<br>TINHO MANG, #322146<br>tmang@marshackhays.com<br>MARSHACK HAYS LLP<br>870 Roosevelt<br>Irvine, CA 92620<br>Telephone: (949) 333-7777<br>Facsimile: (949) 333-7778<br><br>Chapter 7 Trustee<br><br>☐ Individual *appearing without an attorney*<br>☒ *Attorney for:* Richard A. Marshack, Trustee | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA – <u>SANTA ANA</u> DIVISION

| In re:<br><br>ULTIMATE BRANDS,<br><br><br><br>Debtor(s) | CASE NO.: 8:19-bk-12516-TA<br><br>CHAPTER: 7 |
|---|---|
| | **NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE RE:** (*title of motion[1]*):<br><u>TRUSTEE'S MOTION TO APPROVE CASH COLLATERAL AGREEMENT, COMPROMISE AND POST-PETITION FINANCING</u> |

PLEASE TAKE NOTE that the order titled <u>ORDER GRANTING MOTION TO APPROVE CASH COLLATERAL AGREEMENT, COMPROMISE, AND POST-PETITION FINANCING</u> was lodged on <u>November 19, 2019</u> and is attached.  This order relates to the motion which is docket number <u>173</u>.

---

[1]  Please abbreviate if title cannot fit into text field.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

LODGED ORDER



Tuesday, November 19, 2019

**Upload Again**

CONFIRMATION :

You've successfully uploaded the order:
( **9549095.docx** )
A new order and exhibit has been added

- **Office**:  Santa Ana
- **Case Title**:  Ultimate Brands Inc
- **Case Number**:  19-12516
- **Judge Initial**:  TA
- **Case Type**:  bk ( Bankruptcy )
- **Document Number**:  173
- **On Date**:  11/19/2019 @ 12:46 PM

Please print 🖶 this confirmation for future reference.

Thank You!

United States Bankruptcy Court,  Central District of California
Edward R. Roybal Federal Building and Courthouse
255 East Temple Street, Los Angeles, CA 90012

1    D. EDWARD HAYS, #162507
     ehays@marshackhays.com
2    DAVID A. WOOD, #272406
     dwood@marshackhays.com
3    MARSHACK HAYS LLP
     870 Roosevelt
4    Irvine, California 92620
     Telephone: (949) 333-7777
5    Facsimile: (949) 333-7778

6    Attorneys for Chapter 7 Trustee,
     RICHARD A. MARSHACK
7

8                  UNITED STATES BANKRUPTCY COURT

9            CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

10

11   In re                                    Case No. 8:19-bk-12516-TA

12   ULTIMATE BRANDS, INC.,                   Chapter 7

13                                            ORDER GRANTING MOTION TO
                                              APPROVE CASH COLLATERAL
14                                            AGREEMENT, COMPROMISE, AND
                                              POST-PETITION FINANCING
15              Debtor.
                                              ☒ EXHIBIT ATTACHED
16                                               (SIGNATURE PAGE)

17                                            Hearing:
                                              Date:   November 5, 2019
18                                            Time:  11:00 a.m.
                                              Courtroom: 5B
19                                            Address: 411 W. Fourth Street,
20                                            Santa Ana, CA 92701

21          The motion ("Motion")[1] to approve cash collateral agreement, compromise, and post-petition

22   financing, filed on October 11, 2019, as Docket No. 173, by Richard A. Marshack, in his capacity as

23   Chapter 7 Trustee ("Trustee") of the Bankruptcy Estate ("Estate") of Ultimate Brands, Inc.

24   ("Debtor"), came on for hearing on November 5, 2019, at 11:00 a.m., in the above-entitled Court,

25   before the Honorable Theodor C. Albert, United States Bankruptcy Judge. Appearances were made

26   and noted on the record.

27   _____

28   [1] All terms not defined herein are used as they are defined in the Motion.

                                              1

4817-2834-7308, v. 2

The Court has read and considered the Motion, the opposition to the Motion filed by Creditors, William Harter, Monica Harter, and Help the One, Inc., as Docket No. 196 ("Opposition"), joinder in opposition to Motion filed by Creditors, Michael John Patterson and Wheatstrong Enterprises, as Docket No. 199 ("Joinder"), and the reply filed by the Trustee, as Docket No. 207. For the reasons set forth in the Motion and on the record during the hearing, the Court rules as follows:

IT IS ORDERED:

1.      The Motion is granted and the Stipulation is approved in its entirety;

2.      The Trustee is authorized to use cash collateral under 11 U.S.C. § 363 according to the terms of the Stipulation solely to pay the expenditures set forth in the Budget;

3.      Limited relief is granted from the automatic stay of 11 U.S.C. § 362 to the extent necessary to allow 660 BVD to perfect its adequate assurance liens;

4.      The Carve Out is in the best interest of creditors and is approved on the terms set forth in the Stipulation;

5.      The Professional Fee Financing is approved pursuant to 11 U.S.C. § 364 on the terms set forth in the Stipulation; and

6.      Nothing herein impairs any independent rights held by third parties against 660 BVD and/or third-party entities.

# # #

2

4817-2834-7308, v. 2

**EXHIBIT – [SIGNATURE PAGE] TO**
**ORDER GRANTING MOTION TO APPROVE CASH COLLATERAL AGREEMENT,**
**COMPROMISE, AND POST-PETITION FINANCING**

APPROVED AS TO FORM:

GREENBERG GLUSKER FIELDS CLAMAN &
MACHTINGER LLP

By:_____
    BRIAN L. DAVIDOFF
    KEITH PATRICK BANNER
    Counsel for Secured Creditor
    660 BVD, LLC

LAW OFFICE OF ERIC ALAN MITNICK

By:  (Not Approved, Objection to Follow)
    ERIC ALAN MITNICK
    Attorneys for Creditors,
    JOHN PATTERSON and
    WHEATSTRONG ENTERPRISES

G&B LAW, LLP

By:  _____
    DOUGLAS M. NEISTAT
    JEREMY H. ROTHSTEIN
    Attorneys for UNOFFICIAL
    COMMITTEE OF FRANCHISEES

GLOBAL LEGAL LAW FIRM

By:  (Not Approved, Objection to Follow)
    JOSHUA J. HERNDON
    R. MICHAEL GHILEZAN
    Attorneys for Creditors
    WILLIAM HARTER, MONICA HARTER and HELP
    THE ONE, INC.

RESNIK HAYES MORADI LLP

By:  _____
    M. JONATHAN HAYES
    MATTHEW D. RESNIK
    ROKSANA D. MORADI-BROVIA
    Attorneys for Franchisees
    CUTTING EDGE VENTURES, INC., DUAFE I, LLC,
    SHEELEY & SONS, INC.

4817-2834-7308, v. 2

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled (specify): **NOTICE OF LODGMENT** will be
served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the
manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On
**November 19, 2019**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

☒    Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL:**
On **November 19, 2019**, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

> **MAIL REDIRECTED TO TRUSTEE 08/13/19**
> **DEBTOR**
> ULTIMATE BRANDS INC
> ~~30821 SEMINOLE PL~~
> ~~LAGUNA NIGUEL, CA 92677-2456~~

☐    Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **November 19, 2019**, I served the
following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

> The Honorable Theodor C. Albert – via personal delivery
> PRESIDING JUDGE'S COPY
> United States Bankruptcy Court
> Central District of California
> Ronald Reagan Federal Building and Courthouse
> 411 West Fourth Street, Suite 5085 / Courtroom 5B
> Santa Ana, CA 92701-4593

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 19, 2019 | Cynthia Bastida | /s/ Cynthia Bastida |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

*June 2012*
4813-2063-5301, v. 1

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** continued:

- **INTERESTED PARTY MAXIM COMMERCIAL CAPITAL, LLC:** Andrew K Alper    aalper@frandzel.com, rsantamaria@frandzel.com
- CREDITOR LIPT WINCHESTER ROAD, INC.: Dana M Andreoli    dandreoli@steyerlaw.com, sleshin@steyerlaw.com
- **CREDITOR 660 BVD, LLC:** Keith Patrick Banner    kbanner@greenbergglusker.com, sharper@greenbergglusker.com;calendar@greenbergglusker.com
- **U.S. TRUSTEE:** Frank Cadigan    frank.cadigan@usdoj.gov
- **INTERESTED PARTY:** Caroline Djang    caroline.djang@bbklaw.com, julie.urquhart@bbklaw.com;sansanee.wells@bbklaw.com;paul.nordlund@bbklaw.com
- **INTERESTED PARTY:** Timothy W Evanston    tevanston@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- **ATTORNEY FOR U.S. TRUSTEE:** Michael J Hauser    michael.hauser@usdoj.gov
- **ATTORNEYS FOR FRANCHISEES CUTTING EDGE VENTURES INC., DUAFE I, LLC., SHEELEY & SONS, INC.:** M. Jonathan Hayes    jhayes@rhmfirm.com, roksana@rhmfirm.com;rosario@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com
- **ATTORNEY FOR CHAPTER 7 TRUSTEE:** D Edward Hays    ehays@marshackhays.com, 8649808420@filings.docketbird.com
- **ATTORNEYS FOR CREDITORS WILLIAM HARTER, MONICA HARTER, and HELP THE ONE, INC.:** Joshua J Herndon    jherndon@attorneygl.com, e-service@attorneygl.com
- **ATTORNEYS FOR JOHN SHAW, MIDORI SHAW, AND SHIPSHAPE COLLECTIVE OF FITCHBURG, LLC: Nicholas S Kanter    nkanter@lewitthackman.com**
- CREDITOR BLD CAPITAL LLC: Andy Kong    Kong.Andy@ArentFox.com
- **ATTORNEY FOR CHAPTER 7 TRUSTEE:** Tinho Mang    tmang@marshackhays.com, 8444806420@filings.docketbird.com
- **CHAPTER 7 TRUSTEE:** Richard A Marshack (TR)    pkraus@marshackhays.com, rmarshack@iq7technology.com
- **INTERESTED PARTY:** Robert S Marticello    Rmarticello@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- **ATTORNEY FOR CREDITORS MICHAEL JOHN PATTERSON, WHEATSTRONG ENTERPRISES:** Eric A Mitnick    MitnickLaw@aol.com, mitnicklaw@gmail.com
- **ATTORNEY FOR CREDITOR, UNOFFICIAL COMMITTEE OF FRANCHISEES:** Douglas M Neistat    dneistat@gblawllp.com, mramos@gblawllp.com
- **INTERESTED PARTY:** Ernie Zachary Park    ernie.park@bewleylaw.com
- **INTERESTED PARTY:** Thomas J Polis    tom@polis-law.com, paralegal@polis-law.com;r59042@notify.bestcase.com
- **INTERESTED PARTY:** Jeremy H Rothstein    jrothstein@gblawllp.com, mramos@gblawllp.com
- **U.S.T.:** United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- **ATTORNEY FOR DEBTOR:** Julie J Villalobos    julie@oaktreelaw.com, oakecfmail@gmail.com;villalobosjr51108@notify.bestcase.com
- **INTERESTED PARTY:** Larry W Webb    Webblaw@gmail.com, larry@webblaw.onmicrosoft.com
- **ATTORNEY FOR CHAPTER 7 TRUSTEE:** David Wood    dwood@marshackhays.com, 8649808420@filings.docketbird.com
- **INTERESTED PARTY:** Ryan D Zick    rzick@ppplaw.com, kstewart@ppplaw.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

*June 2012*
4813-2063-5301, v. 1

# EXHIBIT 5

# EXHIBIT 5

1
2
3
4
5
6
7

**GLOBAL LEGAL LAW FIRM**
R. Michael Ghilezan, SBN 282340
Joshua J. Herndon, SBN 244106
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
Tel.:    (888) 846-8901
Fax:    (888) 846-8902
Email: mghilezan@attorneygl.com
          jherndon@attorneygl.com

Attorneys for Creditors
WILLIAM HARTER, MONICA HARTER and HELP
THE ONE, INC.

8

## UNITED STATES BANKRUPTCY COURT

9

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIDVISION

10

11

12

13

14

15

16

17

18

19

20

In re

ULTIMATE BRANDS, INC.,

                    Debtor.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 8:19-bk-125156-TA

**ORDER GRANTING MOTION TO
APPROVE CASH COLLATERAL
AGREEMENT COMPROMISE, AND
POST-PETITION FINANCING**

**EXHIBIT ATTACHED
(SIGNATURE PAGE)**

Hearing Date: November 5, 2019
Time: 11:00 a.m.
Courtroom: 5B
Address: 411 W. Fourth Street,
Santa Ana, CA 92701

21

22

23

24

25

26

27

28

The motion ("Motion")[1] to approve cash collateral agreement, compromise, and post-petition

financing, filed on October 11, 2019, as Docket No. 173, by Richard A. Marshack, in his capacity as

Chapter 7 Trustee ("Trustee") of the Bankruptcy Estate ("Estate") of Ultimate Brands, Inc.

("Debtor"), came on for hearing on November 5, 2019, at 11:00 a.m., in the above-entitled Court,

before the Honorable Theodor C. Albert, United States Bankruptcy Judge. Appearances were made

---

[1] All terms not identified herein are used as they are defined in the Motion.

1

ORDER GRANTING MOTION TO APPROVE CASH COLLATERAL AGREEMENT COMPROMISE, AND POST-
PETITION FINANCING

1  and noted on the record., including attorney's fees, that Plaintiffs incurred as a result of Defendants

2  filing, and refusing to withdraw, the Notice with respect to Defendants.

3      The Court has read and considered the Motion, the opposition to the Motion filed by Creditors,

4  William Harter, Monica Harter, and Help the One, Inc., as Docket No. 196 ("Opposition"), joinder in

5  opposition to Motion filed by Creditors, Michael John Patterson and Wheatstrong Enterprises, as

6  Docket No. 199 ("Joinder"), and the reply filed by the Trustee, as Docket No. 207. For the reasons

7  set forth in the Motion and on the record during the hearing, the Court rules as follows:

8      IT IS ORDERED:

9      1.    The Motion is granted.  The Stipulation is approved.  However, Section H of the

10  Stipulation ('Section H") shall apply only to and be binding on Trustee as the representative of this

11  this bankruptcy estate.  Section H shall not apply to or be binding on any third-party creditor.  Section

12  H shall not preclude, abrogate, limit or impair in any way or manner whatsoever, without limitation,

13  any claims, claims for relief  (i.e. avoidance actions under federal or state law), causes of action,

14  subordination proceedings, claim objections, claim reclassification proceedings  or any other the

15  rights of any third party creditor with respect to the Debtor's bankruptcy estate.  Among the matters

16  reserved to third party creditors shall be the right to contest the purported pre-petition assignment of

17  non-debtor Ultimate Franchises, Inc.'s ("UFI") rights to and interests in UFI's franchise agreements

18  and rights to collect franchise fees related thereto, to Debtor (collectively, the "UFI Franchise

19  Rights").  Nothing in the Stipulation or this Order shall approve of, confirm or validate any post-

20  bankruptcy transfer of all or any part of the UFI Franchise Rights to the bankruptcy estate, which

21  shall remain subject to challenge by third party creditors.;

22      2.    The Trustee is authorized to use cash collateral under 11 U.S.C. § 363 according to the

23  terms of the Stipulation solely to pay the expenditures set forth in the Budget, subject to the rights of

24  any third party creditor with respect to the Debtor's bankruptcy estate, including the UFI Franchise

25  Rights, which shall not be limited in any manner whatsoever by the approval of the Stipulation;

26      3.    Limited relief is granted from the automatic stay of 11 U.S.C. § 362 to the extent

27  necessary to allow 660 BVD to perfect its adequate assurance liens, subject to the rights of any third

28

ORDER GRANTING MOTION TO APPROVE CASH COLLATERAL AGREEMENT COMPROMISE, AND POST-
PETITION FINANCING

party creditor with respect to the Debtor's bankruptcy estate, including the UFI Franchise Rights, which shall not be limited in any manner whatsoever by the approval of the Stipulation;

4.      The Carve Out is in the best interest of creditors and is approved on the terms set forth in the Stipulation, subject to the rights of any third party creditor with respect to the Debtor's bankruptcy estate, including the UFI Franchise Rights, which shall not be limited in any manner whatsoever by the approval of the Stipulation;

5.      The Professional Fee Financing is approved pursuant to 11 U.S.C. § 364 on the terms set forth in the Stipulation, subject to the rights of any third party creditor with respect to the Debtor's bankruptcy estate, including the UFI Franchise Rights, which shall not be limited in any manner whatsoever by the approval of the Stipulation;

6.      Nothing herein impairs any independent rights held by third parties against 660 BVD and/or third-party entities;

7.      This order does not constitute a finding that Debtor, or its bankruptcy estate, is the owner of UFI's rights in various franchise agreements, and rights to collect franchise fees related thereto;

8.      No aspect of this order shall limit the subject to the rights of any third party creditor with respect to the Debtor's bankruptcy estate, including the UFI Franchise Rights, which shall not be limited in any manner whatsoever by the approval of the Stipulation; and

9.      Any sale of the Debtor's, or its bankruptcy estate's, assets that purport to include UFI's rights in various franchise agreements, and rights to collect franchise fees related thereto, shall be made subject to the subject to the rights of any third party creditor with respect to the Debtor's bankruptcy estate, including the UFI Franchise Rights, which shall not be limited in any manner whatsoever by the approval of the Stipulation.

###

ORDER GRANTING MOTION TO APPROVE CASH COLLATERAL AGREEMENT COMPROMISE, AND POST-PETITION FINANCING

**EXHIBIT – [SIGNATURE PAGE]**
**TO ORDER GRANTING MOTION TO APPROVE CASH COLLATERAL AGREEMENT,**
**COMPROMISE, AND POST-PETITION FINANCING**

APPROVED AS TO FORM:

GREENBERG GLUSKER FIELDS CLAMAN &
MACHTINGER LLP

By: _____
    BRIAN L. DAVIDOFF
    KEITH PATRICK BANNER
    Counsel for Secured Creditor
    660 BVD, LLC

LAW OFFICE OF ERIC ALAN MITNICK

By: _____
    ERIC ALAN MITNICK
    Attorneys for Creditors,
    JOHN PATTERSON and
    WHEATSTRONG ENTERPRISES

G&B LAW, LLP

By: _____
    DOUGLAS M. NEISTAT
    JEREMY H. ROTHSTEIN
    Attorneys for UNOFFICIAL
    COMMITTEE OF FRANCHISEES

GLOBAL LEGAL LAW FIRM

By: _____
    JOSHUA J. HERNDON
    R. MICHAEL GHILEZAN
    Attorneys for Creditors
    WILLIAM HARTER, MONICA HARTER and HELP
    THE ONE, INC.

RESNIK HAYES MORADI LLP

By: _____
    M. JONATHAN HAYES
    MATTHEW D. RESNIK
    ROKSANA D. MORADI-BROVIA
    Attorneys for Franchisees
    CUTTING EDGE VENTURES, INC., DUAFE I, LLC,
    SHEELEY & SONS, INC.

# EXHIBIT 6

# EXHIBIT 6

1                    UNITED STATES BANKRUPTCY COURT

2                    CENTRAL DISTRICT OF CALIFORNIA

3                              --oOo--

4   In Re:                        ) Case No. 8:19-bk-12516-TA
                                  )
5   ULTIMATE BRANDS, INC.,        ) Chapter 7
                                  )
6            Debtor.              ) Santa Ana, California
    _____ ) Tuesday, November 5, 2019
7                                   11:00 a.m.

8                                 MOTION TO APPROVE CASH
                                  COLLATERAL AGREEMENT,
9                                 COMPROMISE, AND POST-PETITION
                                  FINANCING
10
                                  CHAPTER 7 TRUSTEE'S MOTION FOR
11                                ORDER AUTHORIZING OPERATION OF
                                  THE DEBTOR'S BUSINESS PURSUANT
12                                TO 11 U.S.C. SECTION 721

13                    TRANSCRIPT OF PROCEEDINGS
               BEFORE THE HONORABLE THEODOR ALBERT
14                 UNITED STATES BANKRUPTCY JUDGE

15  APPEARANCES:

16  For the Chapter 7 Trustee:     LAILA MASUD, ESQ.
                                   Marshack Hays, LLP
17                                 870 Roosevelt
                                   Irvine, California 92620
18                                 (949) 333-7777

19  For Creditors Monica           JOSH J. HERNDON, ESQ.
      Harter, William Harter       Global Legal Law Firm
20     and Help The One, Inc.:     380 Stevens Avenue, Suite 311
                                   Solana Beach, California 92075
21                                 (858) 256-7435

22

23

24
    Proceedings recorded by electronic sound recording;
25  transcript produced by transcription service.

ii

1  APPEARANCES:  (cont'd.)

2  For the Unofficial           DOUGLAS M. NEISTAT, ESQ.
      Committee of Franchisees:  Greenberg & Bass, LLP
3                                16000 Ventura Boulevard
                                 Suite 1000
4                                Encino, California 91436
                                 (818) 382-6200
5

6  For Creditors Michael        ERIC A. MITNICK, ESQ.
      John Patterson and        Law Offices of Eric Alan
7     Wheatstrong Enterprises:     Mitnick
                                 21515 Hawthorne Boulevard
8                                Suite 1080
                                 Torrance, California 90503
9                                (310) 792-5864

10  For Secured Creditor        KEITH P. BANNER, ESQ.
       660 BVD, LLC:            Greenberg Glusker, LLP
11                              1900 Avenue of the Stars
                                21st Floor
12                              Los Angeles, California 90067
                                (310) 201-7469
13

14  Court Recorder:            Denise Bustillos
                               United States Bankruptcy Court
15                             411 West Fourth Street
                               Suite 2030
16                             Santa Ana, California 92701

17  Transcriber:               Briggs Reporting Company, Inc.
                               2160 Fletcher Parkway
18                             Suite 209
                               El Cajon, California 92020
19                             (310) 410-4151

20

21

22

23

24

25

1

<u>SANTA ANA, CALIFORNIA TUESDAY, NOVEMBER 5, 2019 11:00 AM</u>

1

--oOo--

2

(Call to order of the Court.)

3

THE COURT:  Number 17, Ultimate Brands, Inc.,

4

motion to approve cash collateral agreement, compromise, and

5

post-petition financing.

6

MS. MASUD:  Good morning, your Honor.  Laila Masud

7

on behalf of the Chapter 7 Trustee, Richard Marshack.

8

MR. HERNDON:  Good morning, your Honor.  Josh

9

Herndon appearing on behalf of creditors Monica Harter,

10

William Harter, and Help the One, Inc.  Ms. Harter is in

11

court this morning.

12

MR. BANNER:  Good morning, your Honor.  Keith

13

Patrick Banner --

14

MR. NEISTAT:  Appearing by court call, your Honor,

15

Douglas Neistat, G&B Law, LLP, appearing on behalf of the

16

Unofficial Committee of Franchisees.

17

MR. BANNER:  Good morning, your Honor --

18

MR. MITNICK:  Good morning, your Honor.  Eric

19

Mitnick on court call on behalf of creditors Michael John

20

Patterson and Wheatstrong Enterprises.

21

MR. BANNER:  Good morning, your Honor.  Keith

22

Patrick Banner of Greenberg Glusker, for secured creditor

23

660 BVD, LLC.

24

THE COURT:  Okay.  Has everybody had a chance to

25

2

1  read the tentative?

2          UNIDENTIFIED SPEAKER:  Yes, your Honor.

3          MS. MASUD:  Yes, your Honor.

4          UNIDENTIFIED SPEAKER:  Yes, your Honor.

5          THE COURT:  And who would like to argue the

6  tentative.

7          UNIDENTIFIED SPEAKER:  Yes, your Honor.

8          MR. HERNDON:  I would like to be heard, your

9  Honor, if I may.

10          THE COURT:  Please.

11          MR. HERNDON:  Your Honor, respectfully, we believe

12  that the Trustee is putting the cart before the horse with

13  respect to the relief that he's requesting.  Because the

14  relief that he's requesting assumes the validity of the

15  purported prepetition assignment of Ultimate Franchises or

16  UFI's assets to Ultimate Brand on the eve of the bankruptcy.

17          And we don't believe that that conveyance was

18  proper for several reasons.  It was only very recently that

19  mister --

20          THE COURT:  Why do I have to accept that premise?

21          MR. HERNDON:  Because there's only been one

22  document that's been presented by Mr. Griffiths that

23  provides any evidence that the --

24          THE COURT:  The Court is not going to determine

25  title in this motion.  That's very clear.  And if that

3

1   wasn't clear, let me make it clearer now.

2          This is not a declaratory relief adversary

3   proceeding in which somebody has asked for a Rule 56 order.

4   This is simply a compromise proposed by the Trustee with

5   respect, I guess, to one of potentially several claimants.

6   That's it.

7          So you could, for practical purposes say, this is

8   a motion regarding a compromise over the Trustee's rights to

9   the Brooklyn Bridge.  That's about as far as you're going to

10  get with respect to determination of what are the underlying

11  rights.  Does that help you frame the argument?

12         MR. HERNDON:  I think so, your Honor.  I mean, I

13  just want to be clear that the concern is that the practical

14  effect of granting the Trustee's motions could be to, I

15  guess, deem valid this conveyance of the asset.

16         THE COURT:  Not going to happen.  The Court is

17  specifically disclaiming any of that.  I recognized from day

18  one that that's a disputed one.  The Court is in no

19  position, nor is it inclined to give a summary order

20  clarifying title.

21         What the Trustee has however pointed out, I think,

22  although perhaps more gracious than this in the way he put

23  it, hey, there's no money here.  There's nothing I can do.

24  This is about the only chance that unsecured creditors have

25  of getting anything.  Framed that way, why would I say, no?

4

1          MR. HERNDON:  I think that among the reasons for

2    saying no is that in the motion for authorization to act

3    under the collateral agreement, the Trustee did not submit

4    any evidence to show that there were no other means of

5    obtaining the kind of financing that the Trustee has

6    obtained through 660 BVD.  He's requesting --

7          THE COURT:  So your premise is that Trustee has to

8    first prove that this estate is upside down and flat broke?

9          MR. HERNDON:  No.  I'm glad you brought that up.

10   I think the Trustee does need to make an evidentiary showing

11   that it is in the best interest of the creditors to enter

12   into this agreement with 660 BVD.  Because it does seem to

13   favor 660 BVD at the expense of the other creditors, not

14   only of the bankruptcy --

15         THE COURT:  Yeah, but they're paying for it.

16   They're paying something, as opposed to your clients and the

17   other objectors, who want to jeer from the sidelines, but

18   offer no solution.

19              Now I -- don't get me wrong.  It's not that I'm

20   antagonistic to your position, but from the standpoint of

21   the Trustee, he says there's nothing I can do other than

22   filing a no-asset report today.  There's nothing I can do

23   except play ball with this major secured creditor.  And by

24   the way, yeah, litigation would be a way to get their

25   attention, but there's no money here to finance litigation.

5

1          So, your client and the other objectors would have

2   a much more receptive audience if you were talking about

3   money, i.e., yeah, give us a war chest to fight with the

4   gorilla, then maybe we have something we can talk about.

5   But, otherwise, what's the Trustee going to do?  He's either

6   got to fold his flag right now or go to the next step.

7          MR. HERNDON:  I think -- and thank you for the

8   clarification.  I -- and I don't want to make a hard one out

9   of an easy one, but I just want to be very clear that, you

10  know, my clients ended up losing a lot of money because of

11  what Mr. Griffiths and --

12          THE COURT:  This is a catastrophe --

13          MR. HERNDON:  It is.

14          THE COURT:  -- for everybody that touched it.

15  Unfortunately, it's way too off from the case in bankruptcy.

16  It's a complete mess.  I don't want to say anybody's

17  responsible, or you could say everybody's responsible.  But

18  it's just a very bad situation.  I get that.

19          The Trustee is saying, Judge, this is my only path

20  out of the wilderness.  I don't think I have much to bargain

21  with anyway, so let me do this deal.  So unless somebody can

22  point to something that is a true prejudice to your

23  position, why would I say, no?

24          MR. HERNDON:  And, in fact, there may not be a

25  true prejudice if the Trustee's motions are granted, if my

6

1  clients are still able to take action with respect to the

2  purported prepetition assignment.  If they would still be

3  able to act -- I mean, they've considered the possibility --

4          THE COURT:  No adjudication is offered nor

5  intended to the Brooklyn Bridge.  So, I guess --

6          MR. HERNDON:  Very well, your Honor.

7          THE COURT:  -- BVD, whatever their name is, 660

8  BVD?  Yeah.  They must reckon that proceeding further is

9  probably buying a lawsuit with your folks.

10          MR. HERNDON:  I -- frankly, your Honor, I think

11  there's a really good chance of that.

12          THE COURT:  I'm sure there is.

13          MR. HERNDON:  And, by the way, I appreciate you

14  giving me the time.  I don't want to drone on and on.  I

15  just --

16          THE COURT:  Do not -- no.

17          MR. HERNDON:  -- am advocating for them --

18          THE COURT:  I want zealous advocacy, and yours is

19  among those.

20          MR. HERNDON:  I want to make sure --

21          THE COURT:  So, thank you very much for doing

22  that.

23          MR. HERNDON:  -- that their rights are protected.

24          THE COURT:  You betcha.

25          MR. HERNDON:  Very well, your Honor.  I'm

7

1  finished.

2         THE COURT:  Who else would like to speak to the

3  tentative?

4         MR. MITNICK:  Your Honor, Eric Mitnick on the

5  phone for objecting creditors Patterson, Wheatstrong.  We

6  share in the arguments made by Harter.  And our concern

7  comes from the breadth of that stipulation to use cash

8  collateral, that appears to cut off any rights to challenge

9  the fraudulent transfer to the Debtor.

10        As long as there's language that preserves the

11 ability of other creditors to do that, we understand

12 completely where the Court is coming from.  But it's so

13 broad and it's so overreaching.  It cuts off any ability to

14 challenge 660 BVD's claim, and any collateral that's

15 securing that claim in this estate.

16        So that's, again, why we joined in the opposition

17 of Harter.  And with that clarification, we don't have

18 further opposition.

19        THE COURT:  All right.  I'm going to construe your

20 argument to be something like the following.  There's a case

21 from the Supreme Court called Moore v. Bay.  And what Moore

22 v. Bay says is that if a creditor has a fraudulent

23 conveyance theory, in a bankruptcy the transferor becomes

24 the sole plaintiff under that theory.

25        And, therefore, by this compromise, the Trustee's

8

1  giving up the right to challenge 660 BVD under some sort of
2  fraudulent conveyance theory.  Is that about what you're
3  arguing?
4           MR. MITNICK:  That is essentially it, because BVD
5  is not -- 660 BVD has been trying to improve its position
6  and its collateral base from the original emergency motion
7  for use of cash collateral that was denied by this Court
8  back in August.  With the Court's perception with which we
9  agreed, that the transfer for no consideration was a
10 fraudulent transfer.  And Uniform Franchises, Inc. is a
11 different entity.  It is not a debtor in this case.
12          So the creditors of Ultimate Franchises, Inc. are
13 being prejudiced by the proposed agreement that this Court
14 appears to be willing to approve.
15          THE COURT:  Well, I think the more nuanced way to
16 put it is this.  As far as the estate's claim against 660
17 BVD or against somebody else for fraudulent conveyance, to
18 the extent that's wrapped up in this agreement, I am
19 prepared to approve that in exchange for what seems to be
20 some consideration.
21          Now, it's not a sweet deal because, frankly, the
22 Trustee has very few cards to play.  I am, however,
23 sensitive to the argument that other parties may still
24 persist in the claim that there's something wrong with how
25 title was passed.  So what I think I'm inclined to do is I'm

9

1  inclined to say, I will bind the rights of the estate, but

2  not affected third-party creditors.  So that basically

3  carves out of Moore v. Bay any theory that might otherwise

4  apply.  That's where I'm inclined to go with this thing.

5       MR. MITNICK:  That is acceptable to my clients,

6  your Honor.

7       THE COURT:  All right.

8       Who else?

9       MS. MASUD:  If I may, your Honor.

10       THE COURT:  Yes, Ms. Masud.

11       MS. MASUD:  The Trustee just wanted to provide a

12  quick status update to the Court, because there were some

13  comments made in the tentative about what is the status of

14  sale?  Where are we?  How far are we?

15       So, here's the latest and greatest.  We anticipate

16  -- we have reached a deal.  We are going to be documenting

17  it in the next few weeks.  The stalking horse bidder is the

18  Unofficial Committee of Franchisees.

19       We hope to have the sale motion filed by November

20  19, so that it could be heard on December -- I'm sorry,

21  December 10.  We checked the Court's calendar.  It is an

22  available date.  And so, we just wanted to ask the Court if

23  we could potentially include that December 10 is going to be

24  a sale hearing date in the motion, just so that all parties

25  continue with that in mind, that there is this cutoff coming

10

1  up.

2         THE COURT:  I don't know how to respond to that.

3  I mean, what's before me is a motion to approve a

4  compromise.  I'm prepared to grant yes to that.  I'm

5  certainly open for any business that you bring to me.

6         If you're trying to set a deadline out of this

7  motion -- is that what you're doing?

8         MS. MASUD:  To an extent, your Honor.  The Trustee

9  just wanted something in writing from the Court that this is

10 going to be the sale hearing date, and all parties should

11 get --

12        THE COURT:  You don't need --

13        MS. MASUD:  -- to that point.

14        THE COURT:  If that's an open date, you can assume

15 that's it.  That will be the sale date.

16        MS. MASUD:  Understood, your Honor.

17        THE COURT:  What I'm leery about doing is what I

18 thought you were arguing, which is, well, somebody's got to

19 file something ahead of time or else they're barred.  To the

20 extent that that's something other than what the local rules

21 require, I don't want to do that because it violates due

22 process.

23        MS. MASUD:  Absolutely, your Honor, and that is

24 not the request.

25        THE COURT:  All right.

1        MS. MASUD:  Just simply sale hearing date December

2    10.

3        THE COURT:  Okay.  So you could just regard this

4    as like a regular motion under Section 363, to sell

5    substantially all of the assets.  The local rules apply.

6    Everybody should know what they are.  They have a date

7    certain by which they must file opposition.  And we'll

8    proceed that way.

9        I do want to circle back on the order concluding

10   this proceeding though.  And this -- to amplify what I just

11   got finished saying.

12       I hear the pain of some of the people out there

13   who say, well, look, the Trustee never should have had this

14   asset because it was fraudulently conveyed.  And there is

15   this case, Moore v. Bay -- if you're not familiar with it,

16   look it up.

17       And I'm prepared to say, the estate will be bound,

18   but third-party offended creditors will not be bound, and

19   they have the right to attack the underlying transaction,

20   because they're going to finance it themselves.  Unlike this

21   poor estate who has no money, these folks, presuming they

22   have a good case, can take their own shot.

23       MS. MASUD:  Understood, your Honor.

24       THE COURT:  All right?

25       MS. MASUD:  And I will make sure that's included

12

1    in the order --

2              THE COURT:    All right.

3              MS. MASUD:    -- and circulated to the parties.

4              THE COURT:    Anything else from anybody who wants

5    to adds to that or clarify?

6              MR. BANNER:    If I could just respond to some of

7    the comments that were made.

8              THE COURT:    Sure.

9              MR. BANNER:    Thank you, your Honor.    I do agree

10   with the tentative.    I do appreciate the Court's very

11   reasoned and thorough tentative.    I just want to address

12   some of the comments that were made by counsel regarding 660

13   BVD's claims -- again, Keith Banner for 660 BVD, LLC.

14             Certainly, what there -- at no step during -- at

15   no step relating to 660 BVD or with regard to this

16   stipulation has there ever been a transfer for no

17   consideration.

18             To the extent Mr. Mitnick was referring to the

19   franchise agreements, that's completely separate.    But when

20   we're talking about 660 BVD's purchase, as we've submitted

21   on the record, there's declarations on the docket.

22             THE COURT:    You bought this from a financial

23   institution, right?

24             MR. BANNER:    Yeah -- well, yeah.    It was purchased

25   from -- at face value from the bank, the local bank, because

13

1  Mr. Griffiths had defaulted on the loan.  And that's --

2          THE COURT:  It happens every day of the year.

3          MR. BANNER:  -- certainly how the transaction

4  arose.  That is how the -- you know, we are a senior secured

5  lender because of that particular, you know, that default,

6  that particular loan that was defaulted on, which we

7  purchased for face value.

8          And as part -- as your Honor has acknowledged, as

9  part of this stipulation, you know, certainly there's plenty

10 of consideration.  My client would be more than happy if any

11 of the creditors would step up and finance the professional

12 fees and, you know, the financing component of this

13 stipulation.  No one has stepped up at this point.

14         We are left, to a certain extent, holding the bag,

15 and, you know, we've done what we need to do to keep this

16 case moving forward, and giving -- providing significant

17 concessions, you know, in the process.

18         So I just want to make sure that it's clear.  We

19 would ask that the stipulation as it's drafted be granted in

20 its entirety.  I think we've given more than fair

21 consideration for, you know, for what the estate is being

22 provided.

23         We -- the only reason this case is proceeding now

24 is because of my client.  And I know the Court recognizes

25 that, and I just want to make sure that is very clear.

1  Thank you, your Honor.

2          THE COURT:  It is painfully clear to the Court.

3  The only part of this that's a little weird is this part

4  about Moore v. Bay and fraudulent conveyances.  I think that

5  creditors, insofar as they have independent standing to

6  attack any of these transactions as fraudulent conveyances,

7  I think that right should persist.  The only body that is

8  bound by this is the estate.

9          The estate by entering into this agreement is

10  essentially giving a release of claims by the estate, i.e.,

11  the Trustee of, I guess, all theories.  Preference,

12  equitable subordination, contractual subordination, any of

13  those kind of theories, the estate must stay silent, because

14  they have surrendered their rights for consideration.

15  That's what I want the order to read.

16          If offended creditors or franchisees have

17  independent rights, and I'm thinking primarily a fraudulent

18  conveyance, because that's what Moore v. Bay was about,

19  those can persist.  And so if they want to independently

20  finance their claim against this consolidated entity, I

21  guess they still have leave to do that.  But preference,

22  fraudulent conveyance by the estate, equitable subordination

23  by the estate, all those things are sold.

24          All right.  So that will be the order.

25          Would you submit that, Ms. Masud, and be sure that

15

1  that point is clarified?

2          MS. MASUD:   Absolutely.

3          THE COURT:  And, if possible, try to get your

4  colleagues to take a look at it to be sure that they don't

5  have to object to the form of order.

6          MR. BANNER:  Yeah, we would like to see a copy of

7  that order, your Honor.

8          THE COURT:  All right.  Yeah.

9          MR. BANNER:  We want to make sure that no

10 creditors try to assert claims that are owned by -- that

11 have been released as part of the estate.  So, thank you.

12         THE COURT:  All right.  Very well.  The Movant

13 will submit a form of order.  Thank you.  Good luck.

14         UNIDENTIFIED SPEAKER:  Thank you, your Honor.

15         THE COURT:  Hope to see you in December -- what

16 date was it?

17         MS. MASUD:  December 10th, your Honor.

18         THE COURT:  Okay.  Very good.

19         MR. MITNICK:  Thank you, your Honor.  Have a good

20 day.

21         THE COURT:  You, too.

22         There is another Ultimate Brands matter on.

23 That's 17.10.  It's filed as motion for order authorizing

24 operation.  I guess that can be granted.  Is there any

25 problem with that?

16

1          MS. MASUD:  No, your Honor.  I just wanted to

2 provide a further update to the Court, that in light of the

3 upcoming sale hearing, the Trustee anticipates that

4 continued operations to collect the franchisor funds --

5          THE COURT:  So that's what you're doing, you're

6 basically collecting money?  Are you maintaining your end of

7 things --

8          MS. MASUD:  We --

9          THE COURT:  -- like updating the web site --

10          MS. MASUD:  "The web site."

11          THE COURT:  -- and things like that?

12          MS. MASUD:  We are doing what we can, your Honor.

13 And with this order, hopefully, we can continue doing that

14 and maybe even a little bit more.

15          But we do anticipate only needing the order

16 through December 20th.  So no longer January 31st.  So, I

17 will go ahead and make sure that that's in the order.

18          THE COURT:  All right.  Why don't you put that in

19 the order.

20          MS. MASUD:  Okay.  That's it.  Thank you, your

21 Honor.

22          THE COURT:  Yes, counsel?

23          MR. HERNDON:  Just -- and I'll make it really

24 brief, your Honor, because, again, I don't want to make a

25 hard one out of an easy one.

17

1          I just want to make sure that by the Court

2    granting this particular motion by the Trustee, it doesn't

3    show acquiescence on behalf of my clients to the validity of

4    the --

5          THE COURT:  No.  Nor --

6          MR. HERNDON:  Okay.

7          THE COURT:  -- is it a blessing of the adequacy of

8    performance under contractual arrangement.  I'm not doing

9    any of that.

10          MR. HERNDON:  Okay.

11          THE COURT:  My -- what I'm really doing is a very

12    modest thing, which is to allow a trustee to continue

13    operating as best he can, clearly in your view not

14    adequately, until this thing can get sold.

15          Without my order, one could say the code dictates

16    that he stop all the music now and just try to liquidate the

17    assets.  Okay.  So, I'm giving him a permission to continue

18    to operate.

19          MR. HERNDON:  Part -- inclusive of, for instance,

20    providing an accounting of franchise fees collected?

21          THE COURT:  He's supposed to -- I'm sure he's

22    supposed to do a lot of things that you can point to in the

23    agreements that he's not doing.  It doesn't surprise me.

24    All I'm saying by this order is, you can keep trying to try.

25          MR. HERNDON:  Okay.

18

1          THE COURT:  And that's all, you know, I'm saying.

2          MR. HERNDON:  Very well.

3          THE COURT:  Okay?

4          MR. HERNDON:  Thank you for the time.  Appreciate

5     it.

6          MR. NEISTAT:  If I may be heard, your Honor.

7     Douglas Neistat on behalf of the Unofficial Committee of

8     Franchisees.

9          THE COURT:  Yes.

10          MR. NEISTAT:  We concur with counsel's summary of

11     the case in its present posture.  An agreement has been

12     reached in principal involving the sale of assets, and that

13     will be -- that's where they're (indiscernible) the December

14     10 hearing date.

15          I just want to make sure that the Trustee's

16     authority to operate will extend through that December 20

17     date and not beyond.  Because the original application was

18     for January 31st, and my client has a great deal of concern

19     that that takes it into a period of time where it frustrates

20     the -- continues to frustrate the ability to franchisees to

21     operate.

22          THE COURT:  I understood Ms. Masud was modifying

23     her motion to move up the date to December 20th, and that's

24     what I expect the order to say.

25          MS. MASUD:  That's what my client asked.

*Briggs Reporting Company, Inc.*

19

1          MR. NEISTAT:  Thank you, your Honor.

2          THE COURT:  All right.  Very good.

3      (Proceedings concluded.)

4

5

6          I certify that the foregoing is a correct

7   transcript from the electronic sound recording of the

8   proceedings in the above-entitled matter.

9

10  /s/ Holly Steinhauer_____    11-20-19_____
    Transcriber                    Date

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

*Briggs Reporting Company, Inc.*