| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>D. EDWARD HAYS, #162507<br>ehays@marshackhays.com<br>DAVID A. WOOD, #272406<br>dwood@marshackhays.com<br>TINHO MANG, #322146<br>tmang@marshackhays.com<br>MARSHACK HAYS LLP<br>870 Roosevelt<br>Irvine, CA 92620<br>Telephone: (949) 333-7777<br>Facsimile: (949) 333-7778<br><br>Chapter 7 Trustee<br><br>☐ Individual *appearing without an attorney*<br>☒ *Attorney for:* Richard A. Marshack, Trustee | FOR COURT USE ONLY |
|---|---|

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – <u>SANTA ANA</u> DIVISION**

| In re:<br><br>ULTIMATE BRANDS,<br><br><br><br><br><br><br><br>Debtor(s) | CASE NO.: 8:19-bk-12516-TA<br><br>CHAPTER: 7<br><br>**NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE RE:** <u>MOTION TO APPROVE COMPROMISE WITH UNOFFICIAL COMMITTEE OF ULTIMATE BRANDS FRANCHISEES REGARDING ROYALTY PAYMENTS</u> |
|---|---|

PLEASE TAKE NOTE that the order titled <u>ORDER GRANTING MOTION TO APPROVE COMPROMISE WITH UNOFFICIAL COMMITTEE OF ULTIMATE BRANDS FRANCHISEES REGARDING ROYALTY PAYMENTS</u> was lodged on <u>January 23, 2020</u> and is attached. This order relates to the motion which is docket number <u>277</u>.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*    Page 1    **F 9021-1.2.BK.NOTICE.LODGMENT**

# LODGED ORDER

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*                              Page 2                              **F 9021-1.2.BK.NOTICE.LODGMENT**



**Bankruptcy LODGED ORDER UPLOAD FORM**

Thursday, January 23, 2020

CONFIRMATION :

You've successfully uploaded the order:
( **10034620.doc** )
A new order and exhibit has been added

- **Office**:  Santa Ana
- **Case Title**:  Ultimate Brands Inc
- **Case Number**:  19-12516
- **Judge Initial**:  TA
- **Case Type**:  bk ( Bankruptcy )
- **Document Number**:  277
- **On Date**:  01/23/2020 @ 06:56 PM

Please print 🖨 this confirmation for future reference.

Thank You!

United States Bankruptcy Court,  Central District of California
Edward R. Roybal Federal Building and Courthouse
255 East Temple Street, Los Angeles, CA 90012

D. EDWARD HAYS, #162507
ehays@marshackhays.com
TINHO MANG, #322146
tmang@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, California 92620-5749
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Chapter 7 Trustee,
RICHARD A. MARSHACK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

In re

ULTIMATE BRANDS, INC.,

　　　　Debtor.

Case No. 8:19-bk-12516-TA

Chapter 7

ORDER GRANTING MOTION TO APPROVE COMPROMISE BETWEEN TRUSTEE AND SETTLING FRANCHISEES

☒ SIGNATURE PAGE ATTACHED

[Motion - Docket No. 277]

Hearing
Date:     January 7, 2020
Time:     11:00 a.m.
Ctrm:     5B
Location: United States Bankruptcy Court
          411 West Fourth Street
          Santa Ana, CA 92701-4593

　　　The Court has read and considered the motion to approve compromise ("Motion") filed by Richard A. Marshack, in his capacity as the Chapter 7 Trustee ("Trustee") of the bankruptcy estate ("Estate") of Ultimate Brands, Inc. ("Debtor"), to approve the settlement and compromise set forth in paragraphs 5-11 of the certain asset purchase agreement ("APA")[1] between the Trustee and certain members ("Settling Franchisees") of the Unofficial Committee of Ultimate Brands Franchisees ("Committee").

---

[1] All terms not defined in this order are used as they are defined in the APA.

1

4843-9069-1246, v. 2

A hearing was held on the Motion on January 7, 2020, at 11:00 a.m., the Honorable Theodor C. Albert, United States Bankruptcy Judge, presiding. Appearances were as noted on the record.

After consideration of all of the pleadings filed in connection with the instant Motion and the other pleadings filed in connection with the motion to approve the APA with respect to the sale aspects of the APA, for the reasons stated in the Court's tentative ruling on the Motion attached as Exhibit "1" and as stated on the record, the Court has found good cause to approve the Motion and the relief requested therein.

Good cause appearing, IT IS ORDERED that:

1. To the extent that there is any conflict between the APA and this Order, the language of this Order shall control;

2. The compromise set forth in paragraphs 5-11 of the APA attached as Exhibit 1 to the Declaration of Richard A. Marshack appended to the Motion is approved, including the provision that all payments for the Compromised Postpetition Royalties shall be made in full within two business days of entry of this Order. The benefits to be received by each Settling Franchisee are conditioned upon their timely payment of the Compromised Postpetition Royalties;

3. The APA compromises only the Estate's claims against Settling Franchisees and the Settling Franchisees' claims against the Estate; any claims, defenses, causes of action, and legal and/or equitable rights which might be asserted by or against any party other than the Trustee and the Settling Franchisees shall not be affected in any way by this Order;

4. The Trustee asserts that the Debtor is sole entity authorized to operate the Debtor's business and serve as a franchisor and collect royalties under the Franchise Agreements; *however*, nothing in this Order shall be construed as a determination of those issues.

5. The payments from the Settling Franchisees constitute proceeds solely of a compromise subject only to the lien held by 660 BVD, LLC ("660 BVD"). Such payments are not proceeds of any sale of the Debtor's assets to be distributed according to the terms of the stipulation between the Trustee and 660 BVD, filed as Docket No. 295, and the Cash Collateral Stipulation between the Trustee and 660 BVD, filed as Docket No. 173 and approved by order of this Court as Docket No. 255;

4843-9069-1246, v. 2

6. The Franchise Agreement of each Settling Franchisee shall be deemed rejected and terminated under 11 U.S.C. § 365 upon consummation of the sale to the Buyer and payment in full by each Settling Franchisee of the Compromised Postpetition Royalties in the amounts listed in Schedule D and to the extent that such Franchise Agreement was not already deemed rejected and terminated under 11 U.S.C. § 365(d)(1);

7. The Trustee is authorized to execute any other documents which may be necessary to consummate the compromise; and

8. This Court retains jurisdiction: (a) to interpret, enforce, and implement the terms and provisions of this compromise; and (b) to resolve any disputes arising under or related to this order.

###

| | |
|---|---|
| 1 | **SIGNATURE PAGE RE: ORDER GRANTING COMPROMISE MOTION** |
| 2 | **APPROVED AS TO FORM:** |
| 3 | MARSHACK HAYS LLP |
| 4 | By: _/s/ Tinho Mang_ |
| 5 | D. EDWARD HAYS<br>TINHO MANG<br>Attorneys for Chapter 7 Trustee, |
| 6 | RICHARD A. MARSHACK |
| 7 | G&B LAW, LLP |
| 8 | By: _[signature]_ |
| 9 | DOUGLAS M. NEISTAT<br>JEREMY H. ROTHSTEIN |
| 10 | Attorneys for UNOFFICIAL<br>COMMITTEE OF FRANCHISEES |
| 11 | G&B LAW, LLP |
| 12 | By: _[signature]_ |
| 13 | DOUGLAS M. NEISTAT<br>JEREMY H. ROTHSTEIN |
| 14 | Attorneys for UNOFFICIAL<br>COMMITTEE OF ULTIMATE BRANDS |
| 15 | FRANCHISEES COOPERATIVE TRUST |
| 16 | GREENBERG GLUSKER FIELDS CLAMAN &<br>MACHTINGER LLP |
| 17 | By:_____ |
| 18 | BRIAN L. DAVIDOFF<br>KEITH PATRICK BANNER |
| 19 | Counsel for Secured Creditor<br>660 BVD, LLC |
| 20 | GLOBAL LEGAL LAW FIRM |
| 21 | By: _not approved, objection to follow_ |
| 22 | JOSHUA J. HERNDON<br>R. MICHAEL GHILEZAN |
| 23 | Attorneys for Creditors<br>WILLIAM HARTER, MONICA HARTER and |
| 24 | HELP THE ONE, INC. |
| 25 | LAW OFFICE OF ERIC ALAN MITNICK |
| 26 | By: _not approved._ |
| 27 | ERIC ALAN MITNICK<br>Attorneys for Creditors,<br>JOHN PATTERSON and |
| 28 | WHEATSTRONG ENTERPRISES |

4

4843-9069-1246, v. 2

# EXHIBIT "1"

# United States Bankruptcy Court
## Central District of California
### Santa Ana
### Judge Theodor Albert, Presiding
### Courtroom 5B Calendar

**Tuesday, January 7, 2020**                                        **Hearing Room**     **5B**

<u>11:00 AM</u>
**8:19-12516**     **Ultimate Brands Inc**                                               **Chapter 7**

    **#14.00**     Motion To Approve Compromise With Unofficial Committee Of Ultimate Brands Franchisees Regarding Royalty Payments

                 Docket     277

**Tentative Ruling:**

    Tentative for 1/7/20:
         This is the Chapter 7 Trustee, Richard Marshack's ("Trustee's") motion to approve compromise agreement between the Estate and certain members of the unofficial committee of Ultimate Brands franchisees ("Settling Franchisees") pursuant to FRBP 9019. This memorandum addresses issues intimately related to the sale motion also on calendar (#13) and so should be read in conjunction with the memorandum on that motion. Trustee requests the following relief:

         1. Approving the compromise set forth in paragraphs 5-11 of the Asset Purchase Agreement ("APA") attached as Exhibit 1 to the Marshack Declaration ("Agreement" or "Settlement Agreement");

         2. Authorizing the Trustee to provide the releases specified in the Agreement;

         3. Authorizing the Trustee to execute any other documents which may be necessary to consummate the Agreement.

    The motion is opposed by creditors William Harter, Monica Harter, and Help the One, Inc. ("Creditors"). Creditors are joined by Michael John Patterson and Wheatstrong Enterprises. The essential terms of the compromise, as summarized by Trustee, are as follows:

         "The Settling Franchisees waive any challenge that the prepetition assignment of their franchise agreements from Ultimate Franchises, Inc. ("UFI") was in any way invalid, and agree to settle and compromise their post-petition royalty obligations at a reduced rate of 3.5% in exchange for a waiver of any other defense or right to offset based on the Settling Franchisees' vigorous assertions of pre- and post-petition breaches of their franchise agreements by the Debtor. Under the terms of the proposed

# United States Bankruptcy Court
# Central District of California
Santa Ana
Judge Theodor Albert, Presiding
Courtroom 5B Calendar

**Tuesday, January 7, 2020**                                                                 **Hearing Room    5B**

**11:00 AM**
**CONT...    Ultimate Brands Inc**                                                                    **Chapter 7**

compromises, the Trustee expects to receive approximately $95,000 in otherwise disputed royalty payments, where the Settling Franchisees' defenses to payment would be prohibitively costly and time-consuming to litigate, and where the likelihood of success in such litigation is greatly uncertain." (Trustee's Motion, p. 2)

The 9th Circuit has recognized in *Martin v. Kane (In re A&C Properties)*, 784 F.2d 1377 (9th Cir. 1986), cert denied, 479 U.S. 854 (1986), that bankruptcy courts have wide discretion in approving compromises. In approving the compromise, the court must find that the compromise is fair and equitable and that the negotiations were conducted in good faith. In doing so, the court must consider:

1. Probability of success in litigation;

2. Difficulties in collection;

3. Complexity and expense of litigation;

4. Best interest of creditors.

Each of the *A&C Properties* factors are met here for the reasons explained below:

**1. Probability of Success**

Trustee argues that if he attempted to collect any amount of post-petition royalties from the Settling Franchisees, the Settling Franchisees have advised that they would assert defenses to payment such as alleged pre-petition and post-petition defaults in the franchisor's obligations under the franchise agreements. Further, Trustee notes that a number of franchisees have previously sued the Debtor, UFI, and the individuals involved with the 18|8 business seeking rescission of their franchise agreements based on legal and equitable theories – essentially, that they were unlawfully induced to enter into franchise agreements and therefore the agreements should be cancelled. There are also issues related to a certain "Marketing Fee" in the franchise agreements that would likely be the subject of litigation. Trustee also notes that it is possible that the Settling Franchisees would assert defenses under the California Franchise Relations Act ("CFRA"), Cal. Bus. &

# United States Bankruptcy Court
# Central District of California
### Santa Ana
### Judge Theodor Albert, Presiding
### Courtroom 5B Calendar

**Tuesday, January 7, 2020**                                                                                       **Hearing Room    5B**

**11:00 AM**
**CONT...    Ultimate Brands Inc**                                                                                                           **Chapter 7**

Profs. Code §§ 20000 et seq., which provides in pertinent part that bankruptcy by "the business to which the franchise relates" is an express statutory justification for termination without an opportunity to cure. *See* Cal. Bus. & Prof. Code § 20021(a). For these and other reasons, Trustee believes that any litigation between the Estate and the Settling Franchisees would be heavily fact-intensive and likely protracted, making the success of litigation uncertain at best. By contrast, Trustee argues that by settling, the Estate will avoid the costs and other difficulties likely to abound in the event of litigation.

Creditors argue that Trustee has not satisfactorily demonstrated that this prong weighs in favor of approving the Settlement Agreement. For example, Creditors point out that Trustee's assessment of the outcome of potential litigation is inadequately supported by evidence beyond his own declaration, making his prognosis speculative at best. Creditors also point out that the Settlement Agreement would still not resolve the issue of whether the "purported assignment" was valid.

Trustee, in reply, argues that Creditor's assertions make Trustee's arguments stronger. Trustee points out that by arguing that Trustee did not have a legal right to enter into the Agreement with the Settling Franchisees, Creditors are casting doubt on Trustee's ability to collect on the royalties owed under the franchise agreements, which makes success in the litigation that much less likely. In response to Creditors' concerns over insufficient detail provided in Trustee's assessment, Trustee persuasively cites *Burton v. Ulrich (In re Schmitt),* 215 B.R. 417, 425 (B.A.P. 9th Cir. 1997) where the *Burton* court stated:

> A compromise should not be approved where key facts relevant to a cause of action are not revealed. An approval of a compromise, absent a sufficient factual foundation, inherently constitutes an abuse of discretion. On the other hand, in determining whether to propose a compromise, a trustee need not burden the estate with costs and expenses arising out of all manner of questions that may be presented for litigation. (Internal citations and quotation marks omitted)

Trustee argues, citing the above language, that he is not required to provide exhaustive detail or to mock up hypothetical arguments and litigate against himself in

# United States Bankruptcy Court
## Central District of California
### Santa Ana
### Judge Theodor Albert, Presiding
### Courtroom 5B Calendar

**Tuesday, January 7, 2020**                                                                                                            **Hearing Room    5B**

<u>11:00 AM</u>
**CONT...      Ultimate Brands Inc                                                                                                                       Chapter 7**

the context of a proposed settlement and compromise. This does appear to be what Creditors are arguing Trustee must do, but they do not provide any support for that argument. This factor weighs in favor of approving the compromise because Creditors have not raised sufficient factual or authoritative arguments that warrant overriding the Trustee's judgment.

### 2. Difficulties in Collection

Trustee argues that, in the event of successful litigation, collection efforts might well be hampered by the Settling Franchisees simply choosing to shutter their doors and cease operating, which would likely mean that the Estate would ultimately collect little or nothing on any judgments obtained. In fact, Trustee asserts that several Settling Franchisees are insolvent and nearly on the brink of filing their own bankruptcy petitions. This fact also calls into question the ability of the Estate to collect on any judgment obtained through litigation. Trustee also argues that since each Settling Franchisee owes at most approximately $20,000 to the Estate, the costs of collections are likely therefore to exceed the collectible amount, or at least nearly so. Creditors' again argue that Trustee's motion is inadequately supported by evidence. For example, Creditors argue that Trustee is simply asserting, without substantiation, that several of the Settling Franchisees are insolvent, or nearly so, without providing any admissible proof of those assertions. However, Trustee's assertions are supported by the Unofficial Committee of Franchisees and specifically by the Declaration of Austin Graff, a member of that committee. It is unrealistic to expect a forensic analysis of collectability before any compromise of litigation, particularly, as here, where the Estate has so few resources to work with. The court is satisfied that the Trustee has properly weighed this issue, which supports the compromise.

### 3. Complexity and Expense of Litigation

Trustee argues that the litigation, as noted above, could potentially be quite complex as it is likely to be highly fact intensive, requiring intense scrutiny of the franchise agreements. Also, as noted above, there is an open question of law as to whether the California Franchise Investment Law ("CFIL") applies to the operation of a franchise as opposed to a sale of a franchise to a franchisee by a franchisor. Trustee further points out that the objecting parties in this case have argued that the

# United States Bankruptcy Court
## Central District of California
Santa Ana
Judge Theodor Albert, Presiding
Courtroom 5B Calendar

**Tuesday, January 7, 2020**                                                                        **Hearing Room**      **5B**

**11:00 AM**
**CONT...**      **Ultimate Brands Inc**                                                                                **Chapter 7**

Trustee could not operate the Debtor's business or operate as a franchisor under California's franchise statutes. Trustee notes that neither the Debtor nor the Trustee were registered with the California Department of Business Oversight to operate as a franchisor of 18|8 franchises, and the lack of registration poses another complex legal question as to whether the Debtor's operation was even subject to CFIL. All these questions regarding CFIL arise, Trustee asserts, because there was a contested prepetition assignment of all of the rights of UFI (which is a registered franchisor) to the Debtor (which is not), another issue which the Trustee would have to litigate as the fiduciary for the Debtor and not for UFI. Lastly, Trustee points out that the litigation is further complicated by the fact that the Settling Franchisees are in no fewer than 15 states, and, therefore, litigation may implicate diverse and possibly conflicting matters of state law governing the sale and operation of a franchise.

Creditors argue that the sale, which is the subject of the Settlement Agreement, may actually be illegal. Creditors argue that the Trustee does not have the legal right to enter into the Settlement Agreement with respect to the Franchise Agreements because the Franchise Agreements, and the claims and rights related thereto, are not assets of the Estate, and are therefore not subject to the Trustee's administration of the Estate. In response to Trustee's assertion that the multitude of state laws makes litigation more uncertain and complex, Creditors argue that this consideration also weighs against approving the Settlement Agreement. This is because, Creditors argue, the subject matter of the Agreement may not comply with the laws of one of more of those states.

But in reply, Trustee persuasively argues that the legal questions raised by Creditors actually make the case for approving the Settlement Agreement that much stronger because it demonstrates how hotly contested the litigation would likely be. It is not clear why Creditors opine that the sale is illegal and that the Franchise Agreements are not property of the Estate. If this is so, then the Trustee will likely have nothing to collect upon, which would mean litigation is nearly certain to end in failure from the Trustee's and Estate's point of view, making the "better than nothing" argument. If the probability of success in litigation is low or nil, does that not favor approving the Settlement Agreement to improve the chances that the Estate's creditors get something?

# United States Bankruptcy Court
# Central District of California
### Santa Ana
### Judge Theodor Albert, Presiding
### Courtroom 5B Calendar

**Tuesday, January 7, 2020**                               **Hearing Room**     **5B**

**11:00 AM**
**CONT...**      **Ultimate Brands Inc**                                     **Chapter 7**
             **4. Best Interests of Creditors**

       As Trustee argues, this settlement would avoid complex and potentially costly litigation, the outcome of which, even if Trustee were successful, would likely not benefit creditors of the Estate for the reasons discussed above.  By contrast, the Settlement would guarantee at least some recovery for creditors of the Estate. Trustee believes that this is the best and probably the only good outcome for all parties involved.

       Creditors strenuously disagree.  Creditors believe the Trustee is leaving far too much money on the table by accepting only $95,000 when, Creditors argue, that the exhibits to the Settlement Agreement appear to evidence approximately $770,000 in outstanding pre and post-petition royalties owed by the Settling Franchisees.  But this argument is misleading.  Just because a gross recovery in a perfect world seems comparatively large, this does not relieve the necessity for analyzing the costs and probability of getting there.

       In any case, the court is obliged to consider the best interests of all creditors, not simply those of a minority of dissenting creditors.  If this settlement is as problematic as Creditors make it out to be, and if it really is not in the best interest of creditors of the Estate, the court wonders why more creditors have not joined the opposition to this motion.  The court is mindful that, assuming Creditors' estimation of the royalties owed is accurate, it does appear that Trustee is leaving a good deal of money on the table.  However, the court is not convinced that, were the Trustee to seek remedy via litigation, *any* of that money would ever make its way back to the creditors of the Estate.  Rather, like fairy gold, the court is convinced by the arguments made by both sides that litigation costs would be substantial and might even eclipse the value of the royalties.  Further, pursuing litigation would impose lengthy delays on creditors' ability to be paid.  That is assuming a positive outcome, over which, as noted, both Trustee and Creditors seem to harbor serious doubts.

       The court generally defers to the judgment of the Trustee when it comes to matters regarding benefit to the estate.  *In re Roger*, 393 F.Supp.3d 940, 960 (C.D. Cal. 2019).  Moreover, as a practical matter, the Estate lacks the resources to wage such a litigation campaign in any event.  Therefore, the court must evaluate not only the potential upside of a complete recovery, but also how the potentially huge costs

# United States Bankruptcy Court
## Central District of California
### Santa Ana
### Judge Theodor Albert, Presiding
### Courtroom 5B Calendar

**Tuesday, January 7, 2020**        **Hearing Room**    **5B**

**11:00 AM**
**CONT...**    **Ultimate Brands Inc**                                              **Chapter 7**

of getting to such a recovery will be paid. No lawyer has come forward suggesting that he or she is willing to invest such a potentially large amount in such a contingency exercise that might last years.

    **5. Other Arguments**

    Creditors' lengthy opposition spends surprisingly little time opposing the Trustee's analysis of the *A&C Properties* factors, instead electing to attack the Settlement Agreement mainly on grounds that too much money is left on the table and asserting that Trustee does not have the legal right to bargain away certain rights and claims. Creditors obviously perused the Agreement and have pointed to several purported evidentiary and legal deficiencies. Creditors are also greatly concerned that if the Agreement is approved, it would possibly have the effect of extinguishing their claims and rights related to the Franchise Agreements, and could also cap the value of their claims and rights related to the Franchise Agreements at the amount of the Settlement Agreement.

    But Creditors' opposition is long on rhetoric but critically short on authority. Creditors want to substitute their own business judgment for that of the Trustee's, and not necessarily in the interest of the rank and file of creditors. Creditors offer no evidence that there is any current hope of reaching a more favorable settlement or obtaining more net favorable judgments through litigation. Trustee even credibly calls into question Creditors' standing to bring this opposition mainly on grounds that their purported injury is more speculative than concrete. However, giving Creditors the benefit of the doubt as to their standing, Creditors' arguments suffer from the very lack of evidence and authority upon which they base major portions of their opposition. In some cases, evidence that directly undercuts their position exists in the record. For example, Creditors again mention a past potential sale to John-Michael Stern, arguing that there was, at one time, a possibility of selling Debtor's assets for $750,000. However, as Mr. Stern himself, in his declaration in support of Trustee's sale motion, makes clear, the offer to purchase Debtor's assets was never formalized due to multiple factors including Mr. Stern's loss of confidence that Debtor's assets were worth anywhere near $750,000. (See dkt. #294, p. 2-4). To the extent Creditors are relying on the deal that never was with Mr. Stern, that reliance appears to be badly misplaced. To be fair, this declaration was filed a few days after Creditors filed their opposition. Although not clear, Creditors might be arguing based

# United States Bankruptcy Court
## Central District of California
### Santa Ana
### Judge Theodor Albert, Presiding
### Courtroom 5B Calendar

**Tuesday, January 7, 2020**                                                                 **Hearing Room      5B**

**11:00 AM**
**CONT...**     **Ultimate Brands Inc**                                                                **Chapter 7**

on authorities such as *Moore v. Bay* that any right they might have to fraudulent conveyance litigation against parties involved in the assignment from UFI is being compromised. But the court has previously indicated, and the Trustee reiterates, that no such compromise of third-party rights is intended here.

In sum, the Trustee sits atop a "melting ice cube" and has sufficiently shown that the Settlement Agreement is the best likely result for the Estate available under these circumstances.

*Grant*

| Party Information |
|---|

**Debtor(s):**

   Ultimate Brands Inc                              Represented By
                                                      Julie J Villalobos

**Trustee(s):**

   Richard A Marshack (TR)                       Represented By
                                                      D Edward Hays
                                                      David  Wood
                                                      Tinho  Mang

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled (specify**): NOTICE OF LODGMENT** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **January 23, 2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL:**
On **January 23, 2020**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**MAIL REDIRECTED TO TRUSTEE 08/13/19**
**DEBTOR**
ULTIMATE BRANDS INC
~~30821 SEMINOLE PL~~
~~LAGUNA NIGUEL, CA 92677-2456~~

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **January 23, 2020**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Theodor C. Albert – via personal delivery
PRESIDING JUDGE'S COPY
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5085 / Courtroom 5B
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 23, 2020 | Cynthia Bastida | */s/ Cynthia Bastida* |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

*June 2012*
4813-2063-5301, v. 1

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** continued:

- **ATTORNEY FOR INTERESTED PARTY MAXIM COMMERCIAL CAPITAL, LLC:** Andrew K Alper aalper@frandzel.com, rsantamaria@frandzel.com
- **ATTORNEY FOR CREDITOR LIPT WINCHESTER ROAD, INC.:** Dana M Andreoli dandreoli@steyerlaw.com, sleshin@steyerlaw.com
- **ATTORNEY FOR CREDITOR 660 BVD, LLC:** Keith Patrick Banner    kbanner@greenbergglusker.com, sharper@greenbergglusker.com; calendar@greenbergglusker.com
- **ATTORNEY FOR UNITED STATES TRUSTEE (SA):** Frank Cadigan    frank.cadigan@usdoj.gov
- **ATTORNEY FOR CREDITOR 600 ANTON BOULEVARD ASSOCIATES:** Caroline Djang caroline.djang@bbklaw.com, julie.urquhart@bbklaw.com; sansanee.wells@bbklaw.com; paul.nordlund@bbklaw.com
- **INTERESTED PARTY COURTESY NEF:** Timothy W Evanston tevanston@swelawfirm.com, gcruz@swelawfirm.com; lgarrett@swelawfirm.com; jchung@swelawfirm.com
- **ATTORNEY FOR PLAINTIFFS SALON REBELLE, INC.; SALON REBELLE LLC; DARRYL VERGOLINO-HOLIDAY; ELIZABETH AGUIAR-GUTIERREZ; MARCOS TRUJILLO; and VICKY GARZA:** Norma V Garcia ngarciaguillen@garciarainey.com
- **ATTORNEY FOR UNITED STATES TRUSTEE (SA):** Michael J Hauser    michael.hauser@usdoj.gov
- **ATTORNEY FOR CREDITOR CUTTING EDGE VENTURES INC.:** M. Jonathan Hayes jhayes@rhmfirm.com, roksana@rhmfirm.com; rosario@rhmfirm.com; janita@rhmfirm.com; susie@rhmfirm.com; max@rhmfirm.com; priscilla@rhmfirm.com; pardis@rhmfirm.com; russ@rhmfirm.com; rebeca@rhmfirm.com
- **ATTORNEY FOR TRUSTEE RICHARD A MARSHACK (TR):** D Edward Hays    ehays@marshackhays.com, 8649808420@filings.docketbird.com
- **ATTORNEY FOR CREDITOR WILLIAM HARTER:** Joshua J Herndon    jherndon@attorneygl.com, e-service@attorneygl.com
- **ATTORNEY FOR CREDITORS SHIPSHAPE COLLECTIVE OF FITCHBURG, LLC; CREDITOR JOHN SHAW; and CREDITOR MIDORI SHAW:** Nicholas S Kanter nkanter@lewitthackman.com
- **ATTORNEY FOR CREDITOR BLD CAPITAL, LLC:** Andy Kong    Kong.Andy@ArentFox.com
- **ATTORNEY FOR TRUSTEE RICHARD A MARSHACK (TR):** Tinho Mang    tmang@marshackhays.com, 8444806420@filings.docketbird.com
- **RICHARD A MARSHACK (TR):** Richard A Marshack (TR) pkraus@marshackhays.com, rmarshack@iq7technology.com
- **INTERESTED PARTY COURTESY NEF:** Robert S Marticello Rmarticello@swelawfirm.com, gcruz@swelawfirm.com; lgarrett@swelawfirm.com; jchung@swelawfirm.com
- **ATTORNEY FOR CREDITOR WHEATSTRONG ENTERPRISES and CREDITOR MICHAEL JOHN PATTERSON:** Eric A Mitnick    MitnickLaw@aol.com, mitnicklaw@gmail.com
- **ATTORNEY FOR CREDITOR UNOFFICIAL COMMITTEE OF FRANCHISEES:** Douglas M Neistat dneistat@gblawllp.com, mramos@gblawllp.com
- **ATTORNEY FOR CREDITOR REGENCY CENTERS, LP:** Ernie Zachary Park    ernie.park@bewleylaw.com
- **ATTORNEY FOR INTERESTED PARTY W. SCOTT GRIFFITHS:** Thomas J Polis tom@polis-law.com, paralegal@polis-law.com; r59042@notify.bestcase.com
- **ATTORNEY FOR CREDITOR UNOFFICIAL COMMITTEE OF FRANCHISEES:** Jeremy H Rothstein jrothstein@gblawllp.com, mramos@gblawllp.com
- **UNITED STATES TRUSTEE (SA):** United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov
- **ATTORNEY FOR DEBTOR ULTIMATE BRANDS INC:** Julie J Villalobos    julie@oaktreelaw.com, oakecfmail@gmail.com; villalobosjr51108@notify.bestcase.com
- **INTERESTED PARTY:** Larry D Webb    Webblaw@gmail.com, larry@webblaw.onmicrosoft.com
- **ATTORNEY FOR TRUSTEE RICHARD A MARSHACK (TR):** David Wood dwood@marshackhays.com, 8649808420@filings.docketbird.com
- **ATTORNEY FOR CREDITOR 660 BVD, LLC:** Ryan D Zick    rzick@ppplaw.com, kstewart@ppplaw.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

*June 2012*
4813-2063-5301, v. 1