D. EDWARD HAYS, #162507
ehays@marshackhays.com
TINHO MANG, #322146
tmang@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, California 92620-5749
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Chapter 7 Trustee,
RICHARD A. MARSHACK

## UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>ULTIMATE BRANDS, INC.,<br><br>   Debtor. | Case No. 8:19-bk-12516-TA<br><br>Chapter 7<br><br>DECLARATION OF TINHO MANG IN SUPPORT OF NOTICE OF LODGMENT OF SALE ORDER<br><br>[Motion - Docket No. 247]<br><br>[Notice of Lodgment – Docket No. 327]<br><br><u>Final Sale Hearing</u><br>Date:  January 7, 2020<br>Time:  11:00 a.m.<br>Ctrm:  5B<br>Location: United States Bankruptcy Court<br>     411 West Fourth Street<br>     Santa Ana, CA 92701-4593 |

## Declaration of Tinho Mang

I, TINHO MANG, say and declare as follows:

1.  I am an individual over 18 years of age and competent to make this Declaration. The facts set forth below are true of my personal knowledge.

2.  I am an associate attorney in the law firm Marshack Hays LLP, counsel of record for Richard A. Marshack, in his capacity as the duly appointed, qualified, and acting chapter 7 Trustee ("Trustee") for the bankruptcy estate ("Estate") of Ultimate Brands, Inc. ("Debtor"). Unless otherwise stated, the facts set forth in this declaration are personally known to me and if called as a witness, I could and would competently testify thereto.

3.      I am licensed to practice law in the State of California and admitted to practice before this Court.

4.      I personally attended the final sale hearing on January 7, 2020, before the Honorable Theodor C. Albert, United States Bankruptcy Judge, at 11:00 a.m. in Courtroom 5B of the United States Bankruptcy Court located at 411 W. Fourth Street, Santa Ana, California.

5.      I reviewed the Court's tentative ruling in advance of the hearing, and based on my review of the Court's tentative ruling, interpreted the tentative ruling regarding the burden of proof for an objecting party under 11 U.S.C. § 363(p)(2) to apply to the objecting creditors seeking an exception from the Trustee's proposed free and clear sale. Specifically, as argued in the Trustee's supplemental brief [Dk. 291], any creditor objecting to the sale "has the burden of proving the extent of their validity, priority, or extent of any claimed interest in the specific assets subject to the Trustee's proposed sale." Dk. 291 at pg. 17:20-22. A true and correct copy of the tentative is attached as Exhibit "1."

6.      The Trustee's supplemental brief specifically requested that the Court "find under the Ninth Circuit's analysis in *Chequers* that such parties have failed to prove such an interest as to the Debtor, and the sale may proceed free and clear of such unliquidated, contingent, unsecured litigation claims." Dk. 291 at pg. 18:2-4. The Court's tentative ruling states "nothing in the Opponents' claims amounts to an interest *in the assets* to be sold which could or should hold up a sale." Tentative § 2 (italics in original).

7.      At the sale hearing on January 7, 2020, no oral argument by the objecting creditors was raised as to this point, and no further evidence regarding the validity, priority, or extent of their claimed interest in the assets to be sold was provided. Thus, the Trustee understands that the Court's ruling was that the objecting creditors failed to carry their burden of proof under 11 U.S.C. § 363(p)(2) and have no interest whatsoever which attaches to the transferred assets or the proceeds of the sale.

8.      After the hearing, I circulated a proposed order which stated that no party other than 660 BVD, LLC ("660 BVD") proved an interest in the assets to be transferred, and therefore the sale was free and clear of all other liens, claims, and interests other than that of 660 BVD, which

DECLARATION OF TINHO MANG IN SUPPORT OF NOTICE OF LODGMENT OF SALE ORDER
4849-5767-6465, v. 2

would attach to the proceeds of the sale. I am informed by counsel for 660 BVD that counsel has reviewed the order and there is no objection to the proposed form of order lodged concurrently with this declaration.

9.    The objecting creditors revised our draft order to insert a paragraph which appeared to be intended to preserve their ability to continue asserting an interest in either the sale proceeds or the transferred assets.

10.    Through e-mail, I provided case authority for our position that the objecting creditors had, as a matter of law, failed to prove an interest which survived the "free and clear" sale. A true and correct copy of the e-mail correspondence between myself and Josh Herndon, counsel for the Harter objecting creditors, is attached as Exhibit "2."

11.    In response, Mr. Herndon articulated his position that he was only requesting that the Trustee be bound by prior language in pleadings which conditionally stated that the objecting creditors, if they even had any interest in or claim against the assets to be sold, might be able to attach those interests or claims to the proceeds of the sale. Mr. Herndon also declined to provide any case authority or citation to the Court's tentative ruling that the Court had ever ruled or stated that it was inclined to rule that the objecting creditors' claims would attach to the proceeds of sale pursuant to further court order.

12.    The Trustee's final supplemental brief and request contained therein unambiguously requests that the Court specifically hold the objecting creditors to the burden of proof provided in Section 363(p)(2) of the Bankruptcy Code, which is the proper section that would apply to the objecting creditors' claims of a surviving interest in either the proceeds of sale or transferred assets themselves. Rather than providing any such evidence to carry their burden of proof, the objecting creditors attempted to draw a semantic distinction between the "validity" and "extent" of an interest in their opposition brief, filed as Docket No. 304.

13.    Given the lack of any oral opposition to the Court's language in the tentative ruling regarding the burden of proof in connection with proving an interest in the assets to be sold, and the lack of any evidence or legal authority provided in the objecting creditors' opposition brief that they do in fact have any lien, claim, or interest which may survive a bankruptcy sale under 11 U.S.C.

1   § 363(f), the Trustee believes that the order lodged on today's date correctly reflects the result of

2   the final sale hearing, where the objecting creditors failed to argue any point regarding the proposed

3   free and clear sale. Instead, the objecting creditors' sole argument was regarding their continued

4   ability to pursue non-debtor third parties, which the Trustee had no objection as confirmed on the

5   record during the hearing.

6   14.    Eric Mitnick, Esq., counsel for John Patterson and Wheatstrong Enterprises, failed to

7   make any oral argument at the sale hearing, and did not file any supplemental opposition brief. On

8   that basis, the Trustee believes that he has waived any argument that he did not raise in oral

9   argument or in any opposition brief. A true and correct copy of e-mail correspondence from Mr.

10  Mitnick raising esoteric arguments about the word "encumbrances" is attached as Exhibit "3." I am

11  informed that Mr. Mitnick may not be filing an opposition to the proposed order, even though he

12  declined to approve the proposed form of order.

13  15.    For the foregoing reasons, the Trustee is lodging the proposed order consistent with

14  his understanding of the Court's ruling. Because of counsels' disagreement over the form of the

15  order, the Trustee expects there to be opposition and an alternative proposed order will be lodged

16  for the Court's consideration.

17  16.    Prior to lodging an order to which an objection is expected, I used my best efforts to

18  confer with opposing counsel and reach an agreement. Unfortunately, that was not possible.

19  I declare under penalty of perjury that the foregoing is true and correct, and that this

20  declaration is executed on January 24, 2020.

21              */s/ Tinho Mang*
22              TINHO MANG

DECLARATION OF TINHO MANG IN SUPPORT OF NOTICE OF LODGMENT OF SALE ORDER
4849-5767-6465, v. 2

Exhibit "1"

**United States Bankruptcy Court**
**Central District of California**
**Santa Ana**
**Judge Theodor Albert, Presiding**
**Courtroom 5B Calendar**

---

**Tuesday, January 7, 2020**                                      **Hearing Room        5B**

---

11:00 AM
**8:19-12516    Ultimate Brands Inc**                                      **Chapter 7**

#13.00    Trustee's Motion For Order: Authorizing  Sale Of Substantially All Of Debtor's
Assets Subject To Overbid (A) Outside The Ordinary Course Of Business; (B)
Free And Clear Of Liens, Claims And Encumberances; (C) For Determination Of
Good Faith Purchaser Under 11 USC Section 363(M); And (D) Waiver Of The
14-Day Stay Periods Set Forth In Bankruptcy Rule 6004(H)
**(cont'd from 12-17-19)**

Docket        247

**Tentative Ruling:**

Tentative for 1/7/20:

This is the Trustee's motion for approval of a sale, free and clear of
liens, of certain intellectual property assets of the estate to the Unofficial
Committee of Ultimate Brands Franchisees Cooperative Trust ("Buyer") under
§363(f). The motion is supported by the Unofficial Committee of Franchisees,
including the former potential purchaser, John-Michael Stern, and has
received consent of the blanket lienholder, 660 BVD, LLC.  The motion is
again opposed by franchisees/creditors William and Monica Harter and Help
the One, Inc. who are also apparently joined by Michael John Patterson and
Wheatstrong Enterprises (collectively "Opponents"). The reader should also
review the memorandum on calendar item #14 which discusses the
settlement because many of the issues overlap.

Trustee seeks an order that provides that:

1. The Motion is granted;

2. The Trustee is authorized to sell the Purchased Assets listed in
Schedule A to the APA attached to the Marshack Declaration as
Exhibit "1" to the Buyer outside the ordinary course of business under
11 U.S.C. § 363(b);

3. The sale is free and clear of all liens, claims, and interests pursuant
to 11 U.S.C. §363(f), after consideration of the objections (if any)

---

Exhibit "1"
Page 5

## United States Bankruptcy Court
## Central District of California
### Santa Ana
### Judge Theodor Albert, Presiding
### Courtroom 5B Calendar

---

**Tuesday, January 7, 2020**                                        **Hearing Room**     **5B**

---

<u>11:00 AM</u>
**CONT...**          **Ultimate Brands Inc**                                **Chapter 7**

raised to the sale by any duly-noticed creditors or parties-in-interest;

4. Notice to all creditors and parties in interest is adequate;

5. The Buyer is determined to be a good faith purchaser under 11 U.S.C. § 363(m);

6. The 14-day period of FRBP 6004(h) is waived;

Through this motion, Trustee intends to sell the following property of the Estate to Buyer:

- All 18|8 trademarks, service marks, and related commercial symbols

- The 18|8 Brand System including its distinctive format, methods, procedures, signs, designs, layouts, standards, and specifications

- Confidential Information relating to developing and operating 18|8 Salons including, without limitation:

    o    Training and operations materials and manuals;

    o    Methods, formats, specifications, standards, systems, procedures, sales and marketing techniques in developing and operating 18|8 Salons;

    o    Marketing and advertising materials;

    o    All computer software and other technology that is proprietary to the Company;

    o    Customer lists, POS databases, communication and retention programs, and data used or generated in connection with those programs; and

    o    Graphic designs and related intellectual property.

Under the Asset Purchase Agreement ("APA"), the Buyer was required

---

**United States Bankruptcy Court**
**Central District of California**
**Santa Ana**
**Judge Theodor Albert, Presiding**
**Courtroom 5B Calendar**

---

**Tuesday, January 7, 2020**                                                    **Hearing Room        5B**

---

11:00 AM
**CONT...        Ultimate Brands Inc**                                                              **Chapter 7**

to fund the $155,000 cash component of the proposed sale prior to the
hearing on December 17, 2019 (hearing now Jan. 7). The Buyer duly funded
the $155,000 cash component, which is being held in a segregated account
by the Trustee.  Paragraph 15 of the APA provides that the sole condition
precedent to the effectiveness of the sale is "Bankruptcy Court approval of
this Agreement and the Sale Motion… provided, however that, if the Court
approves the Agreement without approving the compromise and settlement
provided for in paragraphs 5-11, the Agreement shall take effect except with
respect to those paragraphs."

### 1.  Standards for Approving A Sale

Section 363(b) provides that after notice and a hearing, a trustee may
sell property of the estate out of the ordinary course of business. Courts have
held that in order to approve a sale, a court must find that the trustee
demonstrates a valid business justification, and that the sale is in the best
interest of the estate. *In re 240 North Brand Partners, Ltd*., 200 B.R. 653 (9th
Cir. BAP 1996); *In re Wilde Horse Enterprises, Inc.,* 136 B.R. 830, 841-42
(Bankr. C.D. Cal. 1991). A sale is in the best interest of the estate when it is
fair and reasonable, it has been given adequate marketing, it has been
advertised and negotiated in good faith, the purchaser is proceeding in good
faith, and it is an arm's length transaction. *In re Wilde Horse Enterprises, Inc*.,
136 B.R. at 841. The *Wilde Horse* court goes on to explain that good faith
encompasses fair value and further speaks to the integrity of the transaction.
Bad faith would include collusion between the seller and buyer or any attempt
to take unfair advantage of any potential purchasers. *Id.* at 842.

### 2.  The Sale Should Be Approved

Trustee argues that if this sale is not consummated, he will have no
choice but to issue a "no-asset report."  This court has already remarked that
this is a melting ice cube and has opined that in situations such as this, a
sale, which garners at least something for creditors, is probably better than
the alternative. Since the last hearing on December 17, 2019, a few of the
noted deficiencies have apparently been remedied.  The identity of the Buyer
has become clear.  The blanket lienholder, 660 BVD, LLC has given its
conditional consent to the sale pursuant to a stipulation with Trustee (*See*
Dkt. 295).  The marketing efforts have also become clearer since the last

Exhibit "1"
Page 7

**United States Bankruptcy Court**
**Central District of California**
**Santa Ana**
**Judge Theodor Albert, Presiding**
**Courtroom 5B Calendar**

---

**Tuesday, January 7, 2020**                                    **Hearing Room      5B**

---

11:00 AM
**CONT...       Ultimate Brands Inc**                                        **Chapter 7**

hearing. As the court understands, Trustee had a couple of potentially interested buyers, including John-Michael Stern. However, as noted in detail in the motion and supporting declarations, the potential buyers all had specific circumstances and requirements that would have needed to be in place before any serious negotiations would begin in earnest. These requirements proved infeasible for a multitude of reasons, which caused the interested buyers and Trustee to mutually abandon a potential sale of all Debtor's assets. Instead, Buyer made an offer to purchase only certain intellectual property assets for the sum of $155,000, outbidding Mr. Stern. It should be noted that Mr. Stern filed a declaration in support of the sale motion detailing why his initial soft bid of $750,000 proved to be unworkable. (*See* Dkt. 294)

Buyer seeks a §363(m) good faith determination, based on the details of the bidding and negotiations process outlined in the Graff and Stern declarations (*See* Dkt. 293 and 294 respectively), which Buyer asserts demonstrates the absence of collusion between Buyer and Trustee or any unfair advantage. Furthermore, Buyer asserts that the negotiations to purchase Debtor's assets began in earnest back in October and were not yet finalized when the initial hearing on the motion occurred, but Trustee and Buyer did not want to rush the negotiations. Both Buyer and Trustee were represented by independent counsel during the negotiations. Therefore, Trustee and Buyer have likely done enough to demonstrate both their mutual good faith and that the sale was negotiated at arms' length.

Trustee and Buyer also assert that the purchase price of $155,000 likely exceeds the fair market value of assets to be sold. In support of this assertion, Buyer points out that the Debtor's franchise model is fatally flawed and was the product of fraud from the outset. This is shown, according to Buyer, by the fact that even though Debtor charged unaffordable royalties while providing inadequate services to the franchisees, Debtor still could not sustain its franchise business. This fact alone, Buyer asserts, makes the IP nearly valueless to a non-franchisee third party. Therefore, the only parties that would have any interest in the assets would be those who are already invested in the franchise business. Therefore, it is not surprising that the only real interested came from Buyer and another Franchisee, Mr. Stern.

The Opponents believe that this motion should be denied due to fear that a sale may extinguish any potential claims or rights they may have,

---

**United States Bankruptcy Court**
**Central District of California**
**Santa Ana**
**Judge Theodor Albert, Presiding**
**Courtroom 5B Calendar**

---

**Tuesday, January 7, 2020**                                               **Hearing Room    5B**

---

11:00 AM
**CONT...        Ultimate Brands Inc**                                                     **Chapter 7**

especially concerning a right to challenge the pre-petition assignment of UFI's
Franchise Agreements to Debtor, which the Opponents believe was an
avoidable fraudulent conveyance.  The Opponents also take issue with the
alleged low level of detail and evidentiary support provided by Trustee in the
motion. Further, Opponents argue that the motion fails to demonstrate
sufficient marketing efforts and/or evidence that proper measures were taken
to market the assets.  The objections are largely quite like those in the
opposition to the compromise motion.

Trustee argues that, with respect to the Opponents' assertion that they
have a viable fraudulent conveyance action, there is no Ninth Circuit case
which holds that this is a sufficient interest in property to which an
unliquidated, unsecured fraudulent conveyance action may attach and survive
a bankruptcy sale or even implicate the provisions of §363(f).  Trustee asserts
that he is selling the equivalent of a quitclaim to the Buyer, and makes no
representation, guarantee, or warranty as to the Debtor's right in the
Purchased Assets.  Trustee further argues that because he is essentially
quitclaiming the Estate's interest in such assets to the Buyer, any opposition
to the sale as to the Trustee compromising or selling third parties' rights is
unwarranted and unmeritorious; the Trustee cannot and is not selling
something that the Estate does not own.

Regarding the potential fraudulent transfer action, Trustee points out
that under 11 U.S.C. §363(p)(2), any objecting creditor has the burden of
proving the extent of their validity, priority, or extent of any claimed interest in
the specific assets subject to the Trustee's proposed sale. Trustee also cites
*In re Kellogg-Taxe*, 2014 Bankr. LEXIS 1033 at *22 (Bankr. C.D. Cal. 2014);
accord, *SEC v. Capital Cove Bancorp LLC*, 2015 U.S. Dist. LEXIS 174856 at
*15-16 (C.D. Cal. 2015) for the proposition that where a free and clear sale is
proposed under 11 U.S.C. § 363(f)(4), "[t]he parties must provide some
factual grounds to show some objective basis for the dispute."  Further,
Trustee cites *In re QDOS, Inc.*, 591 B.R. 843, 848-50 (Bankr. C.D. Cal. 2018),
(rev'd on procedural grounds by *Hayden v. QDOS, Inc. (In re QDOS, Inc.)*,
607 B.R. 338 (B.A.P. 9th Cir. 2019)) for the proposition that "'a partially
disputed claim is a disputed claim' is not only true, it is necessarily true."
Trustee notes that the only asserted interest by the Opponents is the
possibility that they might be able to prevail in a later fraudulent conveyance
action against UFI and the Debtor (to the Trustee's and the court's

Exhibit "1"
Page 9

**United States Bankruptcy Court**
**Central District of California**
**Santa Ana**
**Judge Theodor Albert, Presiding**
**Courtroom 5B Calendar**

---

**Tuesday, January 7, 2020**                                    **Hearing Room        5B**

---

11:00 AM
**CONT...        Ultimate Brands Inc**                                    **Chapter 7**

knowledge, no such action is underway), and they seek to preserve their
rights in the Purchased Assets or the Royalty Component. This being the
case, Trustee concludes that these unliquidated, unsecured, contingent
hypothetical judgment creditors have no interest in the Purchased Assets or
the Royalty Component which survives the proposed sale.  Opponents
analysis could only make any sense if viewed as an attachment, which is not
before the court.

Given the specific circumstances of this case and the case law cited
above, it is inappropriate to hold up a sale, which seems increasingly
necessary, because a minority of creditors might want to bring an action at a
later time.  Also, nothing in the Opponents' claims amounts to an interest *in
the assets* to be sold which could or should hold up a sale.

### 3.  Waiver of the 14-day Stay

Trustee and the Buyer both request that the court waive the 14-day
stay imposed by FRBP 6004(h) to give a sense of reassurance and finality to
these proceedings.  Trustee cites Collier On Bankruptcy ¶ 6004.11 (16th ed.
2019) for the proposition that "if an objection [to the sale] has been filed and
is overruled, the court should eliminate or reduce the 14-day stay period only
upon a showing that there is a sufficient business need to close the
transaction within the 14-day period and the interests of the objecting party,
taking into account the likelihood of success on appeal, are sufficiently
protected."

As noted, 660 BVD, LLC's objection seems to have been mollified
through stipulation, and so long as the conditions outlined in that stipulation
are observed, there is little likelihood that 660 BVD would lodge an appeal
were this motion to be granted.  As noted above, Opponents may very well
attempt to appeal this motion if it is granted despite the relative weakness of
their opposition, which makes the likelihood of success on that appeal
uncertain at best.  However, balancing the likelihood of a successful appeal
against the melting ice cube problem immediately before the court, granting a
waiver of the 14-day stay is likely appropriate.  In sum, the Trustee has no
alternative to this sale and the filing of a "no asset report" benefits no one.

*Grant*

---

**United States Bankruptcy Court**
**Central District of California**
**Santa Ana**
**Judge Theodor Albert, Presiding**
**Courtroom 5B Calendar**

---

**Tuesday, January 7, 2020**                                          **Hearing Room        5B**

---

11:00 AM
**CONT...        Ultimate Brands Inc**                                          **Chapter 7**

-----------------------------------------------------------------------

Tentative for 12/17/19:

        This is the Trustee's motion for approval of a sale, free and clear of liens, of substantially all the assets of the estate under §363(f).  As originally noticed in the November 26 motion, neither the proposed buyer nor the price was given.  The buyer(s) were only identified as "two interested parties."  The Trustee freely admitted that as of his motion no sale agreement had yet been reached. The motion was initially opposed by franchisees/creditors William and Monica Harter and Help the One, Inc. and then by Michael John Patterson and Wheatstrong Enterprises. Some of the uncertainty was clarified only in the trustee's "Reply" filed December 10. In the Reply it develops that the proposed price is $155,000 and, if a proposed Settlement and Asset Purchase Agreement is in fact approved after a Rule 9019 motion, a discounted payment to the estate of accrued royalties (approximately $95,444) and a rejection of the affected franchise agreements.  The parties are still not clearly identified except as an "Unofficial Committee of Ultimate Brand Franchisees" and a "Cooperative Trust" comprised of unnamed members of the franchisee group (there is a "Schedule D" list following which one supposes are the members although this is never stated). Approval of the purchase and Settlement Agreement is made a precondition as to only the $155,000 portion of the price. The Trustee requests not only a Rule 6004 waiver but a finding of §363(m) good faith as well.  The secured creditor 660 BVD, LLC filed an "objection" on December 12 and requests a continuance.

        The Trustee argues that unless the Debtor's business operations are transferred to an interested party who is willing to pay fair value for such operations before December 20, 2019, the value of the estate is likely to be negatively impacted because the franchisees will no longer receive any support from the Trustee (upon the lapse of authorization to operate) and therefore will likely de-brand or shut down entirely.

Exhibit "1"
Page 11

**United States Bankruptcy Court**
**Central District of California**
**Santa Ana**
**Judge Theodor Albert, Presiding**
**Courtroom 5B Calendar**

---

Tuesday, January 7, 2020                                    Hearing Room        **5B**

---

11:00 AM
**CONT...    Ultimate Brands Inc**                                    Chapter 7

Section 363(b) provides that after notice and a hearing, a trustee may sell property of the estate out of the ordinary course of business. Courts have held that in order to approve a sale, a court must find that the trustee demonstrates a valid business justification, and that the sale is in the best interest of the estate. *In re 240 North Brand Partners, Ltd.*, 200 B.R. 653 (9th Cir. BAP 1996); *In re Wilde Horse Enterprises, Inc.*, 136 B.R. 830, 841-42 (Bankr. C.D. Cal. 1991). A sale is in the best interest of the estate when it is fair and reasonable, it has been given adequate marketing, it has been advertised and negotiated in good faith, the purchaser is proceeding in good faith, and it is an arm's length transaction. *Wilde Horse Enterprises, Inc.*, 136 B.R. at 841. The *Wilde Horse* court goes on to explain that good faith encompasses fair value and further speaks to the integrity of the transaction. Bad faith would include collusion between the seller and buyer or any attempt to take unfair advantage of any potential purchasers. *Id*. at 842. Section 363(b) provides that after notice and a hearing, a trustee may sell property of the estate out of the ordinary course of business. Courts have held that in order to approve a sale, a court must find that the trustee demonstrates a valid business justification, and that the sale is in the best interest of the estate. The *Wilde Horse* court goes on to explain that good faith encompasses fair value and further speaks to the integrity of the transaction. Bad faith would include collusion between the seller and buyer or any attempt to take unfair advantage of any potential purchasers. *Id*. at 842.

Moreover, the Trustee seeks to sell free of liens under §363(f), arguing, apparently, that all of the liens are subject to *bona fide* dispute, presumably including 660 BVD's.  The Trustee does not include a lien by lien analysis, so the argument is murky at best.

To say the least, this is an unusual motion. As the opposition strenuously argues, and Trustee, along with his joining parties, tacitly admit, the motion fails to comply with numerous provisions of the local rules governing the sale of assets (See LBR 6004-1(c)(3)). But, they argue, there is strong necessity that should justify cutting whatever corners need to be cut in

Exhibit "1"
Page 12

**United States Bankruptcy Court**
**Central District of California**
**Santa Ana**
**Judge Theodor Albert, Presiding**
**Courtroom 5B Calendar**

---

**Tuesday, January 7, 2020**                                    **Hearing Room        5B**

---

11:00 AM
**CONT...        Ultimate Brands Inc**                                                    **Chapter 7**

order to get to some money. Alternatively, citing *Morrissey Construction Co. v. Gantes (In re Gantes),* 2016 Bankr. LEXIS 920 at *22 (B.A.P. 9th Cir. 2016), the Trustee argues that non-compliance with the rules does not affect any substantive right of the objectors and so the court can disregard non-compliance.

The opponents also raise concerns about what will happen to their claims, which allege that the transfer by assignment of Ultimate Franchise, Inc.'s (UFI's) assets to Debtor on the eve of bankruptcy was a fraudulent conveyance, making the assignment invalid.  The opponents are concerned that the sale could potentially cutoff their ability to pursue the fraudulent transfer claim.  In addition to the above procedural infirmities, objecting creditor, 660 BVD points out that the Trustee has only disclosed a potential buyer (Purchasing Franchisees) in his Reply.  Further, the assets to be sold are not all of Debtor's assets, but rather certain intellectual property and accompanying rights of the company, that would, in effect, allow the purchasers to "poach" Debtor's franchise business without incurring any of the obligations of existing franchise agreements.  The Reply also makes mention of a settlement agreement, which is an essential component of the proposed sale, but the settlement agreement has not been approved by this court pursuant to Rule 9019.  660 BVD also argues that there is reason to doubt that any purported auction would proceed in good faith and be truly open as there is evidence that a prior potential buyer, a Mr. Jean Michel Stern, attempted to purchase the Debtor's assets for $750,000 in or around August of 2019, but the Purchasing Franchisees reportedly used their leverage as both interested buyers, and as a contract counterparty to resist and chill a deal with Mr. Stern.  The Purchasing Franchisees then reportedly entered a deal purchasing selected assets for a much lower price than the $750,000 offered by Mr. Stern (but which is apparently not the deal at bar?).

The opponents also argue that the sale does not appear to be supported by a valid business purpose aside from getting a sale finalized before the alleged doomsday of December 20, which is the deadline to

---

**United States Bankruptcy Court**
**Central District of California**
**Santa Ana**
**Judge Theodor Albert, Presiding**
**Courtroom 5B Calendar**

---

**Tuesday, January 7, 2020**                                            **Hearing Room      5B**

---

<u>11:00 AM</u>
**CONT...      Ultimate Brands Inc**                                                      **Chapter 7**

assume or reject executory contracts. The opposition argues that, regarding
the December 20 deadline that Trustee mentions in his business justification,
it is absolutely clear that the January 31, 2020 date that the Trustee
requested in the Operation Motion was shortened to December 20, 2019 only
because of the purported "deal" between the Trustee and the Committee, and
only at the insistence of counsel for the Trustee and the Committee. Rather
than the court setting the purported December 20, 2019 deadline on its own
and insisting that it remain in place at all costs, the court simply acquiesced to
a request by the Trustee's counsel to move the January 31, 2020 date to
December 20, 2019, or so the argument goes.  The opposition is quick to
point out that the purported "deal" never materialized. As such, and in the
absence of that purported "deal," there is, apparently, no reason for the
December 20, 2019 "deadline" to remain in place at this time.

Lastly, the opponents argue that the facts related above demonstrate
that the sale is not proceeding in good faith pursuant to §363(m).  As a
remedy, the opposition seeks a continuance to allow the court to fully
understand the scope of the sale, choose whether to approve the settlement
agreement, and allow the Trustee to bring this motion in line with the various
requirements of the LBRs and the Bankruptcy Code.

Regarding a good faith determination, Trustee acknowledges the
concerns raised by the opposition and the policy behind §363(m), but argues,
citing no authority, that failing to obtain a good faith determination prior to the
sale is not cause to deny this motion. Instead, Trustee argues that, because
the sale will be in the form of a public auction, a request for a good faith
determination can be filed after the sale when the buyer is known. Trustee
also argues that a waiver of the 14-day stay imposed by FRBP 6004(h) is
warranted because the Committee, currently operating over two dozen 18|8
franchises, seeks certainty regarding the license and use of certain
intellectual property assets in connection with their businesses. If the 14-day
stay of FRBP 6004(h) is not waived in connection with this sale of all the
estate's interest in certain assets, argues the Trustee, the 18|8 franchisees

Exhibit "1"
Page 14

**United States Bankruptcy Court**
**Central District of California**
**Santa Ana**
**Judge Theodor Albert, Presiding**
**Courtroom 5B Calendar**

---

**Tuesday, January 7, 2020**                                   **Hearing Room        5B**

---

<u>11:00 AM</u>
**CONT...        Ultimate Brands Inc**                                          **Chapter 7**

are likely to close their own franchises given the continuing uncertainty of who owns what asset.

Normally, the court is very deferential to the Trustee's business judgment, but not here.  The Trustee can also be forgiven some of the apparent panic in trying to rush through what amounts to a sale of substantially all assets free of liens on effectively only 10 days' notice.  He apparently believes that December 20 is an impenetrable barrier, after which there will be nothing left to sell.  But such a panicked rush is not the only or even the preferred remedy. On a complicated, contentious, multi-part motion involving requests for an order under §363(f) free of liens, a finding of good faith and waiver of the Rule 6004 stay, the time pressure is real but vastly exaggerated, while the due process concerns are also profound and not adequately addressed. The court sees no reason not to extend both the sale, deadline to assume or reject and the operating authority until this matter can be heard on more regular notice in January.  It's not as if this were a simple motion or the timetable were quite as dire as predicted.  Rather, the better part of valor is to continue this sale to coincide with the Rule 9019 motion.  The moving parts have been much better defined by now and that will afford more reasonable due process.

However, the objectors must also realize that this estate apparently lacks viable alternatives and so the court will have to be convinced why a less than ideal sale is not still better than nothing at that time.

*Continue*

---

| **Party Information** |
| --- |

**Debtor(s):**

Ultimate Brands Inc                          Represented By

Exhibit "1"
Page 15

# United States Bankruptcy Court
## Central District of California
### Santa Ana
### Judge Theodor Albert, Presiding
### Courtroom 5B Calendar

---

**Tuesday, January 7, 2020**                                        **Hearing Room    5B**

---

<u>11:00 AM</u>
**CONT...**      **Ultimate Brands Inc**                                          **Chapter 7**

                                        Julie J Villalobos

    <u>**Trustee(s):**</u>

        Richard A Marshack (TR)                    Represented By
                                            D Edward Hays
                                            David  Wood
                                            Tinho  Mang

Exhibit "1"
Page 16

Exhibit "2"

| | |
|---|---|
| **From:** | Josh Herndon <jherndon@attorneygl.com> |
| **Sent:** | Monday, January 13, 2020 1:44 PM |
| **To:** | Tinho Mang |
| **Cc:** | Jeremy H. Rothstein; Ed Hays; Cynthia Bastida; Banner, Keith; Eric Mitnick |
| **Subject:** | RE: Ultimate Brands - Following Up re Sale Order |

Hello Tinho –

Thanks for meeting and conferring in good faith, and for the update.

As it relates to the above, and in the interest of compromise, I would be agreeable to what Jeremy proposed last week with respect to the Compromise Order if the committee/buyer doesn't have an objection to the language I am proposing in paragraph 6 of the Sale Order, for the reasons explained below.

Please let me know if you have any questions.

Josh

**Joshua J. Herndon**
**Global Legal Law Firm**
380 Stevens Avenue, Suite 311
Solana Beach, CA 92075
Main Line: 888-846-8901
Direct Line: 858-256-7435
Jherndon@attorneygl.com

THIS MESSAGE IS CONFIDENTIAL.  This e-mail message, and any attachments, contains information and potential legal advice that is privileged, proprietary, and confidential information intended only for the use of the recipient(s).  If you are not the intended recipient, you may not print, distribute, or copy this message or any attachments.  State regulations prohibit such unauthorized use.  If you have received this communication in error, please notify the sender via reply e-mail and delete.

---

**From:** Tinho Mang <tmang@marshackhays.com>
**Sent:** Monday, January 13, 2020 1:20 PM
**To:** Josh Herndon <jherndon@attorneygl.com>
**Cc:** Jeremy H. Rothstein <jrothstein@gblawllp.com>; Ed Hays <EHays@MarshackHays.com>; Cynthia Bastida <CBastida@MarshackHays.com>; Banner, Keith <kbanner@greenbergglusker.com>; Eric Mitnick <mitnicklaw@gmail.com>
**Subject:** RE: Ultimate Brands - Following Up re Sale Order

Okay, understood.

If the committee/buyer agrees to the inclusion of that provision, let's revisit the issue.

Tinho

---

**From:** Josh Herndon <jherndon@attorneygl.com>
**Sent:** Monday, January 13, 2020 1:16 PM

**To:** Tinho Mang <tmang@marshackhays.com>
**Cc:** Jeremy H. Rothstein <jrothstein@gblawllp.com>; Ed Hays <EHays@MarshackHays.com>; Cynthia Bastida <CBastida@MarshackHays.com>; Banner, Keith <kbanner@greenbergglusker.com>; Eric Mitnick <mitnicklaw@gmail.com>
**Subject:** RE: Ultimate Brands - Following Up re Sale Order

Tinho –

Rather than citing legal authority in support of what I am requesting, my contention is that the Objecting Creditors are entitled to that relief because that is literally what the Trustee proposed in Docs 272 and 275 as set forth below.

Josh
**Joshua J. Herndon**
**Global Legal Law Firm**
380 Stevens Avenue, Suite 311
Solana Beach, CA 92075
Main Line: 888-846-8901
Direct Line: 858-256-7435
Jherndon@attorneygl.com

THIS MESSAGE IS CONFIDENTIAL.  This e-mail message, and any attachments, contains information and potential legal advice that is privileged, proprietary, and confidential information intended only for the use of the recipient(s).  If you are not the intended recipient, you may not print, distribute, or copy this message or any attachments.  State regulations prohibit such unauthorized use.  If you have received this communication in error, please notify the sender via reply e-mail and delete.

---

**From:** Tinho Mang <tmang@marshackhays.com>
**Sent:** Monday, January 13, 2020 1:09 PM
**To:** Josh Herndon <jherndon@attorneygl.com>
**Cc:** Jeremy H. Rothstein <jrothstein@gblawllp.com>; Ed Hays <EHays@MarshackHays.com>; Cynthia Bastida <CBastida@MarshackHays.com>; Banner, Keith <kbanner@greenbergglusker.com>; Eric Mitnick <mitnicklaw@gmail.com>
**Subject:** RE: Ultimate Brands - Following Up re Sale Order

Yes, so, do you have any legal authority that you are entitled to the relief of having an unidentified "any claim" attach to the proceeds of sale?

Tinho

---

**From:** Josh Herndon <jherndon@attorneygl.com>
**Sent:** Monday, January 13, 2020 1:06 PM
**To:** Tinho Mang <tmang@marshackhays.com>
**Cc:** Jeremy H. Rothstein <jrothstein@gblawllp.com>; Ed Hays <EHays@MarshackHays.com>; Cynthia Bastida <CBastida@MarshackHays.com>; Banner, Keith <kbanner@greenbergglusker.com>; Eric Mitnick <mitnicklaw@gmail.com>
**Subject:** RE: Ultimate Brands - Following Up re Sale Order

Hello Tinho –

What I am alleging is that although the Court ordered that the assets be sold free and clear of any claims of the Objecting Creditors (if any) pursuant to 11 U.S.C. § 363(f), any claims of the Objecting Creditors (if any) may attach to the

proceeds of the sale subject to further court order. I believe that is entirely consistent with the position that the Trustee took in Docs 272 and 275 as set forth below, and I believe that is also memorialized in paragraph 15 of the Asset Purchase Agreement as set forth below.

To be clear, it is not my intention to request more than what was represented in Docs 272 and 275, and in paragraph 15 of the Asset Purchase Agreement, as set forth below. However, I believe that what was represented needs to be included in the order granting the Sale Motion.

Let me know if you have any more questions.

Josh

**Joshua J. Herndon**
**Global Legal Law Firm**
380 Stevens Avenue, Suite 311
Solana Beach, CA 92075
Main Line: 888-846-8901
Direct Line: 858-256-7435
Jherndon@attorneygl.com

THIS MESSAGE IS CONFIDENTIAL. This e-mail message, and any attachments, contains information and potential legal advice that is privileged, proprietary, and confidential information intended only for the use of the recipient(s). If you are not the intended recipient, you may not print, distribute, or copy this message or any attachments. State regulations prohibit such unauthorized use. If you have received this communication in error, please notify the sender via reply e-mail and delete.

---

**From:** Tinho Mang <tmang@marshackhays.com>
**Sent:** Monday, January 13, 2020 12:55 PM
**To:** Josh Herndon <jherndon@attorneygl.com>
**Cc:** Jeremy H. Rothstein <jrothstein@gblawllp.com>; Ed Hays <EHays@MarshackHays.com>; Cynthia Bastida <CBastida@MarshackHays.com>; Banner, Keith <kbanner@greenbergglusker.com>; Eric Mitnick <mitnicklaw@gmail.com>
**Subject:** RE: Ultimate Brands - Following Up re Sale Order

What are you alleging is the claim or interest that attaches to the proceeds of sale?

Tinho

---

**From:** Josh Herndon <jherndon@attorneygl.com>
**Sent:** Monday, January 13, 2020 12:51 PM
**To:** Tinho Mang <tmang@marshackhays.com>
**Cc:** Jeremy H. Rothstein <jrothstein@gblawllp.com>; Ed Hays <EHays@MarshackHays.com>; Cynthia Bastida <CBastida@MarshackHays.com>; Banner, Keith <kbanner@greenbergglusker.com>; Eric Mitnick <mitnicklaw@gmail.com>
**Subject:** RE: Ultimate Brands - Following Up re Sale Order

Tinho –

Please see *my comments* below, and let me know if you have any questions.

Josh

Exhibit "2"
Page 19

**From:** Tinho Mang <tmang@marshackhays.com>
**Sent:** Monday, January 13, 2020 12:05 PM
**To:** Josh Herndon <jherndon@attorneygl.com>
**Cc:** Jeremy H. Rothstein <jrothstein@gblawllp.com>; Ed Hays <EHays@MarshackHays.com>; Cynthia Bastida
<CBastida@MarshackHays.com>; Banner, Keith <kbanner@greenbergglusker.com>; Eric Mitnick
<mitnicklaw@gmail.com>
**Subject:** RE: Ultimate Brands - Following Up re Sale Order

I note that you don't address the argument made in the trustee's supplemental brief [Dk. 291], pages 17-18, arguing that your clients have failed to prove any sufficient interest which would attach to the proceeds of sale. The court's tentative ruling tracks the trustee's argument, and states the following: "nothing in the Opponents' claims amounts to an interest *in the assets* to be sold which could or should hold up a sale." *I note the argument that the Trustee argued in the supplemental brief [Dk. 291] on pages 17-18 to which you refer. However, to the extent that the Court noted in the tentative ruling that "nothing in the Opponents' claims amounts to an interest in the assets to be sold which could or should hold up a sale," I believe the Court made that notation only with respect to the Trustee's request for an order that the assets be sold free and clear of claims, liens, or interests pursuant to 11 U.S.C. § 363(f). I do not believe the Court made that notation in connection with a finding that the Objecting Creditors' claims, if any, cannot attach to the proceeds of the sale. In fact, that finding would have been contrary to the Trustee's representations in Docs 272 and 275 as set forth in the citations below.*

Attachment to proceeds is a form of adequate protection which must be specifically requested by the claimant and granted by the court. *See* 11 U.S.C. § 363(e) *that is not what 11 U.S.C. § 363(e) states, and I believe it is a mischaracterization of 11 U.S.C. § 363(e); Wilmington Trust, N.A. v. BOH Park Highlands NV, L.P. (In re November 2005 Land Investors, LLC)*, 636 Fed.Appx. 723, 726 (9th Cir. 2016) ("Most often, adequate protection in connection with a sale free and clear of other interests will be to have those interests attach to the proceeds of sale."). *I note that you cited the forgoing excerpt from the Wilmington Trust verbatim. However, that case is not applicable here because, in the instant action, the Trustee proposed providing adequate protection in connection with the subject sale free and clear of the Objecting Creditors' claims (if any) because the Trustee represented several times in several separate filings that the Objecting Creditors' claims (if any) would attach to the proceeds of sale.*

There is no indication in the Court's tentative ruling that the sale is conditioned on the provision of any attachment of your client's claims to the proceeds of sale. Rather, in my view, the Court tentatively rules that your clients have failed to provide any proof of a claim which may attach to the proceeds of sale. *I disagree. I believe that the court tentatively ruled that the sale is free and clear of all liens, claims, and interests pursuant to 11 U.S.C. § 363(f), with such claims (if any) to attach to the sale proceeds, which is exactly what the Trustee represented in Docs 272 and 275.*

At the hearing, you did not argue the burden of proof issue under 11 U.S.C. § 363(p)(2) even though the Court's tentative ruling does not appear to lend any credence to the distinction that you drew in your supplemental opposition brief. In light of the above, I would request that you point to any portion of the Court's tentative ruling supporting your position that the Court ruled that your clients have any interest or claim at all which attaches to the proceeds of sale or compromise. *That misses the point. I believe the Court ordered that the sale is free and clear of all liens, claims, and interests pursuant to 11 U.S.C. § 363(f), with such claims (if any) to attach to the sale proceeds, which are both items of relief the Trustee requested in connection with the Sale Motion.*

Tinho

---

**From:** Josh Herndon <jherndon@attorneygl.com>
**Sent:** Monday, January 13, 2020 11:40 AM
**To:** Tinho Mang <tmang@marshackhays.com>
**Cc:** Jeremy H. Rothstein <jrothstein@gblawllp.com>; Ed Hays <EHays@MarshackHays.com>; Cynthia Bastida
<CBastida@MarshackHays.com>; Banner, Keith <kbanner@greenbergglusker.com>; Eric Mitnick

Exhibit "2"
Page 20

<mitnicklaw@gmail.com>
**Subject:** Ultimate Brands - Following Up re Sale Order

Hello Tinho –

This email pertains to the trustee's proposed order granting the sale motion (the "Sale Motion"). I've had a chance to review your proposed revisions, and I appreciate you taking my thoughts and comments into account. Related thereto, and based in part on Mr. Mitnick's comments, I am agreeable to the language you proposed in paragraph 11 on page 3 re the Court retaining jurisdiction.

Attached hereto is an updated draft of the proposed order granting the sale motion that incorporates the redline items therein where it appears that we reached an agreement, and omits the comments related thereto.

As for any remaining areas where we have not yet reached an agreement, I re-direct your attention once more to paragraph 6 (where I left our comments in place), which appears to be the one remaining small disagreement. I respectfully disagree with the comment you made related to your proposed striking of the language I requested that "to the extent that creditors William Harter, Monica Harter, Help the One, Inc., Michael John Patterson and Wheatstrong Enterprises (collectively, "Objecting Creditors") have any claims, liens, or interests to the assets that are the subject of the instant sale, such claims, liens, or interests shall attach to the proceeds of sale subject to further court order." Specifically, your comment is that my proposed language "is inconsistent with the court's ruling. See pages 20-21 of the tentative rulings that the Objecting Creditors have failed to prove any interest which survives the sale, at least as to the Debtor."

I carefully reviewed pages 20-21 of the tentative ruling, and I do not believe any of my proposed language is inconsistent with any aspect of pages 20-21. Part of the Court's analysis on pages 20-21 is related to the Trustee's request for an order that the assets can be sold free and clear of claims, liens, or interests pursuant to 11 U.S.C. § 363(f), which is the exact relief the Trustee requested in the Sale Motion. However, that is an entirely different legal issue than whether or not any potential claims, liens, or interests (if any) of the Objecting Creditors may attach to the proceeds of sale subject to further court order. Pages 20 and 21 do not touch upon that specific legal issue at all.

Related to the above, I want to emphasize that the language I'm proposing in paragraph 6 has support in the following representations *in the Trustee's own filings, and other documents filed with the Court*:

- Page 7:13-14 of the Reply in Support of Trustee's Sale of the Estate's Interest in Certain Assets Subject to Overbid (Doc 272) (the "Reply"), which states: "[T]he sale may proceed free and clear of the Objecting Creditors' claims (if any), **with such claims (if any) to attach to the sale proceeds**." (Emphasis added.)

- Subpart G on page 9:10-11 of the Reply, which is titled: "**The Objecting Creditors' claims, if any, to any transferred assets may attach to the proceeds of the sale.**"

- Page 9:16-18 of the Reply, which states: "If Objecting Creditors assert any claims against the property to actually be sold, their alleged and disputed claims may attach to the proceeds of sale subject to further court order."

- Page 3:22-27 of the Trustee's Notice of Continued Hearing (Doc 275): "[T]here are a number of interested parties who may assert claims against the Debtor regarding some of the assets to be sold, particularly with respect to the prepetition assignment of those assets to the Debtor from a related entity. **Those creditors or claimants asserting a claim based on a right to avoid the prepetition transfer of the Purchased Assets is subject to a *bona fide* dispute under 11 U.S.C. § 363(f)(4) and therefore such claim will attach only to the proceeds of the proposed sale**." (Emphasis added.)

- Paragraph 15 of the Asset Purchase Agreement, which states in relevant part, with respect to the Sale Motion and the relief requested therein: "The Trustee has filed and served a Sale Motion requesting a finding from the

Exhibit "2"
Page 21

bankruptcy court that the Successful Bidder is a good faith purchaser for value as defined in 11 U.S.C. § 363(m), and the sale shall be free and clear of all liens, claims, interests, and encumbrances under 11 U.S.C. § 363(f), **with any lien, claim, etc. to attach to attach to the proceeds of sale, including specifically any claims regarding the Purchased Assets and Royalty Component to attach to such proceeds**." (Emphasis added.)

Also related to the above, we do not believe that the Court made any finding when it granted the Sale Motion that the Objecting Creditors <u>do not have a claim</u>, or that that Objecting Creditors <u>cannot assert a claim</u>, with respect to the assets that were sold. As such, we do not believe that the Objecting Creditors have been foreclosed from having, or asserting, any liens, claims, or interests with respect to the assets to the assets that were sold.

In sum, and based on the above citations, it is clear that although the Trustee was requesting that the assets be sold free and clear of all liens, claims, and interests under 11 U.S.C. § 363(f), he also understood that Objecting Creditors' claims (if any) would attach to the sale proceeds. Those two items are completely consistent with one another, and the Trustee clearly proceeded as if they are consistent with one another.

Also, in order to be even more precise, I am agreeable to changing my proposed language to refer to "may" instead of "shall" on page 3:7. With that revision, the language I am proposing is essentially identical to the language in the above citations.

I hope you can appreciate that I am simply trying to add language to the proposed order that is consistent with the above citations, and I hope that this very small dispute can be resolved with the need for further litigation.

Thank you in advance for your consideration, and let me know if you have any questions.

Josh
**Joshua J. Herndon**
**Global Legal Law Firm**
380 Stevens Avenue, Suite 311
Solana Beach, CA 92075
Main Line: 888-846-8901
Direct Line: 858-256-7435
Jherndon@attorneygl.com

THIS MESSAGE IS CONFIDENTIAL.  This e-mail message, and any attachments, contains information and potential legal advice that is privileged, proprietary, and confidential information intended only for the use of the recipient(s).  If you are not the intended recipient, you may not print, distribute, or copy this message or any attachments.  State regulations prohibit such unauthorized use.  If you have received this communication in error, please notify the sender via reply e-mail and delete.

Exhibit "2"
Page 22

Exhibit "3"

| | |
|---|---|
| **From:** | Eric Mitnick <mitnicklaw@gmail.com> |
| **Sent:** | Wednesday, January 15, 2020 10:00 AM |
| **To:** | Jeremy H. Rothstein |
| **Cc:** | Tinho Mang; Josh Herndon; Ed Hays; Cynthia Bastida; Banner, Keith |
| **Subject:** | Re: Ultimate Brands - Following Up re Sale Order |

Jeremy-

As the attorney for the purchasers, I would think you would want a clear order as to what was purchased by including the exhibit.

As to encumbrances, the only reference to it in the APA is an incorrect description of what was sought in the Motion.   Lien is defined in the Code.  Encumbrance is not.  Lien is a type of interest mentioned in 363(f), encumbrance is not.  As a result, including encumbrances creates an ambiguity.  Eliminating that term removes the ambiguity.   (As an aside, perhaps you could explain the difference between lien and encumbrance.)

On Tue, Jan 14, 2020 at 4:35 PM Jeremy H. Rothstein <jrothstein@gblawllp.com> wrote:
  Thanks Eric. I will agree to a clarification of the assets if you will agree to the inclusion of encumbrances.

  On encumbrances, the court approved the APA, and the APA provided that the sale was free of encumbrances. Because of that, I just don't see the ambiguity. Also, this is standard, routine language routine in bankruptcy sales. Because of that, it's the exclusion of "encumbrances" that might raise questions, not the inclusion.

  But again, happy to take your second comment so we can wrap this up consensually.

  **From:** Eric Mitnick <mitnicklaw@gmail.com>
  **Sent:** Tuesday, January 14, 2020 4:20:47 PM
  **To:** Tinho Mang <tmang@marshackhays.com>
  **Cc:** Josh Herndon <jherndon@attorneygl.com>; Jeremy H. Rothstein <jrothstein@gblawllp.com>; Ed Hays <EHays@marshackhays.com>; Cynthia Bastida <CBastida@marshackhays.com>; Banner, Keith <kbanner@greenbergglusker.com>
  **Subject:** Re: Ultimate Brands - Following Up re Sale Order

  On the sale order, I am in agreement with the compromise language that you and Josh worked out as to paragraph 6.  As to paragraph 5,  including encumbrances creates an ambiguity that would not otherwise exist.  Despite the language of the APA, the motion never sought a sale free and clear of encumbrances.   Section 363(f) concerns sales free and clear of interests, with liens being an example of an interest.   Please remove the word encumbrances.

  Also, as I had indicated, the introduction remains unclear as what was sold, the IP assets, is far less than substantially all assets.  Also, for the sake of clarity, the exhibit to the APA containing the assets sold should be attached to the order to eliminate a "treasure hunt" as to what was sold.

  On Mon, Jan 13, 2020 at 1:46 PM Tinho Mang <tmang@marshackhays.com> wrote:

    Eric, do you agree?

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled (specify)**: DECLARATION OF TINHO MANG IN SUPPORT OF NOTICE OF LODGMENT OF SALE ORDER** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

1.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **January 24, 2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒    Service information continued on attached page

2.  **SERVED BY UNITED STATES MAIL:**
On **January 24, 2020**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
> **MAIL REDIRECTED TO TRUSTEE 08/13/19**
> **DEBTOR**
> ULTIMATE BRANDS INC
> ~~30821 SEMINOLE PL~~
> ~~LAGUNA NIGUEL, CA 92677-2456~~

☐    Service information continued on attached page

3.  **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served)**:**  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **January 24, 2020**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
> The Honorable Theodor C. Albert – via personal delivery
> PRESIDING JUDGE'S COPY
> United States Bankruptcy Court
> Central District of California
> Ronald Reagan Federal Building and Courthouse
> 411 West Fourth Street, Suite 5085 / Courtroom 5B
> Santa Ana, CA 92701-4593

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 24, 2020 | Cynthia Bastida | /s/ Cynthia Bastida |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

*June 2012*
4813-2063-5301, v. 1

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** continued:

- **ATTORNEY FOR INTERESTED PARTY MAXIM COMMERCIAL CAPITAL, LLC:** Andrew K Alper aalper@frandzel.com, rsantamaria@frandzel.com
- **ATTORNEY FOR CREDITOR LIPT WINCHESTER ROAD, INC.:** Dana M Andreoli dandreoli@steyerlaw.com, sleshin@steyerlaw.com
- **ATTORNEY FOR CREDITOR 660 BVD, LLC:** Keith Patrick Banner    kbanner@greenbergglusker.com, sharper@greenbergglusker.com; calendar@greenbergglusker.com
- **ATTORNEY FOR UNITED STATES TRUSTEE (SA):** Frank Cadigan    frank.cadigan@usdoj.gov
- **ATTORNEY FOR CREDITOR 600 ANTON BOULEVARD ASSOCIATES:** Caroline Djang caroline.djang@bbklaw.com, julie.urquhart@bbklaw.com; sansanee.wells@bbklaw.com; paul.nordlund@bbklaw.com
- **INTERESTED PARTY COURTESY NEF:** Timothy W Evanston tevanston@swelawfirm.com, gcruz@swelawfirm.com; lgarrett@swelawfirm.com; jchung@swelawfirm.com
- **ATTORNEY FOR PLAINTIFFS SALON REBELLE, INC.; SALON REBELLE LLC; DARRYL VERGOLINO-HOLIDAY; ELIZABETH AGUIAR-GUTIERREZ; MARCOS TRUJILLO; and VICKY GARZA:** Norma V Garcia ngarciaguillen@garciarainey.com
- **ATTORNEY FOR UNITED STATES TRUSTEE (SA):** Michael J Hauser    michael.hauser@usdoj.gov
- **ATTORNEY FOR CREDITOR CUTTING EDGE VENTURES INC.:** M. Jonathan Hayes jhayes@rhmfirm.com, roksana@rhmfirm.com; rosario@rhmfirm.com; janita@rhmfirm.com; susie@rhmfirm.com; max@rhmfirm.com; priscilla@rhmfirm.com; pardis@rhmfirm.com; russ@rhmfirm.com; rebeca@rhmfirm.com
- **ATTORNEY FOR TRUSTEE RICHARD A MARSHACK (TR):** D Edward Hays    ehays@marshackhays.com, 8649808420@filings.docketbird.com
- **ATTORNEY FOR CREDITOR WILLIAM HARTER:** Joshua J Herndon    jherndon@attorneygl.com, e-service@attorneygl.com
- **ATTORNEY FOR CREDITORS SHIPSHAPE COLLECTIVE OF FITCHBURG, LLC; CREDITOR JOHN SHAW; and CREDITOR MIDORI SHAW:** Nicholas S Kanter nkanter@lewitthackman.com
- **ATTORNEY FOR CREDITOR BLD CAPITAL, LLC:** Andy Kong    Kong.Andy@ArentFox.com
- **ATTORNEY FOR TRUSTEE RICHARD A MARSHACK (TR):** Tinho Mang    tmang@marshackhays.com, 8444806420@filings.docketbird.com
- **RICHARD A MARSHACK (TR):** Richard A Marshack (TR) pkraus@marshackhays.com, rmarshack@iq7technology.com
- **INTERESTED PARTY COURTESY NEF:** Robert S Marticello Rmarticello@swelawfirm.com, gcruz@swelawfirm.com; lgarrett@swelawfirm.com; jchung@swelawfirm.com
- **ATTORNEY FOR CREDITOR WHEATSTRONG ENTERPRISES and CREDITOR MICHAEL JOHN PATTERSON:** Eric A Mitnick    MitnickLaw@aol.com, mitnicklaw@gmail.com
- **ATTORNEY FOR CREDITOR UNOFFICIAL COMMITTEE OF FRANCHISEES:** Douglas M Neistat dneistat@gblawllp.com, mramos@gblawllp.com
- **ATTORNEY FOR CREDITOR REGENCY CENTERS, LP:** Ernie Zachary Park    ernie.park@bewleylaw.com
- **ATTORNEY FOR INTERESTED PARTY W. SCOTT GRIFFITHS:** Thomas J Polis tom@polis-law.com, paralegal@polis-law.com; r59042@notify.bestcase.com
- **ATTORNEY FOR CREDITOR UNOFFICIAL COMMITTEE OF FRANCHISEES:** Jeremy H Rothstein jrothstein@gblawllp.com, mramos@gblawllp.com
- **UNITED STATES TRUSTEE (SA):** United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov
- **ATTORNEY FOR DEBTOR ULTIMATE BRANDS INC:** Julie J Villalobos    julie@oaktreelaw.com, oakecfmail@gmail.com; villalobosjr51108@notify.bestcase.com
- **INTERESTED PARTY:** Larry D Webb    Webblaw@gmail.com, larry@webblaw.onmicrosoft.com
- **ATTORNEY FOR TRUSTEE RICHARD A MARSHACK (TR):** David Wood dwood@marshackhays.com, 8649808420@filings.docketbird.com
- **ATTORNEY FOR CREDITOR 660 BVD, LLC:** Ryan D Zick    rzick@ppplaw.com, kstewart@ppplaw.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

*June 2012*
4813-2063-5301, v. 1