BRIAN L. DAVIDOFF (SBN 102654)
BDavidoff@GreenbergGlusker.com
KEITH PATRICK BANNER (SBN 259502)
KBanner@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590
Telephone: 310.553.3610
Fax: 310.553.0687

Counsel for Secured Creditor
660 BVD, LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| In re: | Case No. 8:19-bk-12516-TA |
|---|---|
| ULTIMATE BRANDS INC., | Chapter 7 |
| Debtor and Debtor in Possession. | **SECURED CREDITOR 660 BVD, LLC'S OPPOSITION TO AMENDED MOTION FOR SANCTIONS FILED BY THE HARTER PARTIES** |
| | Hearing Date |
| | Date: February 11, 2020 |
| | Time: 11:00 a.m. |
| | Ctrm: 5B |
| | Address: 411 W. Fourth Street |
| | Santa Ana, CA 9270 |

00114-00002/3708065.1

OPPOSITION TO AMENDED MOTION
FOR SANCTIONS

Secured creditor 660 BVD, LLC ("660 BVD") respectfully submits this opposition to the *(Amended) Creditors' Motion Requesting Imposition of Monetary Sanctions Pursuant to FRBP 9011* [Docket No. 318] (the "Amended Sanctions Motion") filed on January 21, 2020 by unsecured creditors William Harter, Monica Harter and Help the One, Inc. (collectively, the "Harter Parties").

## I. INTRODUCTION

For now the third time against counsel for 660 BVD (and the fourth time against the Chapter 7 Trustee Richard Marshak and his counsel) the Harter Parties make a procedurally questionable and meritless request that the Court impose sanctions against 660 BVD's counsel for doing nothing more than merely approving a form of order submitted by the Trustee and suggesting that the dispute regarding the proposed form of order be resolved by the Court in accordance with the procedures set forth in the Local Bankruptcy Rules. The Harter Parties made the identical request in their *Creditors' Objection to Proposed Order Granting Motion to Approve Cash Collateral Agreement, Compromise, and Post-Petition Financing Lodged by Trustee* [Docket No. 243] (the "Form of Order Objection").[1] The Court considered the Harter Parties' prior request for sanctions made in the Form of Order Objection and specifically declined to impose any sanctions. Now, despite the dispute over the form of order being fully resolved as of December 5, 2019, the Harter Parties, again, make an improper request for sanctions. Such relief is moot, harassing and has no merit whatsoever.

## II. THE REQUEST FOR SANCTIONS SHOULD BE DENIED

### A. The Harter Parties Failed to Follow Proper Procedure in Seeking the Extraordinary Remedy of Bankruptcy Rule 9011 Sanctions

Bankruptcy Rule 9011, the bankruptcy parallel to Rule 11, is "an extraordinary remedy, one to be exercised with extreme caution." *Operating Engineers Pension Trust v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988). An award of sanctions for a violation of Rule 9011 is "an exceptionally serious matter reserved for those rare situations in which a claim or defense is

---

[1] The Harter Parties also made the identical request in their procedurally flawed *Creditors' Motion Requesting Imposition of Monetary Sanctions Pursuant to FRBP 9011* [Docket No. 296] (the "Prior Sanctions Motion").

asserted without any evidentiary support or legal basis, or for improper purposes, such as to harass or delay an opponent, or cause undue expense." *Board of Trustees v. Quinones (In re Quinones)*, 543 B.R. 638, 646 (Bankr. N.D. Cal. 2015) (citing inter alia *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990)); see also *In re Gonzalez*, No. 2:15-BK-25283-RK, 2019 WL 5234934, at *2 (Bankr. C.D. Cal. Oct. 15, 2019) (same).

As the remedy is well-recognized as extreme, the law in the Ninth Circuit is that the procedural requirements under Rule 9011, including the "safe harbor" provisions must be strictly complied with. *Radcliffe v. Rainbow Construction Co.*, 254 F.3d 772, 789 (9th Cir. 2001). "[T]he safe-harbor period is mandatory". *Truesdell v. S. Cal. Permanente Medical Group*, 293 F.3d 1146, 1152 (9th Cir. 2002). A motion for Rule 9011 sanctions may only be filed after the allegedly offending party is given at least 21 days to withdraw "the filing". *Id.*

Here, on December 5, 2019, without a cover letter or any other correspondence identifying an applicable "filing" to be withdrawn, the Harter Parties served counsel to 660 BVD a copy of its proposed sanctions motion and accompanying declaration. As counsel for 660 BVD did not file any pleadings with the Court with respect to the Trustee's Proposed Order, it would have been impossible for counsel for 660 BVD to comply with the safe harbor provisions of Bankruptcy Rule 9011. On that basis alone, the request for sanctions should be denied.

**B.    Counsel's Approval of an Appropriate Form of Order is Not Sanctionable**

As detailed in the 660 BVD Prior Response[2], which is incorporated herein by reference, counsel to 660 BVD played only two roles in the now-resolved dispute over the Trustee's Proposed Order: (1) counsel approved the form of order presented by the Trustee, as it adequately addressed the Court's ruling; and (2) when it appeared that there was a contentious dispute regarding the Trustee's Proposed Order, and that the Harter Parties – the non-prevailing parties – appeared not to be negotiating in good faith in their attempt to ostensibly re-write of the proposed

---

[2] *Secured Creditor 660 BVD, LLC's: (1) Response to Creditors Objection to Proposed Order Granting Motion to Approve Cash Collateral Agreement, Compromise, and Post-Petition Financing Lodged by Trustee' and (2) Objection to Improper Request for Sanctions Under Bankruptcy Rule 9011* [Docket No. 252] (the "660 BVD Prior Response").

3    OPPOSITION TO AMENDED MOTION
FOR SANCTIONS

00114-00002/3708065.1

order – counsel sent a single email suggesting that the Trustee's Proposed Order be lodged and the dispute be resolved as provided in the Local Bankruptcy Rules (i.e. Local Bankruptcy Rule 9021-1). That the Harter Parties – again, for the second time – would argue this reasonable suggestion is somehow sanctionable is egregious and not well-taken.

First, as noted above, Bankruptcy Rule 9011 would not apply to counsel's actions, as no pleading was filed by 660 BVD in connection with the Trustee's Proposed Order, nor did 660 BVD assert any claims or defenses in connection therewith. Counsel's signature to the Trustee's Proposed Order specifically notes "APPROVED AS TO FORM". As such, 660 BVD took no other position beyond approving the form of order (which the Trustee's counsel ultimately lodged).

Second, there was nothing improper with counsel's suggestion that the Trustee's Proposed Order be lodged and that any dispute be resolved through the procedures provided under the Local Bankruptcy Rules. Local Bankruptcy Rule 9021-1(b)(1) specifically provides that a prevailing party draft and lodge a proposed order in accordance with the Notice of Lodgment Procedures provided in the Court Manual. Local Bankruptcy Rule 9021-1(b)(3) provides the procedure for parties to object to the form of order. This procedure ensures fairness in the process and allows all parties to provide their input to the bankruptcy judge, who has absolute discretion over all orders he or she enters. With what appeared to be a wholesale rewrite of the Trustee's Proposed Order by the non-prevailing parties, and an extensive "litigation by email" exchange between the Trustee and the Harter Parties, the most rational solution seemed to be the parties' presenting their positions to the Court – which is precisely what counsel for 660 BVD suggested. The egregious assertion that this suggestion somehow sanctionable is wholly without merit.

**C. The Request for Sanctions is Moot**

Ultimately, the procedures provided for under the Local Rules relating to disputed forms of order – procedures suggested by counsel for 660 BVD – were, in fact, followed. The Trustee, as the prevailing party, lodged his proposed order pursuant to Local Bankruptcy Rule 9021-

4

OPPOSITION TO AMENDED MOTION
FOR SANCTIONS

00114-00002/3708065.1

1(b)(1)(A). The Harter Parties, as the non-prevailing parties filed their Form of Order Objection as permitted under Local Bankruptcy Rule 9021-1(b)(3)(B). The Court, considering both, entered its order granting the Cash Collateral Motion on December 5, 2019 [Docket No. 269]. The matter is now fully resolved.

As the Trustee has detailed in his own opposition to the Harter Parties' prior request for sanctions [Docket No. 301], there is no longer any applicable "offending pleading" under Rule 9011 which may be withdrawn at this point. As the Ninth Circuit has held in *Truesdell v. S. Cal. Permanente Medical Group*, "a party may not wait to serve its motion for sanctions until the court has ruled on the offending filing." 293 F.3d 1146, 1152 (9th Cir. 2002). "Allowing a party to wait until judgment is entered before serving a Rule 11 motion would effectively eliminate the safe harbor altogether." *Id.*; *see also, Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998). As such, not only has the Court previously declined to grant the prior identical request for sanctions, but the relief is now effectively moot in light of the Court's entry of its order granting the Cash Collateral Stipulation on December 5, 2019, thereby resolving the dispute over the proposed order.

### III.   AN ATTORNEYS' FEES AWARD UNDER BANKRUPTY RULE 9011(c)(1)(A) IS APPROPRIATE

Despite the multiple prior baseless requests for sanctions of the Harter Parties, 660 BVD has thus far refrained from requesting an award for attorneys' fees under Bankruptcy Rule 9011(c)(1)(A). Restraint, however, has its limitations when 660 BVD is forced to incur attorneys' fees to respond to three substantially identical requests for sanctions. Bankruptcy Rule 9011(c)(1)(A) states, in pertinent part, that "[i]f warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion." Fed. R. Bankr. P. 9011(c)(1)(A); *see also In re Mikkelsen,* No. 16-01489-TLM, 2018 WL 4182448, at *4 (Bankr. D. Idaho Aug. 30, 2018) (finding that objecting party entitled to a reasonable fee award under Bankruptcy Rule 9011(c)(1)(A) as the sanctions motion lacked merit).

As detailed above, the Harter Parties requested imposition of sanctions as part of their Form of Order Objection filed on November 26, 2019, as to which 660 BVD filed an opposition on November 27, 2019. After the Court specifically declined to grant this request for sanctions, the Harter Parties made a substantially identical request for sanctions in their Prior Sanctions Motion filed December 30, 2019, as to which 660 BVD filed their opposition on January 6, 2020. Thereafter, due to the Harter Parties' failure to follow proper procedure to have the matter heard, the Harter Parties filed their Amended Sanctions Motion on January 21, 2020[3] – which, again, necessitated the preparation of this Opposition. Given that the latter two sanctions motions filed by the Harter Parties make a request for sanctions that (i) has already been considered and rejected by the court; (ii) has no basis in law due to the fact that counsel for 660 BVD never filed an applicable pleading; (iii) is moot due to entry of Cash Collateral Order; and (iv) is procedurally improper due to counsel's inability to comply with any "safe harbor" procedure, an award of reasonable attorneys' fees under Bankruptcy Rule 9011(c)(1)(A) is warranted to avoid further prejudice to 660 BVD and to dissuade the Harter Parties from further frivolous requests for sanctions under Bankruptcy Rule 9011.[4]

## IV. CONCLUSION

Based on the foregoing, 660 BVD respectfully requests that the Court (1) deny the latest improper request of the Harter Parties for sanctions against counsel for 660 BVD; (2) award reasonable attorneys' fees to 660 BVD, according to proof; and (3) such other and further relief as is warranted under the circumstances.

DATED: January 28, 2020

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP

By: */s/ Keith Patrick Banner*
BRIAN L. DAVIDOFF
KEITH PATRICK BANNER
Counsel for Secured Creditor 660 BVD LLC

---

[3] It is not clear why the Harter Parties did not simply notice their prior motion for hearing, which would have obviated the need of 660 BVD to file a new opposition to the Amended Sanctions Motion.

[4] To the extent that the Court is inclined to enter an attorneys' fee award for 660 BVD, counsel for 660 BVD will supplement this opposition with a declaration detailing the attorneys' fees incurred in connection with the latter two baseless requests for sanctions.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 1900 Avenue of the Stars, 21st Floor, Los Angeles, CA 90067.

A true and correct copy of the foregoing document entitled (*specify*): **SECURED CREDITOR 660 BVD, LLC'S OPPOSITION TO AMENDED MOTION FOR SANCTIONS FILED BY THE HARTER PARTIES** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) January 28, 2020 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) January 28, 2020 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Via Messenger**
The Honorable Theodor C. Albert
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Ste. 5085
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 28, 2020 | Sherry Harper | /s/ Sherry Harper |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                           **F 9013-3.1.PROOF.SERVICE**
3694741.1

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- Andrew K Alper    aalper@frandzel.com, rsantamaria@frandzel.com
- Dana M Andreoli    dandreoli@steyerlaw.com, sleshin@steyerlaw.com
- Keith Patrick Banner    kbanner@greenbergglusker.com, sharper@greenbergglusker.com;calendar@greenbergglusker.com
- Frank Cadigan    frank.cadigan@usdoj.gov
- Caroline Djang    caroline.djang@bbklaw.com, evelyn.gomez@bbklaw.com;sansanee.wells@bbklaw.com;paul.nordlund@bbklaw.com
- Timothy W Evanston    tevanston@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- Norma V Garcia    ngarciaguillen@garciarainey.com
- Michael J Hauser    michael.hauser@usdoj.gov
- M. Jonathan Hayes    jhayes@rhmfirm.com, roksana@rhmfirm.com;rosario@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com
- D Edward Hays    ehays@marshackhays.com, 8649808420@filings.docketbird.com
- Joshua J Herndon    jherndon@attorneygl.com, pcuevas@attorneygl.com
- Nicholas S Kanter    nkanter@lewitthackman.com
- Andy Kong    Kong.Andy@ArentFox.com
- Tinho Mang    tmang@marshackhays.com, 8444806420@filings.docketbird.com
- Richard A Marshack (TR)    pkraus@marshackhays.com, rmarshack@iq7technology.com
- Robert S Marticello    Rmarticello@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- Eric A Mitnick    MitnickLaw@aol.com, mitnicklaw@gmail.com
- Douglas M Neistat    dneistat@gblawllp.com, mramos@gblawllp.com
- Ernie Zachary Park    ernie.park@bewleylaw.com
- Thomas J Polis    tom@polis-law.com, paralegal@polis-law.com;r59042@notify.bestcase.com
- Jeremy H Rothstein    jrothstein@gblawllp.com, mramos@gblawllp.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Julie J Villalobos    julie@oaktreelaw.com, oakecfmail@gmail.com;villalobosjr51108@notify.bestcase.com
- Larry D Webb    Webblaw@gmail.com, larry@webblaw.onmicrosoft.com
- David Wood    dwood@marshackhays.com, 8649808420@filings.docketbird.com
- Ryan D Zick    rzick@ppplaw.com, kstewart@ppplaw.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**
3694741.1