D. EDWARD HAYS, #162507
ehays@marshackhays.com
TINHO MANG, #322146
tmang@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, California 92620-5749
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Chapter 7 Trustee,
RICHARD A. MARSHACK

**FILED & ENTERED**

**FEB 10 2020**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY deramus  DEPUTY CLERK**

**CHANGES MADE BY COURT**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

In re

ULTIMATE BRANDS, INC.,

    Debtor.

Case No. 8:19-bk-12516-TA

Chapter 7

ORDER GRANTING TRUSTEE'S SALE MOTION AND (1) AUTHORIZING SALE (A) OUTSIDE THE ORDINARY COURSE OF BUSINESS; (B) FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES; (2) DETERMINING THE BUYER AS A GOOD FAITH PURCHASER UNDER 11 U.S.C. § 363(M); AND (3) WAIVING THE 14-DAY STAY OF FRBP 6004

☒ SIGNATURE PAGE ATTACHED

[Motion - Docket No. 247]

<u>Final Sale Hearing</u>
Date:     January 7, 2020
Time:     11:00 a.m.
Ctrm:     5B
Location: United States Bankruptcy Court
          411 West Fourth Street
          Santa Ana, CA 92701-4593

    The motion for order: (1) authorizing sale of substantially all of debtor's assets subject to overbid (A) outside the ordinary course of business; (B) free and clear of liens, claims, and encumbrances; (C) for determination of good faith purchaser under 11 U.S.C. § 363(m); and (D) waiver of the 14-day stay periods set forth in Bankruptcy Rule 6004(h) ("Motion"),[1] filed by

---

[1] All terms not defined in this order are used as they are defined in the Motion.

1

4828-2074-2576, v. 4

RICHARD A. MARSHACK ("Trustee"), solely in his capacity as the chapter 7 trustee of the bankruptcy estate ("Estate") of Ultimate Brands, Inc. ("Debtor"), as the seller ("Seller"), on November 26, 2019, as Docket No. 247, and as modified by the Trustee's supplemental reply filed on December 10, 2019, as Docket No. 272 and the asset purchase agreement ("APA") attached thereto, identifying the Unofficial Committee of Ultimate Brands Franchisees Cooperative Trust as Exhibit "2" thereto ("Buyer") as the buyer. Based on the two notices of sale filed by the Trustee, as Docket Nos. 249 and 276 and the proofs of service attached thereto, the Court finds that adequate notice of the Motion and the sale has been given.

The Court conducted an initial hearing on the Motion on December 17, 2019, and a continued hearing on January 7, 2020, the Honorable Theodor C. Albert, United States Bankruptcy Judge, presiding. Appearances at the hearings were as noted on the record.

After consideration of all of the pleadings, oppositions, replies, declarations, evidentiary objections, stipulations, and supplemental briefing filed in connection with the Motion, for the reasons stated in the Court's tentative ruling on the Motion attached as Exhibit "1" **[see Docket No. 326]** and as stated on the record, the Court has found good cause to approve the Motion and the relief requested therein.

Good cause appearing, IT IS ORDERED that:

1.   The Motion is granted and the Trustee's proposed sale of all assets listed in Schedule A to the APA (the "Purchased Assets") (as defined in the APA) to the Buyer is approved outside the ordinary course of business.

2.   The sale of all right, title, and interest of the Estate in the Purchased Assets is only to the extent of the Debtor's interests in such assets, and shall be "as-is" and "where-is" with all faults and without representation or warranty as to the Purchased Assets except for Trustee's warranty and representation that he has not previously conveyed any of the Purchased Assets.

3.   The APA which is attached to this Order as Exhibit "2" **[See Docket No. 326]** is approved;[2]

---

[2] If any provision of this order conflicts or is inconsistent with the APA, this Order shall control.

2

4828-2074-2576, v. 4

4.      The Cash Payment of $155,000 is property of the Estate and constitutes sale proceeds subject to 660 BVD's lien and this Court's order approving the stipulation between the Trustee and 660 BVD, entered as Docket No. 307;

5.      The Purchased Assets are sold free and clear of all claims, liens, interests, and encumbrances pursuant to 11 U.S.C. § 363(f), including specifically the lien held by 660 BVD;

6.      Except for 660 BVD, no other party has proven the validity, priority, or extent of any other interest in the Purchased Assets for such interest to attach to the proceeds of sale. Specifically, creditors William Harter, Monica Harter, Help the One, Inc., Michael John Patterson and Wheatstrong Enterprises (collectively, "Objecting Creditors") have failed to prove the attachment of any claims, liens, or interests to the assets that are the subject of the instant sale. Having failed to carry their burden of proof under 11 U.S.C. § 363(p)(2), and having raised no oral argument regarding the issue of proof at the sale hearings, no lien, claim, or interest of the Objecting Creditors attaches to the proceeds of the Purchased Assets;

7.      No aspect of this order nor the holding of *Moore v. Bay* regarding the ownership of fraudulent transfer claims shall in any way affect any right of Objecting Creditors to pursue non-Debtor third parties, including to contest non-debtor Ultimate Franchises, Inc.'s alleged pre-petition assignment to the Debtor of its rights and interests (including the right to collect franchise fees) in various franchise agreements. But, as the court observed, these theoretical rights of action do not equate with "interests", "liens" or "encumbrances" upon the assets sold;

8.      The contingent compromise of claims provided in the APA is approved, as detailed in a separate order of this Court;

//

//

//

//

//

//

//

////

9. The Buyer is deemed to have the protections of a good faith purchaser under 11 U.S.C. § 363(m);

10. The 14-day stay on the effectiveness of this order pursuant to Rule 6004(h) of the Federal Rules of Bankruptcy Procedure is waived; and

11. This Court retains jurisdiction: (a) to interpret, enforce, and implement the terms and provisions of this sale; and (b) to resolve any disputes arising under or related to this order.

###

Date: February 10, 2020

*Theodor C. Albert*
Theodor C. Albert
United States Bankruptcy Judge

SIGNATURE PAGE RE: ORDER GRANTING TRUSTEE'S SALE MOTION

**APPROVED AS TO FORM:**

MARSHACK HAYS LLP

By: /s/ Tinho Mang
D. EDWARD HAYS
TINHO MANG
Attorneys for Chapter 7 Trustee,
RICHARD A. MARSHACK

G&B LAW, LLP

By: _____
DOUGLAS M. NEISTAT
JEREMY H. ROTHSTEIN
Attorneys for UNOFFICIAL
COMMITTEE OF FRANCHISEES

G&B LAW, LLP

By: _____
DOUGLAS M. NEISTAT
JEREMY H. ROTHSTEIN
Attorneys for UNOFFICIAL
COMMITTEE OF ULTIMATE BRANDS
FRANCHISEES COOPERATIVE TRUST

GREENBERG GLUSKER FIELDS CLAMAN &
MACHTINGER LLP

By:_____
BRIAN L. DAVIDOFF
KEITH PATRICK BANNER
Counsel for Secured Creditor
660 BVD, LLC

GLOBAL LEGAL LAW FIRM

By: _not approved, objection to follow_
JOSHUA J. HERNDON
R. MICHAEL GHILEZAN
Attorneys for Creditors
WILLIAM HARTER, MONICA HARTER and
HELP THE ONE, INC.

LAW OFFICE OF ERIC ALAN MITNICK

By: _not approved, objection to follow_
ERIC ALAN MITNICK
Attorneys for Creditors,
JOHN PATTERSON and
WHEATSTRONG ENTERPRISES

4

4828-2074-2576, v. 4